**UNITED STATES DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5364

April 22, 2008



Address:
U.S. District Court
Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, CA 92101-8900

RE: CV 07-06379 JW Stephen -v- R. Hernandez

'08 CV 0789 BTM LSP

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

☒    Certified copy of docket entries.

☒    Certified copy of Transferral Order.

☒    Original case file documents.

☒    Please access the electronic case file for additional pleadings you may need. See the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by:
Case Systems Administrator

Enclosures
Copies to counsel of record

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.

Date Filed: 4/10/08

RICHARD W. WIEKING, Clerk

By: _____, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMIE EARL STEPHEN, | ) | No. C 07-06379 JW (PR) |
| Plaintiff, | ) | |
| | ) | ORDER OF TRANSFER |
| vs. | ) | |
| R. HERNANDEZ, et al., | ) | |
| Defendant(s). | ) | |
| | ) | (Docket Nos. 2, 5, 9, 11 & 13) |

        Plaintiff, an inmate currently incarcerated at the California Men's Colony

("CMC") State Prison in San Luis Obispo, filed a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983, alleging that prison officials at R. J. Donovan

Correctional Facility at Rock Mountain ("RJD") in San Diego, California, violated

his constitutional rights under the First, Fifth and Fourteenth Amendments in the

processing of various inmate appeals which plaintiff filed while housed at RJD.

        Venue may be raised by the court sua sponte where the defendant has not

filed a responsive pleading and the time for doing so has not run.  See Costlow v.

Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  When jurisdiction is not founded

solely on diversity, venue is proper in (1) the district in which any defendant resides,

if all of the defendants reside in the same state; (2) the district in which a substantial

Order of Transfer
G:\PRO-SE\SJ.JW\CR.07\Stephen06379_transfer.wpd

1  part of the events or omissions giving rise to the claim occurred, or a substantial part

2  of the property that is the subject of the action is situated; or (3) a judicial district in

3  which any defendant may be found, if there is no district in which the action may

4  otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the

5  district court has the discretion to either dismiss the case or transfer it "in the interest

6  of justice." See 28 U.S.C. § 1406(a).

7        It is clear from the instant complaint and the attachments thereto that a

8  substantial part of the events or omissions giving rise to plaintiff's claims arise out

9  of actions alleged to have been committed at RJD by RJD officials. RJD is located

10  in San Diego, California. San Diego is located within the venue of the Southern

11  District of California. See 28 U.S.C. § 84(d). As a result, venue is proper in the

12  Southern District of California, not in the Northern District.

13        Accordingly, in the interest of justice, the above-titled action is hereby

14  TRANSFERRED to the United States District Court for the Southern District of

15  California. In light of the transfer, this Court will defer to the Southern District with

16  respect to plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2),

17  motion "to proceed by order as to imminent danger exception," (Docket No. 9), and

18  motion to appoint counsel (Docket No. 13). Accordingly, the clerk shall terminate

19  as moot Docket Nos. 2, 9 and 13 from this Court's docket.

20        For the reasons stated above, plaintiff's motions regarding venue (Docket

21  Nos. 5 & 11) are DENIED to the extent he is requesting this Court to retain

22  jurisdiction in this matter despite it being the improper venue.

23        The clerk shall transfer this matter and close the file.

24

25  DATED: _____April 7, 2008_____

26                                        JAMES WARE
                                          United States District Judge

27

28

Order of Transfer
G:\PRO-SE\SJ.JW\CR.07\Stephen06379_transfer.wpd          2

*United States District Court*
*For the Northern District of California*

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JIMMIE STEPHEN,

               Plaintiff,

   v.

R. HERNANDEZ, et al.,

             Defendants.
_____/

Case Number: CV07-06379 JW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____4/10/2008_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jimmie Earl Stephen C56483
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409-8101


Dated: _____4/10/2008_____

                       Richard W. Wieking, Clerk

             /s/  By: Elizabeth Garcia, Deputy Clerk

CLOSED, E-Filing, ProSe, TRANSF

# U.S. District Court
## California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:07-cv-06379-JW
#### Internal Use Only

Stephen v. Hernandez et al
Assigned to: Hon. James Ware
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 12/17/2007
Date Terminated: 04/10/2008
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Jimmie Earl Stephen**

represented by **Jimmie Earl Stephen**
C56483
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409-8101
PRO SE

V.

**Defendant**

**R. Hernandez**

**Defendant**

**A. Cota**

**Defendant**

**Sgt. Clarke**



**Defendant**

**E. A. Contreras**

**Defendant**

**Sgt. Woodford**

**Defendant**

**Sgt. Munoz**

**Defendant**

## N. Grannis

| Date Filed | # | Docket Text |
|------------|-----|-------------|
| 12/17/2007 | ❶1 | COMPLAINT against R. Hernandez, A. Cota, Clarke, E. A. Contreras, Woodford, Munoz, N. Grannis. Filed byJimmie Earl Stephen. (cv, COURT STAFF) (Filed on 12/17/2007) (Additional attachment(s) added on 12/21/2007: # 1 pro se envelope) (cv, COURT STAFF). (Entered: 12/21/2007) |
| 12/17/2007 | ❶2 | MOTION for Leave to Proceed in forma pauperis;prisoner authorization; inmate request for certified statement of trust account; inmate trust accounting statement. filed by Jimmie Earl Stephen. (cv, COURT STAFF) (Filed on 12/17/2007) (Entered: 12/21/2007) |
| 12/17/2007 | ❶3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (cv, COURT STAFF) (Filed on 12/17/2007) (Entered: 12/21/2007) |
| 12/21/2007 | ❶ | (Court only) ***Set/Clear Flags (cv, COURT STAFF) (Filed on 12/21/2007) (Entered: 12/21/2007) |
| 12/31/2007 | ❶8 | Prisoner Trust Fund Account Statement by Jimmie Earl Stephen. (Attachments: # 1 pro se prisoner envelope)(cv, COURT STAFF) (Filed on 12/31/2007) (Entered: 01/29/2008) |
| 01/02/2008 | ❶4 | Supplement Imminent Danger, Exception for Informa Pauperis by Jimmie Earl Stephen (bw, COURT STAFF) (Filed on 1/2/2008) (Entered: 01/07/2008) |
| 01/02/2008 | ❶5 | MOTION to Transfer Case Venue in the Interest of Justice filed by Jimmie Earl Stephen. (bw, COURT STAFF) (Filed on 1/2/2008) (Entered: 01/07/2008) |
| 01/02/2008 | ❶7 | Prisoner Trust Fund Account Statement by Jimmie Earl Stephen. (bw, COURT STAFF) (Filed on 1/2/2008) (Entered: 01/07/2008) |
| 01/03/2008 | ❶6 | Supplement Correction to Motion to Stay Transfer Venue if Applicable by Jimmie Earl Stephen (bw, COURT STAFF) (Filed on 1/3/2008) (Entered: 01/07/2008) |
| 01/29/2008 | ❶9 | SECOND MOTION to proceed by order as to imminent danger filed by Jimmie Earl Stephen. (cv, COURT STAFF) (Filed on 1/29/2008) (Entered: 02/06/2008) |
| 02/08/2008 | ❶10 | Letter from Jimmie Stephen enclosing inmate trust account statement. (Attachments: # 1 pro se prisoner envelope)(cv, COURT STAFF) (Filed on 2/8/2008) (Entered: 02/12/2008) |
| 02/19/2008 | ❶11 | MOTION to Stay Transfer of Venue filed by Jimmie Earl Stephen. (cv, COURT STAFF) (Filed on 2/19/2008) (Entered: 02/22/2008) |

| 03/12/2008 | ⊕12 | Letter from Jimmie Stephen re: status of case. (Attachments: # 1 pro se prisoner envelope)(cv, COURT STAFF) (Filed on 3/12/2008) (Entered: 03/20/2008) |
|------------|-----|---------------------------------------------------------------------------------------|
| 03/13/2008 | ⊕13 | MOTION to Appoint Counsel filed by Jimmie Earl Stephen. (Attachments: # 1 pro se prisoner envelope)(cv, COURT STAFF) (Filed on 3/13/2008) (Entered: 03/20/2008) |
| 03/21/2008 | ⊕14 | PLAINTIFF'S REQUEST to Supplement Complaint re 1 Complaint, by Jimmie Earl Stephen. (srm, COURT STAFF) (Filed on 3/21/2008) (Entered: 03/25/2008) |
| 03/28/2008 | ⊕15 | Suppressed Documents filed by Jimmie Stephen re 14 Request. (srm, COURT STAFF) (Filed on 3/28/2008) (Entered: 04/01/2008) |
| 03/28/2008 | ⊕17 | Letter from Jimmie Stephen dated 3/24/08 requesting copy of docket sheets, and status of each case, and ruling date of each case C08-744 JW, C08-957 JW. (Attachments: # 1 pro se prisoner envelope)(cv, COURT STAFF) (Filed on 3/28/2008) (Entered: 04/02/2008) |
| 03/31/2008 | ⊕16 | Letter by Jimmie Earl Stephen. (srm, COURT STAFF) (Filed on 3/31/2008) (Entered: 04/01/2008) |
| 04/02/2008 | ⊕ | Remark -clerk mailed copy of docket sheet to plaintiff. (cv, COURT STAFF) (Filed on 4/2/2008) (Entered: 04/02/2008) |
| 04/10/2008 | ⊕18 | ORDER of Transfer to the Southern District of California re denying 5 Motion to Transfer Case; finding as moot 9 Motion TRANSFER; denying 11 Motion to Stay; finding as moot 13 Motion to Appoint Counsel ; finding as moot 2 Motion for Leave to Proceed in forma pauperis. The Clerk shall transfer this matter and close the file. Signed by Judge James Ware on 4/7/2008. (ecg, COURT STAFF) (Filed on 4/10/2008) (Entered: 04/10/2008) |
| 04/10/2008 | ⊕ | (Court only) ***Civil Case Terminated. (ecg, COURT STAFF) (Filed on 4/10/2008) (Entered: 04/10/2008) |
| 04/22/2008 | ⊕19 | CLERK'S NOTICE re: Certified copy of docket sheet, Certified copy of Transferral Order and the Original case file mailed to U. S. District Court, Southern District of California. (cv, COURT STAFF) (Filed on 4/22/2008) (Entered: 04/22/2008) |

JIMMIE STEPHEN
_____
(Name)

P.O. BOX 8101
_____
(Address)

San Luis Obispo California
_____
(City, State, Zip) 93409-8101   E-filing

C#56483
_____
(CDC Inmate No.)

FILED
DEC 1 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

"IMMINANT DANGER"
"EXCEPTION"

# United States District Court
Northern **District of California**

(1) JIMMIE "STEPHEN"
(2) M. "BELTON" (VICTIM) (CONSENT NECESSARY) )
_____
(Enter full name of plaintiff in this action.)

                              Plaintiff,

         v.

(1) "WARDEN R. HERNANDEZ" ,
(2) A. "COTA"     (5) SGT. "CLARKE"
(3) E.A. "CONTRERAS"  (6) DIR. "WOODFORD"
(4) SGT. "MUNOZ"  (7) N. "GRANNIS"
_____
(Enter full name of each defendant in this action.)

                              Defendant(s).

"JURISDICTION"
ISSUE-N

Civil Case No.
(To be supplied by Court Clerk)

CV 07 6379
JW (PR)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

18 USC 242.
_____

## B. Parties

1. **Plaintiff**: This complaint alleges that the civil rights of Plaintiff, **JIMMIE STEPHEN**
                                                            (print Plaintiff's name)

C#56483 , who presently resides at San Luis Obispo
                                                            (mailing address or place of confinement)

P.O. Box 8101 - San Luis Obispo, California 93409-8101 , were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at R.J. DONOVAN

(SAME)                    on (dates) 5-26-04 , 10-25-04 , and 3-29-07
_____
(institution/place where violation occurred)          (Count 1)      (Count 2)      (Count 3)

1

2. **Defendants:** (Attach same information on additional pages if you are naming more than 4 defendants.)

(1) Defendant __R. HERNANDEZ__ resides in __.SAN DIEGO__,
              (name)                              (County of residence)
and is employed as a __WARDEN__. This defendant is sued in
                    (defendant's position/title (if any))
his/her ⊠individual ☐official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: __BY "STATE OFFICIALS" "UNDER COLOR OF AUTHORITY"__
__WHOM HAS CONTROL,DIRECTION, SUPERVISION, OF ALL RULES, REGULATIONS__
__POLICIES, AT RJ DONOVAN..__

(2) Defendant __A. COTA__ resides in __SAN DIEGO__,
              (name)                        (County of residence)
and is employed as a __APPEALS LITIGATION COORDINATOR__This defendant is sued in
                    (defendant's position/title (if any))
his/her ⊠individual ☐official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: __AS A "STATE OFFICIAL" RESPONSIBLE FOR "TIMELY APPEALS"__
__"GRIEVANCES" WHEN SUBMITTED FOR PROCESSING..UNDER DIRECTIONS CONTROL__
__OF HERNANDEZ AND WOODFORD..CONTRERAS AS PROGRAM SUPERVISOR WARDEN,.__

(3) Defendant __E.A. CONTRERAS__ resides in __SACTAMEento__,
              (name)                              (County of residence)
and is employed as a __ASST WARDEN__. This defendant is sued in
                    (defendant's position/title (if any))
his/her ⊠individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: __UNDER "STATE LAWS" AS "PROGRAM DIRECTOR WARDEN" WHOM__
__IS RESPONSIBLE FOR "ORDERS" OF "HERNANDEZ""WOODFORD" AT RJ DONOVAN__
__AND PROGRAM AS TO "COTA" AND TIMELY APPEALS GRIEVANCES..__

(4) Defendant __SGT MUNOZ__ resides in __NSA__,
              (name)                        (County of residence)
and is employed as a __APPEALS COORDINATOR__. This defendant is sued in
                    (defendant's position/title (if any))
his/her ⊠individual ☐official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: __AS "STATE OFFICIAL" UNDER STATE LAW RESPONSIBLE FOR__
__TIMELY ACCESS TO COURT BY APPEALS..ECT..__

(5) DEFENDANT SGT. CLARKE                    RESIDES..SAN DIEGO.
IN HIS "INDIVIDUAL AND OFFICIAL" CAPACITY..
EMPLOYED AS "SECURITY SQUAD""SGT..
UNDER COLOR OF LAW..RESPONSIBLE FOR PLAINTIFF SAFETY AND SECURITY
AND RIGHTS UNDER THE LAWS..

(6) DEFENDANT DIR. WOODFORD..           RESIDES IN SACRAMENTO CALIF..
EMPLOYED AS "DIRECTOR OF CORRECTIONS..
IN HER INDIVIDUAL AND OFFICIAL CAPACITY..
UNDER COLOR OF STATE LAWS..ESPONSIBLE FOR ANY AND ALL POLICIES OF
DEPT OF CORRECTIONS UNDER HERNANDEZ AND CONTRERAS..

(7) defendant N. "GRANNIS". resides in Sacromento California
Employed as Appeals coord. Director of Corrections.
In his individual and official capacity. responsible for "appeals" ect

"POINTS AND AUTHORTIES"

PAGE #

1.."NGO V WOODFORD" 126 SCT 2378..(2006)..                    1..

2.."LIRA V HERRERA" 427 F3D 1164..(9TH 2005)..                1..

3.."SCHROEDER V MCDONALD" 55 F3D 454..(9TH 1995)..            2..

4.."RHOADES V ROBINSON" 380 F3D 1123..(9TH 2004)..            2..

5.."BOUNDS V SMITH" 430 U.S. 817..(1976)..                    2..

6.."WASHINGTON V LEE" 390 U.S. 333..(1968)..                  3..

"OTHER"

"TITLE 15 ART."3084-1-7".."3160"..

"CONSTITUTION"

IST,5TH,& 14TH..U.S. CONSTITUTION..

III.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated: **"RIGHT TO FILE GRIEVANCE"..**
(E.g., right to medical care, access to courts,

**"RIGHT TO COMPLETIION OF GRIEVANCE ONCE FILED"..1ST 5TH & 14TH..**
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
**"WILLFUL""MALICIOUS"..**
etc.) **"ACCESS TO COURT".. "DUE PROCESS".. "FREE SPEECH"..**

<u>Supporting Facts</u>: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 1.]

(1) ON 10-25-04 PLAINTIFF STEPHEN WAS "RETALIATED" BY DEFENDANT "MUNOZ" INWHICH HE FORWARDED PLAINTIFF "GRIEVANCE" TO SECURITY SQUAD "SGT CLARKE"..AGAINST THE "FAMIALITY" POLICY UNDER "3400" "3401"..INWHICH ACTS AS A "CODE OF SILENCE".. OF 5-26-04.WILLFULLY

(2) PLAINTIFF WAS TOLD BY "SGT CLARKE" TO "GIVE NAME" OF THE ALLEGED "VICTIM" THAT PLAINTIFF HAD WROTE ABOUT ON THE ALLEGED "APPEAL" WILLFUL..AS "CLARKE" KNEW PLAINTIFF HAD BEEN IN SAME OFFICE ON 5-17-04 FOR THE ALLEGED "FAMILIATY" AGAINST "MISS BELTON".. WHEN PLAINTIFF REFUSED TO GIVE "NAME" CLARKE" DID WILLFULLY DID "THREATEN" PLAINTIFF WITH "SEGREGATION" IF NAME WASNT TOLD..

(3) DEFENDANTS "COTA" AND "MUNOZ" AS "APPEALS COORDINATORS" DID MALICIOUSLY "REFUSE" TO "LOG" "APPEALS HERE AT R.J. DONOVAN AS A "PRACTICE""CUSTOM""POLICY"..UNDER DIRECTIONS OF "HERNANDEZ"..AIDED BY "CONTRERAS" AS "PROGRAM WARDEN"..AS "DIRECTOR WOODFORD" IS "RES-PONSIBLE" FOR COMPLETE COMPLIANCE WITH "RULES""REGULATIONS" AS WAS DENIED, DEPRIVED BY PLAINTIFF..SINCE 5-26-04"ONGOING". "WILLFULLY".

(4) AS PLAINTIFF LAWSUIT WAS "DISMISSED" FOR "NON COMPLIANCE" WITH THE "EXHAUSTION OF REMEDIES"..BY "COTA" AND "MUNOZ"..INWHICH WAS "FILED" 12-13-04 AND "DISMISSED" 8-19-05..ALMOST "2" YEARS "WITHOUT ""EXHAUSTION OF REMEDIES" UNDER "HERNANDEZ"..AS THE APPEALS OFFICE IN SACRAMENTO UNDER "GRANNIS" UNDER "DIRECTIONS" OF "WOODFORD" REFUSED TO "INTERVENE".."ACCESS TO COURT DENIED, HINDERED"..AS WELL AS "1ST AMENDMENT RIGHTS TO "FREE SPEECH".. As Well As 3-29-07. et.

AS "ACTS BE DEFENDANTS WERE "WILLFUL"MALICIOUS" As at 12-11-07.

PLAINTIFF JIMMIE STEPHEN. STATE A complaint he prepared was dismissed," and he was "so stymied" by Defendants' actions or grievance processing that "he was unable to ever file a complaint," direct appeal or petition for writ of habeas corpus. *Lewis,* 518 U.S. at 351

*Christopher,* 536 U.S. at 416 [ Plaintiff Stephen Spent 75 Days iN SegregatioN at 8-9-05 Found "Not Guilty" oN appeal.. he acts agaiNst As at 12-11-07..

<u>Count 2</u>: The following civil right has been violated: "RIGHTS TO DUE PROCESS" IN

(E.g., right to medical care, access to courts,

THE "GRIEVANCE PROCESS".."ACCESS TO COURT"..IST, 5TH, & 14TH.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,

"WILLFUL""MALICIOUS".

etc.)   "TIMELY ACCESS".. "FREE SPEECH"..        "RETALIATION"..

<u>Supporting Facts</u>: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

(5)  PLAINTIFF "RIGHTS TO GRIEVANCES WERE "DENIED"DEPRIVED" WITH

MALICE AFORETHOUGHT BY DEFENDANTS "COTA" AND "MUNOZ" BY FAILING

TO "ALLOW DUE PROCESS" ON SUBMITTED "GRIEVANCES" WHEN SUBMITTED

FROM 5-26-04..UNDER "DIRECTIONS""CONTROL OF "HERNANDEZ" "AIDED" *al 3-29-07*

BY "WOODFORD" WHEN "CONTACTED" BY LETTER IN SACRAMENTO.

(A)  "GRIEVANCE" AS TO "2933" P.C. CREDITS FROM 6-6-89 TO 8-16-97..

AS PLAINTIFF "DID NOT" "REFUSE TO "WORK" FOR "CREDITS".. FOR

A "TOTAL OF  8 YEARS" "WORTH OF DUE CREDITS" "OFF SENTENCE"..

OF "18" YEARS UNDER THE "DETERMINATE SENTENCE LAW"..OF 5-26-04..

(B)  "GRIEVANCE" AS TO "MONTHLY "TRUST STATEMENTS" AND RIGHTS TO

KNOW HOW MUCH "MONIES" IS TAKEN BY "MANDATORY""RESTITUTION"

IS DENIED FROM 9-16-03 "ONGOING"..SINCE 6-10-04.. *α 3-29-07*

"GRIEVANCE" AS TO THE "CONFISCATION" OF "ANY AND ALL MONIES"

FROM 6-10-04 FOR "ACCESS TO COURT" AND "HYGIENE" BASED UPON

LAWS FORBIDDING CONFISCATION OF MONIES UNDER $46.00 DOLLARS..

"GRIEVANCE" AS TO "ONGOING INTEREST" ON "MONIES HELD BY THE

"TRUST OFFICE" IN "ACCOUNTS" ECT.. SINCE 9-16-03.. AND 6-10-04..

C.  "GRIEVANCE" FROM 9-16-03 FOR "TIMELY ACCESS TO OPTOMETRIST"

FOR "STRONGER""PRESCRIPTION EYEGLASSES".."WITH INJURIES"..

D.  "FAMIALITY" POLICY UNDER "3400" "3401" INWHICH ACTS AS A "WILLFUL"

"CODE OF SILENCE"..

"DEFENDANT CONTRERAS" IS RESPONSIBLE FOR ANY AND ALL

"PROGRAMS""MOVEMENT" AT RJ DONOVAN BY AUTHROITY OF HERNANDEZ

WHOM UNDER CONTROL OF "DIRECTOR WOODFORD" CONTROLS ALL DAY TO

DAY POLICIES,CUSTOMS PRACTICES..INCLUDING "APPEALS""GRIEVANCES"

UNDER "IST AMENDMENT" AND "ACCESS TO COURT""DUE PROCESS" ECT..

"ACTS BY DEFENDANTS SERVED NO PENELOGICAL PURPOSE" *LSA ΣJ  3-29-07*

Plaintiff *SJCOHEN) al 12-11-07*

inability to meet a filing deadline or to present a claim."

dismissed *AS "ABUSE of DISCRETION" ECT..*

*ONGOING..*

A 1083 SD Form

Count 3: The following civil right has been violated: "RETALIATION""DUE PROCESS"..

(E.g., right to medical care, access to courts,

"VICTIMS RIGHTS".."ACCESS TO COURT" ECT..IST 5TH  & 14TH..

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,

etc.)  "ACTS BY DEFENDANTS WERE "WILLFUL""MALICIOUS"..."ILLEGAL FIRING"..

"EQUAL PROTECTION OF THE LAW".."UNLAWFUL INVESTIGATION"..

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

(6)    PLAINTIFF "BELTON" WAS "RETALIATED" BY "DEFENDANTS "CLARKE "WILLFUL"

OF "INCIDENCE OF 10-25-04" INWHICH "MISS BELTON" "WAS" AND "IS"

AN "INNOCENT VICTIM" IN THIS MATTER BASED UPON AN "ALLEGED LETTER"

OF 5-17-04.."ALLEGED WRITTEN BY PLAINTIFF STEPHEN"..AS "VICTIM"

"BELTON" HAS "SUFFERED INJURIES OF LOSS OF EMPLOYMENT" ECT..UNDER

"DIRECT""AUTHORITY OF "HERNANDEZ"..AS AFTER "INCIDENCE" OF 5-17-04

DEFENDANTS "ORDERED" PLAINTIFF "NOT TO TALK WITH MISS BELTON" BUT

EVERYWHERE PLAINTIFF WENT "MISS BELTON" WAS THERE"WILLFUL""MALICIOUS".

(7)    ON 8-27-04 PLAINTIFF "WROTE" AN "APPEAL AGAINST THE POLICY"

AS TO "FAMIALITY" UNDER "3400""3401" AND "MISS BELTON" WAS MOVED

MYSTERIOUSLY "10" DAYS LATER..EVEN THOUGH HER NAME WAS "NOT" ON

THE AFOREMENTIONED "APPEAL"..BUT ON 10-25-04 "DEFENDANT CLARKE"

MALICIOUSLY QUESTIONED PLAINTIFF ABOUT THIS APPEAL OF 8-27-04..

AND REQUESTED "NAME OF PERSON PLAINTIFF FAMILIAR" WITH..EVEN

THOUGH "WRITTEN REPORT" OF 5-17-04 "EXISTED..AS APPEAL WAS SENT

TO "CLARKE" BY "MUNOZ".. AND FURTHER "RETALIATED" TO "BELTON"..

"PLAINTIFF VICTIM BELTON" "RELOCATED TO "NEW YORK"..AS A

"DEFENDANT" ""CONSPIRING ON PLAINTIFF STEPHEN" OR A "PLAINTIFF"

"NOT KNOWING" OF "INVESTIGATION""CONSPIRACY" BY "CLARKE". A 3-1-06.

AS PLAINTIFF STATES THE "FAMIALITY" POLICY ACTS AS A "CODE"

OF "SILENCE"..INWHICH HAS LED TO THE "MURDER" OF OVER "70" OR

MORE PRISONERS SINCE 1985..AS THE POLICY CUSTOM OF "WOODFORD" AS

WELL AS "HERNANDEZ" IS "KILL A PRISONER AND GET PROMOTED" BUT TO

"KISS A GUARD AND YOU ARE GUARANTEED TO GET FIRED" Wrongfully

ON 8-9-05 PLAINTIFF STEPHEN WAS "ACCUSED" OF "FAMIALITY"UPON

"MISS BELTON" AGAIN AND SPENT "75" DAYS IN "SEGREGATION" AS CASE

WAS "DISMISSED"..BUT "BELTON""RETALIATED" AGAINST AGAIN" AS WELL

AS "LOST OF EMPLOYMENT" AT "RJ DONOVAN".. BY "CLARKE". A 3-1-06.

defendant "acted in a discriminatory manner and that the discrimination was intentional."

R of 12-11-07 oral ora.

1 1983 SD Form
(Rev. 2/05)

6.

ARNOLD SCHWARZENEGGER, *Governor*

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONS AGENCY

**DEPARTMENT OF CORRECTIONS**
**RICHARD J. DONOVAN CORRECTIONAL FACILITY**
P.O. Box 799006
San Diego, CA 92179-9006

0163

April 25, 2005

Mr. Jimmie Stephen
C-56483
F3-13-105U

Dear Mr. Stephen:

I am in receipt of four Inmate/Parolee Appeals (CDC forms 602) as listed below:

- May 26, 2004, requesting half-time credits be applied retroactively to 1989;
- June 4, 2004, requesting family visits, adult magazines, etc.;
- June 10 , 2004, regarding Inmate Trust Account Statements;
- August 27, 2004, requesting to see an Optometrist.

Your documentation has been forwarded to the Appeals Coordinator for review.  As you are aware, an inmate under the jurisdiction of the California Department of Corrections (CDC) who feels that any departmental decision, action, condition, or policy which they can demonstrate has an adverse effect upon their welfare may submit an Inmate/Parolee Appeal (CDC form 602) seeking relief from the adverse condition.   The CDC has a procedure established by law to process the request for grievance up to the Director's level of review.

If you have any questions or need additional information, please contact the Appeals Office via institutional mail.

Sincerely,

ROBERT J. HERNANDEZ
Warden

cc:     A. Cota, Appeals Coordinator

7.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region      Log No.                Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C#56483 | LAUNDRY | 13-113 UP |

A. Describe Problem: ON 10-25-04 I WAS DUCATED TO "SECURITY SQUAD" OFFICE. LOCATED IN "VISITING ROOM" AREA TO SEE A SGT. "CLARK"..UPON TALKING WITH MR. CLARK VIA, "TAPE RECORDER" I LEARNED SGT."MUNOZ" THE APPEALS COORDINAOR" HERE AT R.J. DONOVAN CORR. FAC..HAD SENT MY "APPEAL""602" TO THE "SECURITY SQUAD" BECAUSE I DID "NOT" GIVE THE "NAME" OF A PERSON WHOM I WAS ACCUSED OF BEING "FAMILIARITY" WITH..THIS CHARGE HAD BEEN DISCUSSED WITH THE APPROPIATE SGT. AND CAPTAIN..THERE WAS "NO" NEED TO GIVE THIS NAME TO THEM..BUT SGT. "CLARK" DEMANDED THIS NAME AND WAS TOLD I WOULD BE "SEGREGATED" FOR "SAFETY AND SEC-URITY" SO I REPLIED..

If you need more space, attach one additional sheet. "PRATT V ROWLAND" 65 F3D 402..9TH(1995)..

B. Action Requested: THAT SGT "MUNOZ" BE "REPRAMANDED" "LOSS OF PAY FOR A MONTH" REMOVED AS "APPEALS COORDINATOR" ECT..THAT PETITIONER BE "COMPENSATED" FOR DENIAL OF "ACCESS TO COURT" BY APPEAL..WHEN "NO" LOG # GIVEN ECT.. THAT "RETALIATION" CEASE FORTHWITH..

Inmate/Parolee Signature: _Jimmie Stephen_      Date Submitted: 10-27-04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____      Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed      CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

8,



DIRECTOR OF CORRECTIONS
P.O. BOX 942883
SACRAMENTO CALIFORNIA..
                   94283-0001


    DEAR SIR:

SENDING A COPY OF MY "INMATE APPEAL" AT R.J. DONOVAN CORR. FAC.

WE HAVE A NEW "APPEALS COORDINATOR" A SGT. "MUNOZ" WHOM TOOK THE

DUTIES OF THE LAST ONE A MR."COTA"..AS HE WAS PURPOSELY DEPRIVING

PRISONERS HERE, OF "ACCESS TO COURT" BY "NOT" ANSWERING "602"

APPEALS..NOW "SGT "MUNOZ" IS DOING THE SAME THANG PURPOSELY..

AND WITH MALICE AFORETHOUGHT..

    TODAY IS THE 26TH OF OCTOBER 2004..THE MAIL WILL GO OUT ON

THE 27TH AND I AM FORWARDING THE APPEALS COORDINATOR MR"MUNOZ"

A COPY OF THIS 602 APPEAL AS WELL AS THIS OFFICE OF "INMATE APPEALS"

AT SACRAMENTO..AT ADDRESS ABOVE..

    MY PROBLEM IS MR "MUNOZ" REFUSES TO LOG MY APPEALS BUT YET

HE SENT IT TO THE "Y.SECURITY SQUAD"..THEREBY DENYING ALL PROTECTION

TO APPEAL OR THE COURT PROCESS TO REMEDY ANY QUESTIONS ECT..MY

ACCESS TO COURT IS BEING HINDERED, DENIED..SO MY ONLY REMEDY IS

TO ALLOW THIS OFFICE TO SEE THE INJUSTICE, AND SEE IF THIS OFFICE

IS A PART OF THE PROBLEM OR THE SOLUTION..

    I SHALL SEEK RELIEF IN THE COURTS IF MY RIGHTS ARE NOT DENIED

AS WELL AS DEPRIVED BY THSES ACTIONS OF ACCESS..BY "EXHAUSTION" OF

REMEDIES ECT..

                                        JIMMIE STEPHEN C#56483
                                        480  ALTA ROAD
                                        SAN DIEGO CALIFORNIA..
                                                    92179..

                           9,

EMERGENCY APPEAL

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1. | | |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C# 56483 | LAUNDRY | 13-105U |

A. Describe Problem: ACCORDING TO PRACTICE, CUSTOM, POLICY HERE AT R.J. DONOVAN OF 5-26-04 UNDER WARDEN HERNANDEZ, CONTRERAS, ALLOWS PRISONERS UNDER P.C. "2933" "PRIORITY" TO JOBS ECT..SHOWING A NEED TO ALLOW THESE PRISONERS ACCESS TO EARLY RELEASE DATES ECT..PLAINTIFF STATES THIS IS DISCRIMATORY, AND DENIAL OF EQUAL PROTECTION OF LAW..AS PLAINTIFF "2933"P.C. CREDITS DIDNT START UNTIL 1997..WHEN ARRESTED IN 1989..PREJUDICE IS PRESUMED.. LAW SHOULD HAVE BEEN APPLIED "RETROACTIVE"..DUE PROCESS..

If you need more space, attach one additional sheet.

B. Action Requested: "GRANTING" ½ TIME CREDITS SINCE 1989 OR DATE ENTERESD PRISON 1991. AND REQUESTING "4" YEARS WORTH OF CREDITS BE ADDED TO PLAINTIFFS CREDITS FOR EARLY BOARD APPEARANCE ECT..

         "DAMAGES" ECT..

Date Submitted: 5-26-04

Inmate/Parolee Signature: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Date Returned to Inmate: _____

Staff Signature: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Date Submitted: _____

CDC Appeal Number:

Signature: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

EMERGENCY APPEAL

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C#56483 | LAUNDRY | 13-105U |

A. Describe Problem: THE POLICY OF FAMILIALITY UNDER TITLE 15 ART 3400..INWHICH HAS "INTERFERRED" WITH THE "REHABILITATION" OF PLAINTIFF WHEN CONFIDING WITH COUNSELORS, EMPLOYEES, OTHERS..AS IT IS USED AS A TOOL UNDER THE "CODE OF SILENCE" ECT..PLACES A WALL BETWEEN "REHABILITATION" AND "HATE" FOR THE "AUTHORITY" FIGURES..HERE AT DONOVAN AND DEPT OF CORR..AS "FIRING" IS THE OUTCOME WHOM DEFY THIS RULE UNDER 3400..INWHICH IS DISCRIMATORY, AND DENIES EQUAL PROTECTION OF LAW..AS WELL AS VIOLATES P.C. 2600..THE SAME RULES APPLY WHEN A PRISONER, PLAINTIFF PAROLES AS A FREE CITIZEN..PLAINTIFF ACCUSED OF

If you need more space, attach one additional sheet.
FAMILIALITY HERE AT R.J. DONOVAN BUT NOT WRITTENUP..

B. Action Requested: "FAMILY VISITS" TO PLAINTIFF, PRISONERS,RETURN OF ANY AND ALL "ADULT MAGAZINES""ADULT PHOTOS" ECT AS TO THE OPPOSITE SEX BY HUMANS BEING INCARCERATED FOR YEARS.."WITHOUT" ACCESS..TO NATURAL FUNCTIONS..AS THIS ACTIONS BREEDS "HOMOSEXUALITY" ECT.."DAMAGES"..

Date Submitted: 6-4-04

Inmate/Parolee Signature: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Date Returned to Inmate: _____

Staff Signature: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____                          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

11.

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.          Category

1. _____          1. _____          _____

2. _____          2. _____          _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| JIMMIE STEPHEN | C#56483 | LAUNDRY | 13-105U |

A. Describe Problem: "TRUST STATEMENTS" ARE GIVEN APPROXIMATELY EVERY 4 MONTHS AND ARE NOT ACCURATE WHEN GIVEN..AS PREJUDICE IS PRESUMED AS DEPT. OF CORR. CONFISCATE "MONIES""DAILY FROM PRISONERS, PLAINTIFF..FOR "RESTITUTION" "LEGAL""POSTAGE""COPIES" ECT..AS ACCESS TO AMOUNT OF MONIES ON ACCOUNT, OR AMOUNT OF MONIES TO SPEND IN CANTEEN, OR SPECIAL IS DENIED, BY THE ACTS MENTIONED IN THIS APPEAL..UNDER TITLE 15 "3097"..

If you need more space, attach one additional sheet.

B. Action Requested: "MONTHLY TRUST STATEMENTS" BE ISSUED HERE AT R.J. DONOVAN..AS THIS IS A DISCRIMATORY,DUE PROCESS DENIAL..AS WELL AS EQUAL PROTECTION AS GUARDS,ECT CAN OBTAIN THIS INFORMATION WITH CONSCENT FROM A PRISONER OR OTHER MEANS.."DAMAGES"..

Inmate/Parolee Signature: _____          Date Submitted: 6-10-04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Date Returned to Inmate: _____

Staff Signature: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

12.

EMERGENCY APPEAL    DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C#56483 | LAUNDRY | 13-105U |

A. Describe Problem: SINCE ARRIVAL ON 9-16-03 PLAINTIFF HAS REQUESTED TO SEE THE "OPTOMETRIST" HERE AT R.J. DONOVAN BY WRITTEN REQUESTS OVER 3 TIMES..WITH "NO RESPONSE"..BASED UPON INFORMATION AND BELIEF R.J. DONOVAN DID NOT HAVE AN "OPTOMETRIST" ON PREMISES..AND OFFERED "OUTSIDE" REFERRAL,.AS IT HAS BEEN OVER "ONE YEAR" SINCE DONOVAN HAS AN "OPTOMETRIST"..AND THIS REFUSAL OF SERIOUS "MEDICAL""DELIBERATE INDIFFERENCE" OCCURED WITHOUT DUE PROCESS OF LAW..WHEREAS INJURING PLAINTIFF..AS "EYES" HAVE GOTTEN WORSE..CAUSING INADEQUATE LEGAL WORK,ECT..TITLE 15 "3350''3350-2"..RECKLESS DISREGARD..

If you need more space, attach one additional sheet.

B. Action Requested: RIGHT TO SEE "OPTOMETRIST" IN FTIMELY FASHION..AS NO YEARLY EYE EXAMINATION IS AVAILABLE HERE AT R.J. DONOVAN..ACCESS, HINDERED..AS DENIAL COSTS DEPT OF CORR. TO ALLOW "OUTSIDE""REFERRALS" ECT..AS PLAINTIFF GALSSES ARE OVER 10 YEARS OLD..AND SIGHT DIMISHED.."DAMAGES"..

Date Submitted: 8-27-04

Inmate/Parolee Signature: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____
_____
_____
_____
_____

Date Returned to Inmate: _____

Staff Signature: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Date Submitted: _____

Signature: _____

CDC Appeal Number: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

*13.*

D 049493

SUPREME COURT
F I L E D

SEP 2 5 2006

Frederick K. Ohlrich Clerk

DEPUTY

No. S146648

# IN THE SUPREME COURT OF CALIFORNIA

JIMMIE STEPHEN, Petitioner,

v.

R. HERNANDEZ, as Warden, etc., Defendant Respondent.

F I L E D
Stephen M. Kelly, Clerk

SEP 2 8 2006

Court of Appeal Fourth District

The above entitled matter is transferred to the Court of Appeal, Fourth Appellate District, Division One, for consideration in light of *Hagan v. Superior Court* (1962) 57 Cal.2d 767. In the event the Court of Appeal determines that this petition is substantially identical to a prior petition, the repetitious petition must be denied.

I, Frederick K. Ohlrich, Clerk of the Supreme Court of the State of California, do hereby certify that the preceding is a true copy of an order of this Court as shown by the records of my office.

Witness my hand and the seal of the Court this

25 day of SEPTEMBER 20 06

Clerk

By: _____
Deputy

**GEORGE**

*Chief Justice*

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐   LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570



# Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

October 18, 2006

Jimmie Stephen #C-56483
P.O. Box 799002
San Diego,  CA  92179-9002

Re:    **S146648 – Stephen vs Hernandez**

Dear Mr. Stephen:

No action may be taken on your "letter," received October 18, 2006.  The order of this court filed September 25, 2006, transferred the records to the Court of Appeal. Please rest assured, however, that the entire court considered the petition for writ of mandate, and the contentions made therein, and the denial expresses the court's decision in this matter.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  Robert R. Toy, Deputy Clerk

Enclosure

15.

# Court of Appeal

State of California
FOURTH APPELLATE DISTRICT
Division One
750 B Street, Suite 300
San Diego, CA 92101-8196
www.courtinfo.ca.gov/courts/courtsofappeal
(619) 645-2760

December 13, 2006

RE:  JIMMIE STEPHEN,
        Petitioner,

      v.

      R. HERNANDEZ, as Warden, etc.,
        Respondent.
      **D049493**
      **San Diego County No. S146648**

Mr. Jimmie Stephen C56483
2-6-227-L
P. O. Box 799002
San Diego, CA 92179-9002

Dear Mr. Stephen:

The court has received your "supplemental" filing in the above-referenced case. On November 28, 2006, this court denied your petition for writ of mandate. The denial of a petition for a writ within the appellate court's original jurisdiction without issuanace of an alternative writ or order to show cause is final immediately. (Cal. Rules of Court, rule 24(b)(2)(A).) This court has no jurisdiction to consider additional filings or reconsider the matter.

STEPHEN M. KELLY, CLERK

BY: _____
        Deputy Clerk

cc: All Parties

16.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk

NOV 2 8 2006

Court of Appeal Fourth District

JIMMIE STEPHEN,

    Petitioner,

    v.

R. HERNANDEZ, WARDEN et al.,

    Respondents.

D049493

(Super. Ct. No. S146648)

THE COURT:

    The petition for writ of mandate has been read and considered by Justices Nares, Haller, and McDonald. The petition is denied because petitioner had the opportunity to appeal the dismissal of San Diego Superior Court case number GIC 480064 and did not avail himself of his appellate remedy. (See, e.g., *Mauro B. v. Superior Court* (1991) 230 Cal.App.3d 949, 952-953.)

McDONALD, Acting P. J.

Copies to: All parties

17.

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

JIMMIE STEPHEN,
Plaintiff and Appellant,
v.
R. HERNANDEZ et al.,
Defendants and Respondents.
**D047195**
**San Diego County No. GIC840064**

F I L E D
Stephen M. Kelly, Clerk

MAR 2 9 2007

Court of Appeal Fourth District

THE COURT:

Appellant's "Motion to Vacate Orders of Dismissals" is DENIED.

_____
Acting Presiding Justice

cc: All Parties

_18._

DIE? SUPERIOR COURT

I AM A PRISONER, CONVICT AT R.J. DONOVAN CORRECTIONAL FACILITY
AT 480 ALTA ROAD, SAN DIEGO CALIFORNIA..92179..AND HAS SUBMITTED AN
APPEAL, OR APPEALS TO THE "APPEALS OFFICE" UNDER COTA OR MUNOZ, AND
NEVER HEARD FROM THE APPEALS NOR RECEIVED "LOG NUMBERS" ECT..THERE-
FORE DENYING, DEPRIVING "ACCESS TO COURT"..HINDERED..
TRUE AGAINST FRAUD OR PERJURY

| NAME | SIGNATURE | CDC # | LOCATION |
|---|---|---|---|
| JIMMIE STEPHEN | | C56483 | 13-113 |
| Eugene S. Williams | E.S. Wms | C-28060 | 3-13-210 |
| DONALD HILL | Donald Hill | D-34188 | 3-13-104 |
| Michael Hampton | | P-20333 | 3-13-132 |
| James R. Thomas | James R. Thomas | K-99017 | F-3-13-130 |
| | | C-95215 | 13-101 |
| | | J-65474 | 3-13-130 |
| | | J-04156 | F-3-13-108 |
| Wilson, Michael | | D-52585 | F-3-13-105-L |
| Dale E. Shisler | | V-27375 | F3-B11-L46 |
| | | | |
| JERRY REIBER | | P-91779 | 3-13-220 |
| JONES, A. | | E-83779 | 3-13-120 |
| CLARK, G.D. | | E55102 | FAC.III-C2-24oLower |
| | | BJ#21 | FR3 U |



# M.A.C.

*SEE: ISSUE #2*
*Glievances, 602's*

Date : April 28, 2005

To  : Robert J. Hernandez
      Warden RJDCF

Subj :       AGENDA FOR UP-COMING WARDENS MEETING

The following is a list of issues / concerns that are being
raised in behalf of the inmate general population:

1. Facility III, once again is raising the issue of major
   yard delays.

   Since the start of the Court mandated policy, which shall
   show accountability for all persons taking (psychotropic/
   Hour of sleep or any other controlled medication),there
   has been and still is a major delay in the program.

   Recreational / Yard program during the week, may start
   in the morning, if at all, around 0945-1015 hrs., for
   general population inmates. During the weekend, yard
   start time is even later and the yard supervisory staff
   blames the delays on the medication pill line.

   During the weekend, most of the I/M workers are on their
   RDS's and are easily located in their housing units. Yet,
   it takes staff even longer to complete Pill line then it
   does during the week. Many of the inmates are getting
   frustrated with these delays and when its' not the pill-
   line its' shortage of custody staff.

   The shortage of staff occurs almost every weekend at least
   one of the two days and the program is limited to phones
   and showers or one teir at at time in the dayroom or on
   the yard. When this occurs, Close Custody inmates are most
   affected because of their custody level. If the yard was
   to open at 1030, close custody inmates living on the teir
   that has yard at that time, will only have a half hour of
   yard time. why does it take one Staff member almost an hour to track
   down I/M's who do not show up to take their medication, when there is
   another five or six more just sitting around doing nothing. There are
   2 new yard positions on second watch and 1 on third, but still a short-
   age of Staff.

# MEN'S ADVISORY COUNCIL

480 Alta Road, San Diego CA. 9217

Con't  Page 2

Date : May 3, 2005

To    : Robert J. Hernandez

The inmate population is requesting that they not be held
accountable, for the actions of those few inmates who choose
not to take their medication. It is requested that they be
held accountable through progressive disciplinary and then
taken off of medication altogether.

2. The issue of inmate appeals (602's) are becoming more and
more of a concern. A large number of the inmate population
files 602's and either receives a response several months
later or none at all. In most cases, "time constraints"
are not followed or adheres too, log numbers are not given
nor are notifications. The inmate population is voicing
their concerns with regards to them being held to the rules
and regulations, why does this not apply to Staff.

3. many of the general population inmates are again asking, if
this institution can have installed a Cable or Satilite system
for better programing. There are several institutions, that have
one of these systems already installed which have several dif-
ferent channels available.

With the local TV stations doing away with the broadcasting
of Sports, including Monday night football, the only way to
view these programs would be on a cable network. the request
would be to receive, a Sports, Educational, Nature, Religious,
Discovery channel and Two Music channels; BET and MTV. With
the installation of one of these systems, the inmate population
would have an assortment to choose from, this will also occupy
many of the inmates time.

4. Concerns are being raised with regards to inmate marriages and
when there will be someone to perform the ceremonies. Many, of
the inmates have already filled out the proper paperwork needed
for this service as well as paid the fees required.

5. Inmates working behind the Work Change areas are requesting
premission to be allowed too take the following items to work
with them:

Extra Food Items; Canned Food, Soup, Chips, Cookies ect.. The
reason for this request is due to the small amounts of food
issued in the sack lunches. Inmates are required to work at
least 6 to 8 hours per day, five days a week and what is pro-
vided in these lunches, will not adequately fill a person.

Many of the workers are getting frustrated with the small
amounts of food being issued, so they are asking that they
be allowed to take at least one of the aforementioned items
to work with then. They also know that once that item is
behind the work change area. it will not be allowed back out,
If canned food items are allowed, they would be placed inside

27

Con't Page 3

Date : May 3, 2005

To   : Robert J. Hernandez

Subj : Agenda

6. Approval to have the Close Custody count conducted on the recreational yard; Many of the Close-A and Close-B inmates are requesting that they be allowed to be counted on the recreational yards, during the 1200 hour count on Saturdays and Sundays.

A vary large number of these inmates work Monday thru Friday and are looking forward to their recreational time on the weekends. With the implementation of all day yard, close custody inmates are recalled from the yard to count. These I/M's are recalled at 1115 hrs. and not released back to the yard until 1300 hrs. this causes them to lose at least 2 hours of yard time.

By implementing this procedure, it will allow for the close custody inmates to receive the same yard time as everyone else in the same privilege group. Per DOM section 52020.4.12 it is permissible to inact this procedure into the institutions plan of operation.

7. Request authorization, per CCR 3377.1(2)(B), to allow Close "A" Custody inmates dayroom activities after the 1800 hrs. count until 2000 hrs.. Close "A" inmate work assignments are only authorized during the day, ending no later than 1800.

Many are requesting dayroom activities during the evening for phone calls, showers and out of cell time. Since the authorization of Close "B" inmates participating in evening program activities, to our knowledge, there has been no reports of any security concerns.

8. A large number of inmates would like to inquire about more self-help groups / programs and family oriented programs with outside contacts and help. Since all trades were discontinued, many of the lifers who have or may of had board hearings are told to aquire such things as, more self-help and trades. The only programs available are christian based which excludes I/M's of other / no faiths. What can be done to ensure that some of these programs can be offered at the institution.

9. There has been many questions with regards to the return of Thrusday and Friday visits. During the weekend two of the four visiting rooms are at there maximum allowed without terminating anyone's visits.

It would be requested to bring back, both visiting days,

29

Con't Page 4

Date : May 3, 2005

To  : Robert J. Hernandez

Subj : Agenda

Thursday and Friday and if that is not possible, allow one of the two days which would be Friday. By allowing Fridays, it would coincide with the two other days already allotted for visitation, as well as cut down on the over crowding and possible termination of visits.

10. The inmate population would like to know if the Hobby program will ever be reinstated, if so, can you give a tentative date when this will happen. If the program is gone permanently, can inmates use Dick Black Art supplies to order supplies for in-cell art work and drawing.

11. There are many request for "Backdrops" to be painted and used for the taking of visiting room photo's. There are a number of inmates who would be willing to do the painting of these backdrops, if they were allowed to have equipment and the authorization to do so.

12. Some of the Facilities are not using the MAC during controlled movement or lockdown, the population is left in the dark as to what's taking place or how long this status will be. It is requested that when inmate workers are allowed to work, so are the MAC. The Men's Advisory Council, has two paid positions, one for the Chairman and another for the MAC Secretary. When we request to come out of the cells to conduct MAC duties, we are told that you are not needed and when we need you, we will call for you.

The MAC is a conduit between Staff and the inmate population and many of the inmates fill that if the MAC does not convey the problems, concerns or status of a situation then what is their purpose. As you are aware, many of the staff do not like what the MAC stand for and will do what ever it takes to keep it that way. We are again requestint that when the whole institution is not on lockdown, the MAC be allowed out to conduct MAC business during their work hours and when their prospective facilities are on controlled movement they be allowed to work as all others workers.

13. There has been a shortage of Hygiene and cleaning supplies for the housing units. Inmates are having to clean their cells with shampoo or laundry detergent purchased from the canteen or thru a quarterly package. When asked why there are no cleaning supplies, we are told that none have been given.

23

Con't Page 5

Date : May 3, 2005

To   : Robert J. Hernandez

Subj : Agenda

14. There has been many questions raised with regards to Fund Raisers being allowed again. The institution and the inmate population has made many charitable donations to the local community and was recognized for such donations. This has been going on for over a decade or more, as well as this being a morale booster for the inmates.

The MAC wants to make a plea to you, to allow these fundraisers once again. As we are sure you are aware, when the fundraisers were discontinued, many of the problems started and then went the exercise yard. With this came much disrespect with staff and inmates. All the inmate population see is take, take, take and no compromise or easing up in sight.

15. The non visiting as well as the visiting inmate population is requesting that Photo's be allowed on the Facilities. Now that the visiting room photo project is up and running and there has been no problems, is it possible to once again allow for the taking of the twice a year yard photo's.

As you are aware, the institution uses an outside photographer to take these photo's. These photo's would be taken twice a year on Mother's Day and Christmas, with a limit on the number taken by one inmate. Many of the non visiting inmate population, understand the fact that inmates want to take photo's with their loved one, they also feel that they should be able to send photo's of themselfs to their loved one's as well.

16. The issue of allowing Piano Key-boards are being raised again. During a meeting held in September of 2003, the Key-boards were approved and then the issue of allowing electric guitars came into play. Once the guitars became an issue the Key-boards were then denied.

We are asking once again, to allow the approval of the Piano Key-boards as a second musical instrument here at the Inst..

17. The MAC is wanting to know when the "PLATA" program will be started with regards to the hiring of the much needed staff to ease the work load on the MTA and the yard program.

18. Inmates are requesting Indigent Envelopes and have not been receiving them in a timely manner or at all. The MAC would like a resolve to this issue if one can be provided by the mail room.

Con't Page 6

Date : May 3, 2005

To   : Robert J. Hernandez

Subj : Agenda

19. There have been many questions with regards to the Family Visiting Units and when they will be repaired. The MAC was told that it would only take Two to Three weeks to have these repairs complete. Can you give us a tentative date as to when these repairs will be complete.

20. The inmate population and the MAC would like to know when and if there is a tentative date for the exercise yards to be complete and what yards will be completed first.

21. There are safety concerns with regards to the wearing of tennis shoes in the kitchen prep areas. Staff and inmate kitchen workers are wanting to know if PIA Boots can be issued to these workers to prevent sliping on the wet / greasy floors.

22. The Temp housed population has concerns with regards to their recreational yard being split. On two of the Facilities, housing temp housed inmates will only allow one building out at one time for one hour if that and then will release the other unit. Per Operations Manual, temp housed inmates are to receive yard from 1100 - 1300 hours. The plan does not say anything about spliting yard time between them.

The inmate population would like to <u>know why many of the questions or issuas</u> they have and address, are <u>not answered</u>.

The <u>Men's Advisory Council</u> would like to thank you for your time and <u>consideration</u> in these matters.

Respectfully'

D. Dean, Chairman
<u>Facility One</u>

H. Duson, Chairman
<u>Facility three</u>

R. Johnson, Chairman
<u>Facility Two</u>

<u>Noted:</u>

D.M. Barnes
Associate Warden
MAC Sponsor

25

"LIABILITY"

A..DEFENDANTS "HERNANDEZ""CONTRERAS" AND "WOODFORD" AT R.J. DONOVAN
CORRECTIONAL FACILITY HAD "NOTICE OF" "CONTROL OVER" AND EITHER
"DIRECT" OR "INDIRECT INVOLVEMENT" BY APPEALS GRIEVANCES MEMOS OR
OTHER KNOWLEDGE OF EVENTS IN THIS MATTER.. AS WELL AS "OLIVEROS".
    "HERNANDEZ IS WARDEN".."CONTRERAS IS OPERATIONS WARDEN"..AND
"WOODFORD" IS DEPT. OF CORRECTIONS DIRECTOR"..UNDER PRACTICE, CUSTOM,
POLICY.."WOODFORD" CONTROLS, DIRECTS OVER "32" PRISONS..
    "LEMAIRE V MAIRE" 745 F. SUPP. 623..(D.C. OREGON)..(1990)..
"LANDMAN V ROYSTER" 354 F.SUPP. 1302..(E.D. VA. 1973)..STATES IF
SUPERVISOR FAILES TO SUPERVISE WHEN GUARDS HAD PATTERN OF MISCONDUCT..
    IN INSTANT CASE DEFENDANTS REPEATEDLY REFUSED TO "ANSWER""APPEALS"
"GRIEVANCES" FOR"ACCESS""HINDERED"..

B.."CONTRERAS" WORKS UNDER "HERNANDEZ" AND AS "OPERATIONS WARDEN""MAKES"
"RULES""REGULATIONS""POLICIES" "MEMORANDUMS" AND ENFORCES THEM..AT R.J.
DONOVAN CORR. FAC.. AS WELL AS "OLIVEROS" "COWAN""BARNES"..
    "CARTER V CARLSON" 447 F2D 358..(D.C. 1971)..SUPERVISOR WHOM NEG-
LIGENT TRAINED OFFICERS LIABLE..

C.."WOODFORD" SUPERVISES "HERNANDEZ""CONTRERAS" AND IS RESPONSIBLE FOR
THEIR POLICIES, RULES, REGULATIONS ECT..AND DEFENDFANTS ABIDE BY WHAT
"WOODFORD" ORDERS THEM TO DO.. AS WELL AS "SCHARZENEGGER" CONTROLS ALL..
    AS DEFENDANTS "COTA""MUNOZ" HAS A PATTERN OF MISTREATING PRISONERS
HERE AT R.J. DONOVAN..BY "NOT ANSWERING" APPEALS.. WITH MALICE AFORE-
THOUGHT.. DEFENDANTS PREJUDICE STEMS FORM "SELF GAIN" "RETALIATION"..
    "PROCUNIER V NAVARETTE" 434 U.S. 555..(1978)..STATES OFFICIALS
WHOM FAILS TO DO, OR SHOULD HAVE DONE ARE LIABLE..

"CASE LAW FOR DAMAGES"

A.."FARMER V BRENNAN" 511U.S. 845..(1994)
B.."SMITH V WADE" 461 U.S. 30,51..(1983)
C..BASICH V VALLSTATE" 105 CAL RPTR 2D 153..(2ND 2001)
D.."REUTER V SUPERIOR COURT" 155 CAL RPTR 525..(4TH 1979)
E.."DASKALEA V DIST OF COLUMBIA" 227 F3D 433,444..(D.C. 2000)
F.."SCHER V ENGELKE" 943 F2D 921-924..(8TH 1991)
G.."SHAMAEIZADEH V CUNIGAN" 338 F3D 921,924..(8TH 1991)
H.."KELLY V CURTIS" 21 F3D 1544,1557..(11TH 1994)
I.."DAVIS V LOCKE" 936 F2D 1208,1214..(11TH 1991)
J.."WILSON V SEITER" 501 U.S. 294,304-5..(1991)
K.."SCICLONA V WELLS" 345 F3D 441..(6TH 2003)
L.."ESTELLE V GAMBLE" 97 SCT 285..(1972)
M.."OLIVER V KELLER" 289 F3D 623..(9TH 2002)
    ALL POINTS AND AUTHORITIES PERTAIN TO INJURIES THAT VIOLATES
THE RIGHTS OF PLAINTIFF IN THIS MATTER BEFORE THIS COURT..

    "HAINES V KERNER" 404 U.S. 519..(1972) STAES LESS STRINGENT
STANDARD FOR PRISONERS THAN LAW TRAINED AS CASE SHOULD NOT BE DISMI-
SSED UNLESS PLAINTIFF CANNOT PROVE NO SET OF FACTS IN COMPLAINT..OR
FAILS TO PROVE FACTS TO SUPPORT CLAIMS THAT ENTITLE RELIEF ECT..

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:

Plaintiffs: **JIMMIE STEPHEN & (VICTIM)**

Defendants: **(SAME)**

(b) Name of the court and docket number: **GIC-84-0064**

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] 
**ON APPEALED..**

(d) Issues raised: **(SAME)**

(e) Approximate date case was filed: **12-13-04**

(f) Approximate date of disposition: **DISMISS ON 8-19-05**

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

**APPEALS SUBMITTED BUT REFUSED TO BE HEARD..DISMISSED**
**8-19-05.. APPEALED TO 4TH DISTRICT..BUT 9TH CIRCUIT HAS RULED**
**AS TO "EXHAUSTION OF REMEDIES" IN "LIRA V HERRERA" 427 F3D 1164..(9**
**TH 2005).. AS CASE "DISMISSED IN ERROR"..AND "ABUSE OF DISCRETION"..**
**"BOARD OF CONTROL" # G553260 OR ??**

*27*

§ 1983 SD Form
(Rev. 2/05)

*Imminnal Domand Expedition*

E. **Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): FROM "DEPRIVATION" OF "ACCESS" TO "COURT" ON THE "GRIEVANCES AND APPEALS".."DENIAL OF TIMELY" "ACCESS TO LOG NUMBERS" FOR "ACCESS..DUE PROCESS"..(2) PLAINTIFF ."BELTON" "RIGHTS RESTORED""REHIRED"""WITH BACK PAY" IN CALIFORNIA.

2. Damages in the sum of $ 5.00,000 .

3. Punitive damages in the sum of $ 2,000,000 .

4. Other: "TOTAL 25.00,000 DOLLARS"..FOR "DEPRIVAL OF RIGHTS" UNDER CONSTITUTION.."EACH PLAINTIFF..

"DECLARATORY JUDGMENT""T.R.O." AND "CRIMINAL PROSECUTION UNDER 18 18 USC 242 AND 1961-68..

F. **Demand for Jury Trial**

1st, 5th d 14th violated.

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

G. **Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

12-11-07

Date

Signature of Plaintiff

§ 1983 SD Form
(Rev. 2/05)

28

EXHIBIT 1                                    12-11-07

"IMMINENT DANGER"
EXCEPTION..

ONGOING RIGHT to RIGHTS
UNDER 1st 5th 8/14th

FRCP RULE 8-A-2..

"ERICKSON V PARDUS" 127.Sct 2197
                                    (2007)

"SERIOUS PHYSICAL INJURE"
EXCEPTION
ONGOING..

"BOUNDS V SMITH" 430. US. 817 (1977).
"BIGGS V TERHUNE" 334. f3D 910/9th 2004/
"SIBRON V NEW YORK" 392. US. 40. 55 (1968)
"MOOTNESS"..
"Statue of Limitations" MET..
"BACK PAGE" EXHIBIT #1..

DATE:                        December 13, 2006

NAME:                        STEPHEN

CDC #:                       C-56483

APPEAL LOG #                 RJD-2-06-01311

APPEAL DECISION          PARTIALLY GRANTED          **FIRST LEVEL REVIEW**

**APPEAL ISSUES:**          You allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of correctional officers entered the library and without any provocation attacked you. You identified the officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses.

**APPEAL RESPONSE:**          In reaching a decision on this issue, a thorough review of your appeal has been conducted. The applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual, Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592.

On Monday December 11, 2006, Correctional Lieutenant G. Savala interviewed you regarding your appeal issues. During your interview, you allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of Correctional Officers entered the Library and without any provocation attacked you. You identified the Officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses. Your only request was that you be awarded damages, which was clarified with you by myself, Lieutenant Savala, to mean money.

Officers Lira, McCurty, Bravo, Sergeant Armenta, Inmate Prince V-80747, and Ms. Simon, the Central Librarian, were interviewed. Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include the Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592, were thoroughly reviewed. The information gathered from all these resources indicates you battered Ms Simon, the Central Librarian, when she attempted to retrieve a document as you were attempting to forge your name as the recipient of a" CERTIFICATE OF ACHIEVEMENT" for " Legal Assistant/Paralegal Civil & Criminal Law." She activated her personal alarm, and responding staff arrived. You were still seated at a desk. Officer Bravo ordered you to stand up and turn around so that he could place handcuffs on you. You did not comply with the legal order given to you. Instead, you reached into a box causing Officer Bravo to fear for his safety. He responded by using physical force on you. Officer Palencia and Officer McCurty assisted Officer Bravo in overcoming your resistance, effecting custody, and gaining compliance with the lawful order. They used the minimal amount of force required, which is evident by the injuries you sustained; an abrasion to your shin, as noted on your CDCR 7219. Sergeant Armenta and Officer Lira arrived after the force had been used. Officer Lira's involvement in this incident consisted of him escorting you to the Treatment Triage Area.

Based on the aforementioned, this appeal is Partially Granted at the First Level of Review because I could not account for the legal property or the glasses you claimed you lost during this incident.


G. Savala                         12-14-06
Correctional Lieutenant           DATE


12-22-06

**CDC NUMBER** C-56483 | **INMATE'S NAME** STEPHEN, J. | **RELEASE/BOARD DATE** | **INSTITUTION** CSP-CAL | **HOUSING NO.** D3-123L | **LOG NO.** 04-95-D080

**VIOLATED RULE NO(S).** CCR§3005(c) | **SPECIFIC ACTS** FORCE & VIOLENCE; ASSAULT ON STAFF | **LOCATION** D-YARD | **DATE** 04/28/95 | **TIME** 0650 HOUR

**CIRCUMSTANCES** On Friday, April 28, 1995, at approximately 0650 hours, while performing my duties as "D" Facility Yard Officer #1, I was performing random clothed body searches on inmates exiting dining hall #2. I ordered Inmate STEPHEN, J., C-56483, D3-123L, to submit to a clothed body search. STEPHEN refused stating "You aint touching me mother fucker", and began walking away. I again ordered STEPHEN to allow me to perform the search, STEPHEN stated "Fuck you, you aint touching me. Call the sergeant over." I called Correctional Sergeant (A) G. Ellis over and advised him of the situation. Sergeant Ellis ordered STEPHEN to submit to the search. STEPHEN assumed the position with legs spread, arms out, facing away from me. As I placed my hands on STEPHENS back, he spun around, cocked his right fist and simultaneously stepped towards me. To avoid being hit, I grabbed STEPHEN with both arms around his middle torso and yelled for him to get down. STEPHEN twisted vigorously to the right and struck me twice (2) in the right eye area with his right fist. Responding staff immediately subdued STEPHEN and placed him in handcuffs. STEPHEN was escorted to the Program Office holding cell to await processing for Administrative Segregation.

Inmate ~~STEPHEN~~ is aware of this report.

**REPORTING EMPLOYEE (Typed Name and Signature)** M. CROFOOT, CORRECTIONAL OFFICER | **DATE** 5-1-95 | **ASSIGNMENT** D-YARD C/O #1 | **RDO'S** TUE/WED

**REVIEWING SUPERVISOR'S SIGNATURE** G. ELLIS, PROGRAM SERGEANT | **DATE** 5-1-95 | ☑ **INMATE SEGREGATED PENDING HEARING** DATE 04/28/95 | LOC. A5-144U

**CLASSIFIED** ☐ ADMINISTRATIVE  ☑ SERIOUS | **OFFENSE DIVISION** D-121-150 | **DATE** 5/1/95 | **CLASSIFIED BY (Typed Name and Signature)** LT. C Butler | **HEARING REFERRED TO** ☐ HO  ☑ SHO  ☐ SC  ☐ FC

**COPIES GIVEN INMATE BEFORE HEARING**

☑ CDC 115 | BY: (STAFF'S SIGNATURE) R. Slat | DATE 5-1-95 | TIME 2040 | TITLE OF SUPPLEMENT

☑ INCIDENT REPORT LOG NUMBER: FDY-95-04-0176 | BY: (STAFF'S SIGNATURE) R. Slat | DATE 5-15-95 | TIME 1820 | BY: (STAFF'S SIGNATURE) | DATE | TIME

**HEARING** On May 29, 1995, at approximately 1000 hours, Inmate STEPHEN appeared before me in regard to a CDC-115, dated 04/28/95. This CDC-115 was issued to Inmate STEPHEN on 05/01/95. Inmate STEPHEN stated he was in good health and acknowledged receipt of all reports and was ready to proceed with the hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. STEPHEN elected to proceed with the hearing and not postpone pending outcome of referral for prosecution as indicated by his signature on the CDC-115A. STEPHEN was assigned Correctional Officer D. LARSON as investigative employee, per CCR 3315(d). Witness(es) were requested, and granted.

**INMATE PLEA:** The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN stated: "It is all lies. It was not a random search, it's all lies."

**WITNESS STATEMENT:** Reporting Employee Correctional Officer M. Crofoot stated: "We were searching inmates and I called out to STEPHENS and he said, 'Fuck you'. I called the Sergeant. then started to search. I put my hands on his back. He spun around and I and I tried to take him down and he hit me twice in the right side of my face."

**FINDINGS:** Inmate STEPHEN was found GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON STAFF. This finding was based upon the preponderance of evidence submitted at the hearing, which substantiates the charge. This evidence includes: Officer M. CROFOOT's written report. In (Continued on next page)

**ACTION BY: (TYPED NAME)** G.J. JANDA, CORRECTIONAL LIEUTENANT | **SIGNATURE** | **DATE/TIME** 5/29/95 1000 HRS.

**REVIEWED BY: (SIGNATURE)** Blainard PA(A) | **DATE** 5-30-95 | **CHIEF DISCIPLINARY OFFICER'S SIGNATURE** Cicero A/W(A) | **DATE** 5/30/95

**COPY OF CDC 115 GIVEN INMATE AFTER HEARING** | **BY: (STAFF'S SIGNATURE)** | **DATE/TIME** 5/31/95 1315

6/1/95 DCC Conform 150 Days LOC Comm

CDC 115 (7/88)

# RULES VIOLATION REPORT

| CALIFORNIA | | | | DEPARTMENT OF CORRECTION: |
|---|---|---|---|---|

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN | | | CSP/CAL | FA5-144U | 04-95-D-080 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| §3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | | D-YARD | 04/28/95 | 0650 HOURS |

(HEARING CONTINUED):

addition, the testimony of the Reporting Employee at the time of the hearing, the contents of
the Investigative Report, the contents of the CDC-837 Incident Report. Also the contents of the
CDC-7219 indicating that the injuries sustained by the Reporting Employee are consistent with
the assault that STEPHENS committed upon him.

DISPOSITION: GUILTY. Inmate STEPHEN was assessed (150) days Loss Of Credits consistent with a
Division "B" Offense. STEPHENS was Counseled and Reprimanded on future behavioral expectations.
Senior Hearing Officer recommends retention in Administrative Segregation pending review by the
Institutional Classification Committee, and further recommends assessment of appropriate S.H.U.
term. REFER TO I.C.C. FOR CONFIRMATION OF CREDIT LOSS/DISPOSITION.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS AND PROCEDURES TO APPEAL THIS ACTION, AND ADVISED HE
WOULD RECEIVE A COMPLETED COPY UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| G.J. JANDA, CORRECTIONAL LIEUTENANT | | ▶ LT. | | 5/29/95 | 1000 HR: |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ | | ▶ | | 5/30/95 | |
| X COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶  C/O | | DATE 5/3/95 | TIME 1315 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                     DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP/CAL | FA5-121U | 06-A5-8 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | | DATE | TIME |
| #3005(c) FORCE & VIOLENCE | ASSAULT ON INMATE/SHOTS FIRED | | AD-SEG YARD 2 | | 06/12/95 | 1223 HOU |

CIRCUMSTANCES    On Monday, June 12, 1995, at approximately 1223 hours while performing my duties
Administrative Segregation S & E    #1, I observed in exercise yard #1, Inmate FIERRO, E-725
A5-116U, run toward Inmate STEPHEN, C-56483, A5-121U, and attempt to strike him to t
mid-torso area with his right hand, using an underhand stabbing motion, as STEPHEN moved bac
Inmate PADILLA, H-00471, A5-116L, ran toward Inmate SMITH, H-55937, A5-121L, and both inma
began swinging both their fists, striking each other to the upper torso area. I yelled "Weap
get down", and fired one (1) round from my state-issued 37mm gas gun, serial #D04742, with
264R baton rounds, with negative results. FIERRO ran up behind SMITH and made a stabbing mot
to his back, before kneeling down on the ground. SMITH, who was standing over PADILLA as he
on the ground, repeatedly struck PADILLA with his left fist to the facial area. FIERRO t
stood up and began moving towards SMITH, as SMITH walked toward FIERRO, and both squared off
an aggressive stance. Administrative Segregation Lieutenant G. SUMPTER discharged one (1)

(CONTINUED)

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ T. DIAZ, CORRECTIONAL OFFICER | JUNE 12, 1995 | AD-SEG S & E #1 | T |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | LOC. |
| ▶ W. PRICE, CORRECTIONAL SERGEANT | JUNE 12, 1995 | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | A-1 181-360 | 6/22/95 | LT | ☐ HO  ☒ SHO  ☐ SC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| | ▶ | 6/29/95 | 1800 | BY: (STAFF'S SIGNATURE) | DATE |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | ▶ | |
| CAL-FA5-95-06-0287 | ▶ | 5/95 | 116 | | |

HEARING
Inmate STEPHEN appeared before me in regard to a CDC-115, dated 06/12/95. Inmate STEPHEN stated he was in good
had received copies of all pertinent reports at least twenty-four hours prior to the hearing, and was ready to
Inmate STEPHEN was assigned Officer M. Fisher as the Investigative Employee. No witnesses were requested.
INMATE PLEA: The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN had no comment.
FINDINGS: Inmate STEPHEN was found NOT GUILTY of violating CCR# 3005(c), specifically, for ASSAULT ON AN INMA
FIRED. This finding was based upon the preponderance of evidence submitted at the hearing, which does not sub
the charge. This evidence includes: The disciplinary report clearly states that STEPHEN did not participa
assault. Therefore, the finding of NOT GUILTY.
DISPOSITION: This CDC-115 is being dismissed due to INSUFFICIENT EVIDENCE. Inmate STEPHEN was advised of his r
procedures to appeal this action. He was further informed he would receive a completed copy upon final audi
Chief Disciplinary Officer, who's signature will indicate an affirmation, reversal or modification of this
thereby constituting the First Level of review for appeal purposes.

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | SIGNATURE | | DATE |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | ▶ | | 07/1 |
| K. HOWARD, CORRECTIONAL LIEUTENANT | | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
| REVIEWED BY (SIGNATURE) | DATE | ▶ S. H. GARCIA, ASSOCIATE WARDEN | | |
| ▶ A. TUIT, PROGRAM ADMINISTRATOR | 7/19/95 | | | DATE |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | 7/26/9 |

CDC 115 (7-88)

STATE OF CALIFORNIA                                                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP-CAL | FA5-121U | 05-A5-95-08 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| #3005(c)—FORCE & VIOLENCE | CELL FIGHT (INMATE) | CELL A5-121 | 06/13/95 | 1455 hours |

**CIRCUMSTANCES**

On Tuesday, June 13, 1995, at approximately 1455 hours, while performing my duties as Administrative Segregation (Ad/Seg) Floor Officer #1, I heard a loud noise coming from cell A5-121, jointly occupied by Inmate SMITH, H-55937, A5-121L, and Inmate STEPHEN, C-56483, A5-121U. I observed SMITH's right arm around STEPHEN's neck, choking STEPHEN. I responded to cell A5-121 and ordered SMITH to stop fighting. SMITH then rammed STEPHEN's head into the cell door. I again ordered SMITH to stop fighting. SMITH then complied. Both inmates were then removed from their cell without further incident. Both inmates were medically evaluated by Medical Technical Assistant D. SULLINS. SMITH was then returned to cell A5-121. STEPHEN was rehoused to cell A5-225.

Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. MENDEZ, CORRECTIONAL OFFICER | 06/13/95 | AD/SEG FLOOR C/O #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ A. GOEBEL, CORRECTIONAL SGT. | 06/13/95 | A5-121U | LOC |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D 61-90 | 6/16/95 | ▶ | ☐ HO ☒ SHO ☐ SC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ RC | DATE 7/17/95 | TIME 0925 | TITLE OF SUPPLEMENT 10/4 | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

**HEARING** On June 23, 1995 at approximately 1005 hours, Inmate STEPHEN appeared before me in regard to a CDC-115 he received on 06/23/95. STEPHEN stated that he was in good health, acknowledged receipt of all reports and was ready to proceed with this hearing. All time constraints had been met and all reports were issued more than 24 hours prior to the hearing. Correctional Officer B. BENTLEY was assigned as the Investigative Employee. Witnesses were not requested by the inmate. The charges were read to STEPHEN who pled, NOT GUILTY.

**STATEMENT OF CHARGED INMATE:** Inmate STEPHEN declined to make a statement.

**FINDINGS:** Inmate STEPHEN was found **NOT GUILTY** of violating CCR #3005(c), for the specific act of, FIGHTING. This finding was based upon the preponderance of the evidence submitted at the hearing, which does not substantiate the charge. This evidence includes: the content of Correctional Officer D. MENDEZ's written report, which states that he saw SMITH with his around STEPHEN's neck. SMITH then rammed STEPHEN's head into the cell door. The Reporting Employee made no reference to STEPHEN fighting.

**DISPOSITION:** NOT GUILTY. DISMISSED IN THE INTEREST OF JUSTICE based upon the Senior Hearing Officer deemed that STEPHEN was the victim of assault.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS TO AND THE PROCEDURES FOR THE APPEAL OF THIS ACTION. HE WAS ALSO ADVISED THAT HE WILL RECEIVE A COMPLETED COPY OF THIS CDC-115 UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | |
|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE |
| G.D. SUMPTER, CORRECTIONAL LIEUTENANT | ▶ | 6/23/95 |
| REVIEWED BY: (SIGNATURE) ▶ | DATE 6/21/95 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | DATE |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ RC | DATE 7/21/95 | TIME |

CDC 115 (7/88)

7

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

## RULES VIOLATION REPORT

[ 410 ]

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J.    (1) | | | RJDCF | 13-105U | F3-05-41 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR 3005(a) CONDUCT | | STALKING | | Unit #13 | 08/08/05 | 13:30 |

CIRCUMSTANCES

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctic Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was inter-cepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN's states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope address to Inmate STEPHEN himself, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him whe she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (A Inmate STEPHEN is aware of this report.

MHSDS: CCCMS

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE 8-15-05 | ASSIGNMENT S & I "A", ISU | RDO'S S/S/H |
|---|---|---|---|
| ▶ A. VASQUEZ, Correctional Officer | | | |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE 8-16-05 | XX INMATE SEGREGATED PENDING HEARING | |
| ▶ J. H. CLARKE, Sergeant | | DATE 08/09/05          LOC. F2-06-118L | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | |
|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | E (7) | 8-16-05 | ▶ J.W. DRESBACH, Facility Captain | ☐ HO | ☒ SHO | ☐ SC |
| ☑ SERIOUS | | | | | | |

### COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 8/4 | TIME 1210 | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | | | N/A | | |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIM |

HEARING

Inmate issued copies of copies of all documents; including envelopes, signatures, et this date:_____  Issued by:_____  Time:_____ hours.

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE ▶ | DATE | T |
|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE) ▶ J. W. DRESBACH, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ B. OLIVERO, Associate Warden | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE | T |

CDC 115 (7/88)

804 TO RECORDS BY: _____ DEPARTMENT OF CORRECTIONS

ATE OF CALIFORNIA

## ULES VIOLATION REPORT

| C NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| :-56483 | STEPHEN, J. | (1) | | RJDCF | F3-14-129U | F3-05-118 |
| IOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| R 3005(c) FORCE & VIOLENCE | | THREATENING STAFF | DISMISSED | F3 H/U#14 | 11-27-05 | 1945 hrs. |

CIRCUMSTANCES On Sunday, November 27, 2005, at approximately 1945 hours, while performing my duties as H/U #14 Floor Officer, during the 1945 hour unlock, I notified I/M STEPHEN, J.,C-56483,F3-14-129U that his status was A2-B. I/M STEPHEN then became agitated and began stating to me,"that was stupid." I then clarified with him what my expectations were for inmates who were A2-B status and he stated, "You have been fucking with me from the beginning." I then said to him that how he was I messing with you, If I verified through the Program Office his status. At this point, I/M STEPHEN had a ball-point pen in his right hand and held it in such a way that made me believe he may use it as a weapon. I took a step back, unsecured my MK-p Oc Spray Strap and told I/M STEPHEN to settle down and he said, "Fuck you, you'll get yours." I repeated my instructions for him to settle down and he backed up and went in his cell. After 1945 hours unlock was complete I began checking my unit cell by cell to verify all A2-B's, Ci-A's and C/C inmates were in their cells. While passing Cell #129 where I/M STEPHEN lives, he again made threats as before with a ball-point pen held in his hand in an aggressive manner. I notified Program Sgt. F. Delatorre who arrived and placed I/M STEPHEN in handcuffs and then was escorted to the Fac.3 Program Office by Yard Staff. Inmate STEPHEN is aware of this report and was Medically evaluated by Fac.3 Medical Staff.

| MSDS: | | DATE | | ASSIGNMENT | RDO'S |
|---|---|---|---|---|---|
| REPORTING EMPLOYEE (Typed Name and Signature) | | 11-28-05 | | H/U #14 Floor Officer | |
| ▶ M. Espinoza, Correctional Officer | | | | | |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE 11/24/05 | DATE 11-27-05 | ☐ INMATE SEGREGATED PENDING HEARING | LOC. |
| ▶ F. Delatorre, Sergeant | | | | | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY:(Typed Name and Signature) | | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | D 2 | | ▶ A. Bracamonte, Facility Captain | | ☐ HO ☐ SHO ☐ SC ☐ |
| ☑ SERIOUS | | | COPIES GIVEN INMATE BEFORE HEARING | | |

| | | | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|---|
| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | | 1905 | 1045 | 7219 Medical Report |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | | | | BY: (STAFF'S SIGNATURE) ▶ DATE TIME |

HEARING Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer (SH) on 12-20-05 at 1035 hours, for hearing of RVR Log #F3-05-668. The hearing was held in Administrative Segregation. MHSDS: CCMS, but the inmate's mental health status was not a factor in the charges or the disciplinary process. SA was not assigned per CCR 3315(d)(2)(A)1,2. The inmate is not illiterate, is English speaking, the issues are not complex, GPL Score is above 4.0, and he does not require a confidential relationship in preparing his defense. The inmate acknowledged he was in good health and did not object to proceeding with this hearing. He was advised of the charges and the purposes of the hearing, and acknowledged (I/M STEPHEN also acknowledged IE). receipt of the 115, 115A, 7219 Medical Report, 24 hours prior to this hearing, and the hearing was held within 30 days of the issuance of the RVR, therefore, all time constraints were met. IE WAS ASSIGNED. The issues are not complex, but the inmate received his first copy of the RVR within 15 days of discovery and additional information was necessary for a fair hearing. C/O R. Ramirez was assigned on 11-30-05 and the report was taken into consideration by the SHO. WITNESSES: Requested, but subsequently waived by the inmate, as verified by the inmate's signature on the 115A. INMATE PLED: NOT GUILTY, stating, "I did not threaten him. I did not _____

HEARING CONTINUED ON ATTACHED page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | SIGNATURE | DATE/ |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | | ▶ | |
| C.P Franco, Lieutenant | | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE/ |
| REVIEWED BY: (SIGNATURE) | DATE | ▶ P.A Cowen, Associate Warden | |
| ▶ A. Bracamonte, Facility Captain | | BY: (STAFF'S SIGNATURE) ▶ | DATE 1/03/05 |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | |

CDC 115 (7/88)

DEPARTMENT OF CORRECTION
PAGE _2_ OF _2_

STATE OF CALIFORNIA

## RULES VIOLATION REPORT - PART C

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN, J. | F3-05-668 | RJDCF | 12-20-05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

Hearing (continues).....
**FINDINGS: NOT GUILTY** of CCR 3005(c)THREATENING STAFF, a Division "D" offense, based on the preponderance of the foll
mitigating evidence considered during the hearing:

A. The RVR dated, 11-27-05, authored by C/O M. Espinoza; he does not document a threat by I/M STEPHEN in any fashion
or form. At worst, I/M STEPHEN disrespected C/O ESPINOZA, stating, "You have been fucking with me from the begin
which does not constitute a threat.

B. As documented by C/O Espinoza, I/M STEPHEN did lock it up in his cell, with C/O Espinoza subsequently returning
at 1945 hours to his cell and the cell door was closed, and then I/M STEPHEN made the remark, "Fuck you, you'll g
yours!".

C. The SHO notes an incomplete IE Report, in that one documented Inmate Witness, I/M CLARK, K-12655, F3-14-129L was
not interviewed. Additionally, I/M STEPHEN's at this hearing presented a written request that an additional Inm
be interviewed, questioning the due process right of I/M STEPHEN and his right to present evidence at this hearing

Based on the aforementioned evidence presented at this hearing and no preponderance of evidence presented
demonstrating guilt, the SHO elects to Dismiss this Serious RVR in the interest of justice.

**DISPOSITION: NOT GUILTY: Dismissed.** Per CCR 3326(2), the CDC-115 will be removed from the Central File of the inm
he will be provided a completed copy of the RVR, and a completed copy will be placed in the Register of Institutio
Violations. All other copies of the CDC-115 and supplemental reports shall be destroyed.

The inmate was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer,
and of his right to appeal this action per CCR 3084.1 within 15 days thereof on a CDC-602 form if dissatisfied.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C.P Franco, Lieutenant | | |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 12/23/05 | 0925 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

# SERIOUS RULES VIOLATION REPORT

STATE OF CALIFORNIA

| | | | LOG NO. |
|---|---|---|---|
| | | | F3-05-668 |

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION |
|---|---|---|---|---|
| C-56483 | STEPHEN, J. | CCR 3005(C) | 11-27-05 | RJDCF |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

|  | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ N/A | |
| DATE NOTICE OF OUTCOME RECEIVED    DISPOSITION | N/A | |
| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ N/A | DATE |

| STAFF ASSISTANT | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | | |
| | DATE       NAME OF STAFF | |
| ☐ ASSIGNED | | |
| | REASON | |
| ☐ NOT ASSIGNED | | |

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE ▶ Jom Stephen | DATE 11-29-05 |
|---|---|---|
| ☒ REQUESTED   ☐ WAIVED BY INMATE | | |
| | NAME OF STAFF | |
| ☒ ASSIGNED | DATE 11-30-05   R. RAMIREZ, Correctional officer | |
| | REASON | |
| ☐ NOT ASSIGNED | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER ___   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | CLARK 14-129 | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant inform... documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 11-30-05, at approximately 1450 hours, I informed Inmate STEPHEN, CDC# C-56483 that I was ... fact finder for the Senior Hearing Officer and my function was to gather pertinent informatio... question staff and/or inmates, and submit a written report. Inmate STEPHEN stated he understo... my position as the Investigative Employee and had no objection to my assignment.

DEFENDANT'S STATEMENT: Inmate STEPHEN elected not to make a statement.

REPORTING EMPLOYEE'S STATEMENT: CORRECTIONAL OFFICER M. ESPINOZA: "I informed Inmate STEPHEN he was an A2-E... He became agitated and said I was messing with him. I told him to calm down and go back to his cell. ... a ball pioint pen in his right hand and was holding it in a manner that was Threatening to me. I unsecured the stra... O.C. Pepper Spray holder. I repeated my instructions for him to settle down. He backed up and went in his cell. Af... did the 1945 hours unlock, I went to check the cells. When I passed Inmate STEPHEN's cell he had the ball point pe... hand, making threats saying that. "You'll get yours!" I informed Sgt. Delatorre of the situation. Sgt. Delatorre an... at my H/U and placed Inmate STEPHEN in handcuffs. COPY IF TO I/M   12-8-05  1055 ...

CONTINUED ON PART "C"   page 1 of 2

R. RAMIREZ, Correctional Officer

INVESTIGATOR'S SIGNATURE ▶    DATE 11-29...

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ D. ... | TIME 1045 | DATE 11-29... |
|---|---|---|---|

CDC 115-A (7/88)   — If additional space is required use supplemental pages —

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| -56483 | STEPHEN | F3-05-668 | RJDCF | 12-04-05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☒ IE REPORT   ☐ OTHER___

INMATE STEPHEN wants to know from C/O Espinoza:
Q."Why did you wait so long before taken any action?"

A. "I wanted this situation to de-escalate by talking to you. I thought you could go back in y
cell and cool off. When I passed by your cell and you started making threatening statements
again I knew the only solution now was to notify my Sergeant."

STAFF WITNESS STATEMENT: CORRECTIONAL OFFICER Sgt Delatorre:
Officer Espinoza notified me stating he had an inmate in his Housing Unit that was making
threatening remarks. I instructed C/O Espinoza to keep the inmate in his Cell until I arrived
with Yard Staff. I handcuffed Inmate STEPHEN and had him brought up to Program.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| R. RAMIREZ, Correctional Officer | | 1 / 7 / |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 12.8.05 | 1055 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT   REFER TO INCIDENT REPORT #RJD-CEN-08-09-0592   (574)

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | LIFE | RJDCF | F3-15-1360 | F3-06-57 |

| VIOLATED RULE NO(S): | SPECIFIC ACTS | ~~BATTERY ON A NON-PEACE~~ | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(c) | FORCE & VIOLENCE | ~~OFFICER REQUIRING USE OF FORCE~~   *Dismissed* | CENTRAL LIBRARY | 09/29/06 | 1840 HRS |

**CIRCUMSTANCES**

On Friday, September 29, 2006, at approximately 1840 hours, while performing my duties as a Librarian in the Central Library, Inmate STEPHEN, J., C-56483, F3-15-1360, requested approval for copies to be made of several documents. I examined the documents and discovered an altered/falsified diploma among other documents. I told STEPHEN that I would not approve copies to be made of the fraudulently altered diploma. While handing it back to him, I said, "I can write you up for this." He shouted back, "Go ahead and write me up then!" I instructed him to hand the document back to me but he instead began to stuff it into his legal folder. I reached out to pull the paper from his hand, but he hit my hand, ~~and~~ forcefully pushed my right hand away to prevent me from doing so. I pressed my alarm, and Officer I. Bravo arrived and ordered STEPHEN to get up out of the chair and turn around to allow handcuffs to be placed on him, with negative results. Instead of complying with orders, STEPHEN suddenly reached into a box that was at his feet. Office Bravo wrapped both arms around the inmate's upper torso and used his body weight and strength to forcefully place him on the floor with the assistance of Officer C. Palencia who had also responded to the Library and observed Officer Bra struggling with Inmate STEPHEN. Inmate STEPHEN further resisted by holding his arms tightly under his body, twisting

MHSDS: CCCMS                        (CIRCUMSTANCES CONTINUE)                        PAGE 1 OF

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ E. SIMON, Librarian | 10-12-06 | Central Library | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| | 10-12-06 | DATE  9-29-06 | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | "D" | 10-13-06 | ▶ G. PEDERSON, Facility 3 Captain (A) | ☐ HO  ☒ SHC  ☐ SC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 10-13-06 | TIME 1050 | TITLE OF SUPPLEMENT | DATE | TIME |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT  LOG NUMBER:  0592 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

**HEARING**

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer on 1-14-07 at 1800 hours for hearing of RVR Log# F3-06-574.   MHSDS: CCCMS, and no CDC-115X was processed.   The hearing was held in Administrative Segregatio

**SA** was not assigned per CCR 3315(d)(2)(A)1,2,3; the inmate is not illiterate, is english speaking, issues are not con GPL of I/M is above 4.0 and he does not require a confidential relationship in preparing his defense.

**DA REFERRAL:**  Hearing not postponed pending da referral, as noted by the inmates signature on the 115A.

The inmate stated he was in good health and did not object to proceeding with this hearing.

~~He was advised of the charges and the purposes of this hearing, and acknowledged receipt of the 115, 115A, 115C,~~

24 hours prior to this hearing.   The inmate received his first copy of the RVR within 15 days of discov and the hearing **was not** held within 30 days of the issuance of the RVR, therefore all time constraints were not met.

**IE waived** by the inmate as noted by the inmate's signature on the 115A.

**WITNESSES:** Were requested, but subsequently waived by the inmate, as noted by the inmate's signature on the 115A.

**I/M PLED: NOT GUILTY**, stating, "I did not do anything."

HEARING CONTINUES ON PART-C page 1 of 2

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME)  E. Garza, Lieutenant | SIGNATURE | | DATE 1/4/07 | TIME |
| REVIEWED BY: (SIGNATURE)  ▶ E. Marrero,  Facility Captain | DATE 1-16-07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE  E. Contreras, Associate Warden | DATE 1/16/0 | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                     PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN | F3-06- 574 | RJDCF | 09/29/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER_____

**CIRCUMSTANCES:** (continued)
...his body around on the floor, and kicking his legs. Responding Officer M. McCurty assisted by holding his legs down as Officer Palencia pulled the inmate's arms into place and Office Bravo was then able to apply handcuffs without further incident. Additional responding staff then took custody of the inmate and escorted him to the TTA.

I was medically examined in the TTA, with no injuries noted.

Inmate STEPHEN was advised of this report, and rehoused in the Administrative Segregation Unit.

MHSDS: 3CCMS

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| E. SIMON, Librarian | _Carl Lund_ | 10-12-06 |
| GIVEN BY: (Staff's Signature) | _Puerta_ | DATE SIGNED: 10-13-06  TIME SIGNED: 1036 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)                                                        OSP

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN | F3-06-574 | RJDCF | 1-15-07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER____

Hearing (continues).......


**FINDINGS:** **NOT GUILTY** of CCR 3005(c) BATTERY ON A NON-PEACE OFFICER, Req. Use of Force, a Division 'B' offense, based on the preponderance of the following mitigating evidence considered during the hearing:

1. The RVR dated 9-29-06, authored by Librarian E. Simon, which states in part;....that Mrs. Simon reached into I/M SIMON's hand to retrieve altered papers, and stated to the inmate, "I can write you up for this..."

2. This SHO notes that the actions by Librarian Simon should have been avoided by a Non-Peace Officer. The Librarian should have summoned Officers to retrieve the contraband.

This SHO therefore elects to Dismiss this Serious RVR based on the aforementioned evidence considered during the hearing and also notes taht the due process of time constraints were violated.

**DISPOSITION: Not Guilty: Dismissed.** Per CCR 3326(2), the CDC-115 will be removed from the Central File of the inmate he will be provided a completed copy of the RVR, and a completed copy will be placed in the Register of Institution Violations. All other copies of the CDC-115 and supplemental reports shall be destroyed.

Refer to Classification for Program/Housing review.

The inmate was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer, and of his right to appeal this action per CCR 3084.1 within 15 days thereof on a CDC-602 form if dissatisfied.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | E. Garza, Lieutenant | 1/14/07 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) C/O K BOGAIS | DATE SIGNED 01/01 07 | TIME SIGNED 1830 |

CDC 115-C (5/95)

OSP 9

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN | CCR 3005(c) | 09/28/06 | RJDCF | F3-06-514 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  [X] YES  [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

10/13/06

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | X Jam Stph | 10-13-0 |
| [ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] I REVOKE my request for postponement. | | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|---|
| [ ] REQUESTED | [X] WAIVED BY INMATE | | X Jam Stph | 10-13-0 |
| [ ] ASSIGNED | DATE | NAME OF STAFF | | |
| [ ] NOT ASSIGNED | REASON STATE HE "I CAN READ & WRITE DONT NEED ONE" | | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|---|
| [X] REQUESTED | [ ] WAIVED BY INMATE | | X Jam Stph | 10-13 |
| [ ] ASSIGNED | DATE | NAME OF STAFF | | |
| [ ] NOT ASSIGNED | REASON IE WAIVED ON 1/14/07 | | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
[ ] REPORTING EMPLOYEE  [ ] STAFF ASSISTANT  [ ] INVESTIGATIVE EMPLOYEE  [ ] OTHER  [X] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Prince  36VM | [ ] | [ ] | OFFICER ARMENTA | [ ] | [ ] |
| OFFICER LIMA | [ ] | [ ] | Mrs SIMON | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| [X] COPY OF CDC 115-A GIVEN INMATE | | 10-13-0 6 | 10 30 |

CDC 115-A (7/88)    — If additional space is required use supplemental pages —

*Matthew L. Cate, Inspector General*        *Office of the Inspector General*

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005. In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff. Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. We have therefore included your concerns in our computer database for further review and analysis. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process. If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

RL:vh:05-0011704-01

32

*Arnold Schwarzenegger, Governor*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

Jimmie Stedhen 05678
P.O. Box 8101
San Luis Obispo, California 93409-8101

TELEPHONE NO:  ·  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): (same)

NAME OF COURT: Superior Ct San Luis Obispo
STREET ADDRESS: 1035 Palm St # 385
MAILING ADDRESS:
CITY AND ZIP CODE: San Luis Obispo, California 93408
BRANCH NAME:

PLAINTIFF: Jimmie, Stedhen

DEFENDANT: 1. J. "Marshal"  4. M. "Cornelius"
2. J. "Long"  5. D.C. "Castillos"
3. N. "Grannis"  6. D. "Carey"

☒ DOES 1 TO

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☒ AMENDED (Number): (ONE)
Type (check all that apply):
☐ MOTOR VEHICLE    ☒ OTHER (specify): "Retaliation"
☒ Property Damage   ☐ Wrongful Death
☒ Personal Injury   ☒ Other Damages (specify): "Acess Court"

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded  ☐ does not exceed $10,000
                    ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

HCU 297

1. PLAINTIFF (name): Jimmie Stedhen
   alleges causes of action against DEFENDANT (name): "Marshal" & El al defendants #1-12 (Neat DABE)
2. This pleading, including attachments and exhibits, consists of the following number of pages: 12
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):

   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. July 1, 2002]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

WEST GROUP

Code of Civil Procedure, § 425.12

DABS 1-12

MC-025

| SHORT TITLE: | NUMBER: |
|---|---|
| Stephen J Marshall | HC 4297 |

1

ATTACHMENT (Number): _____            Page ____ of ____

*(This Attachment may be used with any Judicial Council form.)*            *(Add pages as required)*

2

3    7.. Asst "Gonzalez"

4    8.. Judge "Hoffman"

5    9.. Attorney "Lindsey"

6    10. M.A. "Sanchez"

7    11. Counselor "Oshiro"

8    12. Captain "Cook"

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

ATTACHMENT
to Judicial Council Form

THOMSON
WEST

Cal. Rules of Court, rule 982

2

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
    a. ☐ except defendant *(name):*
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*

    c. ☐ except defendant *(name):*
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*

    b. ☐ except defendant *(name):*
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*

    d. ☐ except defendant *(name):*
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*

    ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
    a. ☒ at least one defendant now resides in its jurisdictional area.
    b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
    c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
    d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, and *"CORRECTIONS" "Board of Control" ECT..*
    a. ☒ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because *(specify):*

(Continued on page three)

982.1(1) [Rev. January 1, 2001]    **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**    Page two of three

982.1(1)

| SHORT TITLE: Stephen J Marshal | CASE NUMBER: HC 8297 |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

  a. ☐ Motor Vehicle
  b. ☐ General Negligence
  c. ☒ Intentional Tort
  d. ☐ Products Liability
  e. ☐ Premises Liability
  f. ☒ Other *(specify):*

"Confiscation of Appliances at the "mentally ill Prisoners for write-up or C/C status

G. "Exemplary Damages".

H. "T.R.O" Against Judge "Hoffman" for Imposing CCP #391 Prefile Order of 7-13-07 without Opposition or Hear "Demurrer".. As "Opposition" set for 10-15-07 Not 7-13-07 Date of motion..

11. Plaintiff has suffered
  a. ☒ wage loss
  b. ☒ loss of use of property
  c. ☐ hospital and medical expenses
  d. ☒ general damage
  e. ☒ property damage
  f. ☐ loss of earning capacity
  g. ☒ other damage *(specify):*

"Exemplary" "Damages" for "ongoing" Negligent, "Intentional" Retaliatory" Practices.. based upon "Overcrowding" and Deprival of Property "for such..

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
  a. ☐ listed in Attachment 12.
  b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. (1) ☒ compensatory damages $50,000 Each Defendant, 12..
    (2) ☒ punitive damages $100,000 Each "12" Defendants..
  The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
  (1) ☒ according to proof
  (2) ☒ in the amount of: $ 1,800,000 Dollars plus 10% Interest upon Judgment..

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
  12-11-07

"State Laws" Violated Under 1st, 5th, &14th.. constitution.. &8th..

Date: 10-16-07

Jimmie Stephen
    (TYPE OR PRINT NAME)

▶ _(signature)_
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. January 1, 2006]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 8 of 9

4

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| STEPHEN v MARSHAL | HCY 297 |

_____ CAUSE OF ACTION—General Negligence    Page __5__
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: JIMMIE STEPHEN

alleges that defendant *(name)*. MARSHAL, COOK, OSHIRO, GRANNIS, CAREY, GONZALEZ, CASTILLO, JOHN DOE #1, LONG, JANE DOE #2, CORNELIOUS, HOFFMON, LINDSEY, SANCHEZ,

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: 3-27-07
at *(place)*: CMC- San Luis obispo, Calif.

*(description of reasons for liability)*:

"Negligence", Intentional Tort" by Defendants of 3-27-07..

1.. Upon Arrival at CMC SGT "Sanchez" willfully confiscated plaintiff Necessary "Hot Pot" allowable as 3rd Appliance under Art #43. D.O.M #54030.10.6.. under "order" of warden "Marshal".. based upon "Overcrowding" at CMC..

2.. "Cells at CMC" under "Marshal" Built for "One" prisoner at 3-27-07 Now houses "2." that is willful negligence that creates "Health", a "Safety Hazard", and safety and "Security" Issue whereas when "2nd Bed is unbucked off wall" it willfully "Blocks" entire "Aisle" whereas plaintiff "Must step on "cellmate" or cellmates Bed to get to "Toilet or a Necessity". Overcrowding..

3.. Based upon further "Retalitory" willful "Intentional" Negligence of 3-27-07 plaintiff was "Negligently" Denied "Job in PIA" when on "Non-Adverse Transfer" at 3-27-07 from Donovan, "Worked "P.I.A" under "Marshal" Denied this Right based upon counselor "Oshiro" and "Captain Cook" at classification.. based upon plaintiff court Request for "filing Fees" ect..

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(3)
Optional Form

CAUSE OF ACTION—General Negligence

THOMSON
WEST    5    CCP 425.12

MC-025

SHORT TITLE: STEPHEN O MARSHAL

CASE NUMBER: HC4297

ATTACHMENT (Number): _____    Page **6** of ____

(This Attachment may be used with any Judicial Council form.)    (Add pages as required)

INNER WARDEN "MARSHAL" SINCE ARRIVAL 3-27-07

4.. THE GUARDS AT CMC-HAVE A POLICY, CUSTOM, PRACTICE, BASED UPON

TITLE 15 ART 3190-I-2 CONFISCATION OF APPLIANCES AT WILL BASED

UPON "2" WRITE-UPS WITHIN 6 MONTHS.. WHEREAS IS "DISCRIMATORY"

AND DENIES EQUAL PROTECTION WHEREAS WHEN SENT TO "AD-SEG"

AND GIVEN "SHU" TERM PRISONERS ARE ALLOWED "ONE APPLIANCE"

WHEREAS PRISONERS IN GENERAL POPULATION WITH C/C STATUS MUST

DISPOSE OF ALL APPLIANCES UNDER 3190.. AS PRIVILEGE GROUP # C..

SHU TERM IS PRIVILEGE "GROUP # D". "3190-I-3..

"3 APPLIANCES" ARE ALLOWED UNDER D.O.M. #54030.10.6..

AS "CONFISCATION OF APPLIANCES" TO PLAINTIFF BASED UPON "MENTAL RECORD"

IS "NEGLIGENT" "ABUSIVE" BY "MARSHAL" "CONSPIRATORY" TACTICS..

[ AS "CMC" IS MOSTLY "MENTALLY ILL" AND "APPLIANCES" ACT AS THERAPY ]

5..    ON 6-30-07 GUARD "CASTILLO" WILLFULLY, SEARCHED PLAINTIFF

CELL AND STATED HE CONFISCATED "PERSONAL PROPERTY" AND "DESTROYED"

SAID PROPERTY AND SIGNED BY "CASTILLO" THE PROPERTY WAS "BLACK"

"CIVIL RIGHTS" PHOTOS, ARTICLES, ETC OVER 15 YEARS OLD.. AS APPROVED

CONFISCATION BY D. CAREY AND ASST WARDEN "GONZALEZ" ON APPEAL..

6..    "DEFAMATION OF CHARACTER" BY "CASTILLO" "CAREY" AND "GONZALEZ"

WHOM WILLFULLY, NEGLIGENTLY LABELED PLAINTIFF A "GANG-MEMBER"

BASED UPON BEING "BLACK" AS ACTS ARE "RACIST, OF 6-30-07..

IN WHICH CAN DELAY "RELEASE" OR "HOUSING STATUS, UPGRADED"..

AS SEARCH AND CONFISCATING "PROPERTY" IS CONSISTENT WITH

SENDING THIS COMPLAINT TO CLERK OF SAN LUIS OBISPO SUPERIOR

OF 6-30-07 AND RETURNED FOR TRUST STATEMENT OF 7-5-07..

SHOWING "RETALIATORY, PRACTICE, NEGLIGENCE" WILLFUL, "INTENTIONAL"..

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
to Judicial Council Form

THOMSON
*
WEST

Cal. Rules of Court, rule 982

SHORT TITLE: Stephen J marshal    CASE NUMBER: 4CV297

CAUSE OF ACTION—General Negligence    Page 7

_____ (number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff (name): JIMMIE STEPHEN

alleges that defendant (name): MARShAL, COOK, OShIRO, GRANNIS, CAREY, GONZALEZ, CASTIllOS, JOHN DOE #1, LONG, JANE DOE #2, CORNElius Hoffman, LINDSEY, SANCHEZ.

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on (date): 3-27-07

at (place): CMC- San Luis ObisB CA. "OVERCROWDING" "NEGligence"

*(description of reasons for liability):* "WillFul NEGligence". Intentional."

7. the "CEll CHANGE" Policy unDER CApTain "COOk" only allow "CEll CHANGES" on WEDNESDAY Not WHEN "AVAilAble CEll" is "VAcAnt". WHEREAS CAUSED plaintiff "BlOOD PRESSURE" since 3-27-07 to be EXTREMEly HIGH for 2 months, to 5-9-07.. BASED upon "failure to RElocAte". Protect. WHEN REQUESTED.

8.. Counselor "OShIRO" by "willful NEGligence" DID AllEDGE finD 60 DAYS for WRITE-up of 8-9-05 APPEAl # RTD-3-05-01607 WHEREAS WRITE-up DICMISSED of 11-27-05 but All RECORDS DISAPPEARED All Double JEOPARDY. AS "WRITE-up" of 11-27-05 AnD 9-29-06 "BOth DISMISSED" USED At ClASSification of 4-1-07.. by "OShIRO".

9.. JANE DOE #2 of mAilROOM DID SEND VIA uNKNOWN GUARD 2 "LEGAl LETTERS" of 10-10-07 from "APPEAls "DIRECTOR of CORREctions" AND from "ATTORNEYS ROSEN, BIEN, & GAlvan" these "2" LETTERS RECEIVED At 10:00 PM As plaintiff "NEVER SIGNED" for these "2" uN-OPENED, LEGAl LETTERS. unDER Policy, Custom, Practice of WARDEN "MARShAl" by NEGligence..

Acts of 10-10-07 WERE NEGligence, Intentional, by JOHN DOE #1..

MC-025

SHORT TITLE:
STEPHEN J MARSHAL

CASE NUMBER:
HC 4297

ATTACHMENT (Number): _____                    Page **8** of ____
(This Attachment may be used with any Judicial Council form.)        (Add pages as required)

10.. Plaintiff "Legal" Booklets from "Prison Legal News" have been Denied. "Lost. Censored" since 6-1-07 as PLN states they've sent these "Booklets" to "CMC" as "Jane Doe #2 of mailroom under "Marshal" are Negligently. Intentionally" Depriving of "Legal materials" for "Access to court by Impeding"..

11.. under "Marshal" the "Law Library" since 3-27-07 willfully Negligently. Impedes. Access to court by Deprivation of the Necessary "Tools" such as "Papers". Typewriters. State tort" forms Regular and 28 Line Paper" (Citizen) Complaints" Envelopes" Pencils" "Pens" ect when "Indigent" as "Grannis" states "State Court forms" can be Acquired from the Courts "Free of Charge"..

As San Luis Obispo Superior court charge "50¢ per page" for "Copy of all forms" Requested. Also Approved by "Long". As Ack under "Marshal" based upon "Overcrowding" ect ("CMC Has "No Copy machine" in Library. as it takes "24 Hours "for copies)..

12.. On 6-6-07 Plaintiff was willfully. Negligently" written-up by "Cornelious" for "failure to Participate in school" from 4-1-07 to 6-28-07 about "2 months." When Already Have a High school Diploma. With Necessary "TABE" scores and Trades fortified state Parole Board. As Ack Retribution to place and Confiscate Property under 3190..
                    (Plaintiff willfully Denied Right to Due Process of 7-13-07)
                        by Hoffman. Linnsey. on "Brief order"..
13.. Attorney General "Lindsey" Ex-Parte with Judge "Hoffman" Did "willfully" Negligently" Intentionally" Deprive of Rights under CCP # "391" of 7-13-07. Right to file and Pursue Claims ect "without Opposition".

penalty of perjury.) As Plaintiff unable to "file" this Complaint by "fraud" Deceit".
(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

ATTACHMENT
to Judicial Council Form

THOMSON
—⋆—
WEST

Cal. Rules of Court, rule 982

| SHORT TITLE: STEPHEN v MARSHAL | CASE NUMBER: HC4297 |
|---|---|

**Exemplary Damages Attachment**

Page 9

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

EX-1. As additional damages against defendant *(name)* MARSHA "OSHIRO" COOK" GRANNIS, CAREY, LONG, GONZALEZ, CASTILLOS, JOHN DOE #1, JANE DOE #2, CORNELIUS, HOFFMAN, LINDSEY, SANCHEZ.

Plaintiff alleges defendant was guilty of
☒ malice
☒ fraud
☒ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

"OVERCROWDING" "INTENTIONAL" AND "WILLFUL NEGLIGENCE"

WARDEN "MARSHAL" EXEMPTED CMC of 3" ALLOWABLE APPLIANCES" BASED UPON "OVERCROWDING" AS "GRANNIS" of SACRAMENTO APPEALS WILLFULLY DENIED. STATE DOCUMENTS by STATING "UPON ARRIVAL of APPLIANCES" of 3-30-07 by "APPROVED VENDOR" AS this is "ERROR" AS PLAINTIFF ARRIVED WITH "3" APPLIANCES on "NON-ADVERSE TRANSFER" FROM DONOVAN of 3-27-07.. IN "CELLS" BUILT for "ONE"..

RIGHT to TRANSFER WAS DENIED by OSHIRO, COOK.. AS DEFENDANTS ACTS SUPPORTED by SACRAMENTO by "GRANNIS".. on ALL CLAIMS STATED AS WELL AS "INADEQUATE LIBRARY" for "LEGAL USERS. NON-LEGAL USERS HAVE "MORE ACCESS"..

WILLFULLY DENIED of "PIA JOB" by "OSHIRO". ACCESS to SUPPLIES, FORMS. for ACCESS to (COURT DENIED) by "LONG".. "GRANNIS" of SACRAMENTO APPROVED of these VIOLATION of RIGHTS UPON MANDATORY APPEAL to "3RD LEVELS"..

"RETALITORY PRACTICES" UNDER "MARSHAL" SINCE 3-27-07..

EX-3. The amount of exemplary damages sought is
a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10..
b. ☒ $ 100,000 EACH DEFENDANT.. total $1,200,000 Dollars

Form Approved by the Judicial Council of California Effective January 1, 1982 Rule 982.1(13) Optional Form

Exemplary Damages Attachment

CCP 425.12

982.2(b)(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JIMMIE STEPHEN C56483<br>P. O. BOX 8101<br>Sm LuiS obisPo, California 93409-8101<br>TELEPHONE NO.:              FAX NO.:<br>ATTORNEY FOR (Name): (SAME) | |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:

SuPerior Court Sm LuiS obisPo

CASE NAME:

Stephen v marshal

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: HC v297 |
|---|---|---|
| ☐ Limited  ☒ Unlimited | ☒ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | ASSIGNED JUDGE: |

*Please complete all five (5) items below.*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | |
|---|---|---|
| ☐ Auto (22) | ☐ Other employment (15) | ☐ Writ of mandate (02) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | **Contract**<br>☐ Breach of contract/warranty (06) | ☐ Other judicial review (39)<br>**Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 1800–1812)** |
| ☐ Asbestos (04) | ☐ Collections (e.g., money owed,<br>open book accounts) (09) | ☐ Antitrust/Trade regulation (03) |
| ☐ Product liability (24) | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| ☐ Medical malpractice (45) | ☐ Other contract (37) | ☐ Claims involving mass tort (40) |
| ☒ Other PI/PD/WD (23) | **Real Property** | ☐ Securities litigation (28) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Toxic tort/Environmental (30) |
| ☐ Business tort/unfair business practice (07) | | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Civil rights (e.g., discrimination,<br>false arrest) (08) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Defamation (e.g., slander, libel) (13) | ☐ Other real property (e.g., quiet<br>title) (26) | ☐ Enforcement of judgment (e.g., sister state,<br>foreign, out-of-county abstracts) (20) |
| ☐ Fraud (16) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Intellectual property (19) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Professional negligence (e.g., legal<br>malpractice) (25) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| **Employment** | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Wrongful termination (36) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| | ☐ Petition re: arbitration award (11) | |

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought (check all that apply):
   a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive

4. Number of causes of action (specify): 3

5. This case ☐ is ☒ is not a class action suit.

Date: 10-16-07

JIMMIE STEPHEN
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.)
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>982.2(b)(1) [Rev. January 1, 2000] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 982.2, 1800–1812;<br>Standards of Judicial Administration, § 19 |
|---|---|---|

10

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** 4. M. *Cornelius*
**(AVISO AL DEMANDADO):** 5. D.C. "*Castillos*"
1. J. "*Marshal*"    6. D. "*Carey*"
2. J. "*Long*"    7. Asst "*Gonzalez*"
3. N. "*Grannis*"
**YOU ARE BEING SUED BY PLAINTIFF:** 8. *Juice "Hoffman"*
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** 9. *Attorney "Linasey"*

*Jimmie Stephen*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *San Luis Obispo Superior* (El nombre y dirección de la corte es:) *1035 Palm St #385 San Luis Obispo Calif 93408* | **CASE NUMBER:** (Número del Caso): *HC4297* |

*Jimmie Stephen* C56483
P.O. Box 8101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *San Luis Obispo, Calif 93409*
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

| | | |
|---|---|---|
| DATE: (Fecha) | Clerk, by _____ (Secretario) | , Deputy (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

**THOMSON**
**WEST**

Code of Civil Procedure §§ 412.20, 465

*11*

982(a)(9)(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| *Stephen U Marshix* | *Hc 4297* |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

10. M. A. "SANCHEZ"
11. COUNSELOR "OSHIRO"
12. CAPTAIN "COOK"

Page __2__ of __2__

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]
Mandatory Form

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

THOMSON
✳
WEST

*12*

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

*HC V 297*

I am the party of the above entitled actions, a citizen of the United States and over the age of eighteen years, and a resident of San Luis Obispo County.  My current address is:

California Men's Colony-East
P.O. Box 8101 Room_____
San Luis Obispo, CA. 93409-8101

I CERTIFY ( OR DECLARE), UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON ~~XXXX~~ - 10-16-07 AT SAN LUIS OBISPO, CALIFORNIA, 93409-8101.

PETITIONER

...........................................................................................................................................

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I AM A RESIDENT OF SAID COUNTY, I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE ABOVE ENTITLED ACTION.  MY BUSINESS ADDRESS IS:

CALIFORNIA MEN'S COLONY-EAST
P.O. BOX 8101 / Room_____
San Luis Obispo, CALIFORNIA 93409-8101

10-16-

ON ~~XXXX~~ _____, 20 07 , I SERVED THE WITHIN_____

- Complaint # 1.. "Amended"

ON THE PARTY: On 10-16-07 by U.S. mail

IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID, IN THE UNITED STATES MAIL, AT CALIFORNIA MEN'S COLONY, SAN LUIS OBISPO, CALIFORNIA 93409-8101, ADDRESSED AS FOLLOWS:

(1) Attorney General
300 S. Spring St 2nd fl
L.A. California 90013

(2) San Luis Obispo Superior
1035 Palm St # 385
San Luis Obispo, Cali
93408

(3) Court of Appeal 4th
300 S. Spring 2nd f
LA Calif 90013

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON ~~XXXX~~ 10-16 , 20 07 , AT SAN LUIS OBISPO COUNTY, CALIFORNIA.

SIGNATURE OF DECLARANT

(REV.6/07)

13

Case 5:07-cv-06379-JW    Document 1-2    Filed 12/17/2007    Page 1 of 1

CALIFORNIA MEN'S COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101

Name: _Jimmie Stephen_

CDCR #: _C56483_ Cell #: _A-1149_

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

LEGAL

UNITED STATES POSTAGE
$ 00.4
02 1M
0004247478    DEC 14
MAILED FROM ZIP CODE 9

## STATE PRISON
## GENERATED MAIL

United States District Cour
450 Golden Gate Av
San Francisco, California 9
3

F8P41-0077-1            94102+3401  C004        ‖||‖|‖|‖|‖‖|‖|‖‖||‖‖|‖|

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-filing

Dear Sir or Madam:

Your complaint has been filed as civil case number CV 07 6379

JW
(PR)

✓ A filing fee of $350.00 is now due.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety.  If the application is granted, you will not have to prepay the fee, but it will be taken out of income to your prisoner account in installments.

Your complaint is deficient because you did not pay the filing fee and:

1. _____ you did not file an In Forma Pauperis Application.

2. _✓_ the In Forma Pauperis Application you submitted is insufficient because:

        _____ You did not use the correct form.  You must submit this court's current Prisoner's In Forma Pauperis Application.

        _____ Your In Forma Pauperis Application was not completed in its entirety.

        _____ You did not sign your In Forma Pauperis Application.

        _✓_ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

        _✓_ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

        _____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning: YOU MUST RESPOND TO THIS NOTICE.  If you do not respond within THIRTY DAYS  from the filing date stamped above, your action will be DISMISSED, the file closed and the entire filing fee will become due immediately.  Filing a prisoner's In Forma Pauperis Application will allow the court to determine whether installment payment of the filing fee should be allowed.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By_____
            Deputy Clerk

rev. 10/25/07

STEPHEN

1  JIMMIE STEPHEN C54483
   P. O. BOX 8101
2  SAN LUIS OBISPO, CALIFORNIA
3
4
5
6              UNITED STATES DISTRICT COURT        4/B
7              NORTHERN
8
9                              NO CASE #  0 7-6379 JW
10
11
12
13 JIMMIE STEPHEN
14      PLAINTIFF              "SUPPLEMENT"
15      V                      "IMMINENT DANGER"
16                             EXCEPTION FOR "FORMA-
17 R. HERNANDEZ                PAUPERIS" 28. USC. 1915.6
18 ET AL DEFENDANTS
19
20      PLAINTIFF HEREBY REQUEST TO SUPPLEMENT REQUEST
21 FOR "IMMINENT DANGER EXCEPTION" BASED UPON "RETALIATORY PRACTICES"
22 TO "PROVOKE" VIOLENCE" BY "MAIL TAMPERING". WITHOLDING" OF "LEGAL
23 MAIL" UP TO "139 DAYS" SINCE 11-1-04. WHILE AT RJDONOVAN
24 CORR. FACILITY.. ACTS "HINDERED" ACCESS TO COURT". WILLFULLY".
25      "BOUNS U SMITH" 430. US.817 (1977)..
26      "BIGGS U TERHUNE" 334. F3D. 910 (9th 2004)..
27      "TURNER U SAFELY" 482. US.87 (1987)..
         THUE DIRECT FRAUD OF PERJURY
28 DATE _____
                          SIGNATURE _____
                          PAGES # 4-86..
                    1.

SUPERIOR COURT OF CALIFORNIA

San Diego, CA 92112-0128

**LEGAL RETURN SERVICE REQUESTED**

REC 12-28-05
DATED 8-2-05
139 DAYS LATE 6-21-17 ✓
LAWSUIT/STEPHEN V SHELLAR

Jimmie Stephen C#56483 ✓
P. O. Box 799003
San Diego, CA92179-9003

LEGAL NON
HENRIQUEZ 6C5316006
STEPHEN V SHELAR
LAWSUIT
RECEIVED 12-28-05
DATED 8-2-05
139 DAYS LATE

NOT GLUE SEALED
BUT TAPED

OPENED

"Label UPSIDE"
DOWN
WHERE NAME of court
SUPPOSE to "BE"
IN "STAMPED" Black
"INK"

JIMMIE STEPHEN C56483
2-7-238
P.O. BOX 799002
SAN DIEGO, CA 92179-9002

CITIZENS
Complaint
11-8-05

"SUPERIOR"
Court
(LAWSUIT)
GIC-85-5668
LEGAL MAIL
"Label torn off"
Received 11-19-05
DATED 11-1-05
"8 DAYS LATE"

OPENED

5

Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128
DEPARTMENT 64

RETURN SERVICE
REQUESTED

PRESORTED
FIRST CLASS

FADFSMA 92179

JIMMIE STEPHEN
C56483
P.O. BOX 799003
SAN DIEGO, CA 92179-9003

RETURN

Left
Dated 8-8-05
Received 12-21-05
133 Days Late.

6

SAN DIEGO CA 921

01 SEP '05 PM 8 L    SEP01'05    CA

160-01274

F-2-16-2174

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock Mountain
P.O. Box 799003
San Diego, CA 92179-9003

321791300?-02 E001

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA  92186-5266

LEGAL
DATED 9-1-05
Received 12-21-05
110 DAYS Late

7

FIRST CLASS

**DEPARTMENT OF JUSTICE**
Office of the Attorney General
110 West "A" Street, Suite 1100
San Diego, California 92101

TO

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock
Mountain
P.O. Box 799003
San Diego, CA 92179-9003

8

CHIEF, INMATE APPEALS
DEPARTMENT OF CORRECTIONS
P.O. BOX 942883
SACRAMENTO, CA 94283-0001

J. CONFIDENTIAL

32173+0002-99

FIRST CLASS

UNITED STATES POSTAGE
$ 00.600
PITNEY BOWES
02 1A
000459319    SEP 06 2005
MAILED FROM ZIP CODE 95814

#2-6-2174
Legal
Dated 9-6-05
Received 12-21-05
103 Days Late

9

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Ligne

DATED 8-5-05

RECEIVED 12-21-05

136 Days Late

U.S. POSTAGE

1.0

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797

Legal Mail
Received 10-21-05
Dated 7-22-05
No More Lak

S135222
JIMMIE STEPHEN C-56483
P. O. Box 799003
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-9003

14-129U

SAN FRANCISCO
JUL 22 05
CA
Pitney Bowes
71374098
U.S. POSTAGE
=106=

11



JUL 2 8 05

1 06

PB METER
7437536  U.S. POSTAGE

RETURN SERVICE REQUESTED

SUPERIOR COURT
CIVIL DIVISION
330 W. BROADWAY
P.O. Box 120128
San Diego, CA 92112-0128

Jennie Stephen
C 50483
P.O. Box 799003
San Diego, CA 92179-9003

"LAWSUIT"
"STEPHEN V SHELAR"
"LEGAL MAIL"
DATED 7-28-05
"60" DAYS LATE
RECEIVED 9-28-05

L-2384

12

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
750 B STREET, SUITE 300
SAN DIEGO, CA 92101-8196

14-129K

7—238ft

92173-9003

SAN DIEGO CA 921
27 SEP 05
Striving for Justice

02 1A
000-4355822
MAILED FROM ZIPCODE 92101
SEP 27 2005
$00.37

Legal
Receved 10-27-05
"30" Days Late
Dated 9-27-05

13

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
750 B STREET, SUITE 300
SAN DIEGO, CA  92101-8196

14-129K

92173-5003

Striving for Justice

SAN DIEGO CA 92

02 1A
0004353822    SEP 27 2005
MAILED FROM ZIP CODE 92101

$00.37

SEP 27 2005

Legal
Recieved 10-27-05
"30" Days Late
Dated 9-27-05

14

OFFICE OF THE CLERK
SUPREME COURT OF THE UNITED STATES
WASHINGTON, D.C. 20543-0001

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

F 3-13-05 U

Rec. 4-5-05
Legal mail
"16" Days Late
Dated 3-22-05



15

Government Claims Board
P. O. Box 3035
Sacramento, Ca. 95812-3035

Received 3-17-05
"Legal mail"
"Opened"
Dated 3-14-05

Jimmie Stephen C-56483
3-13-1130
480 Alta Road
San Diego, (Alphosint)
92179

STATE OF CALIF. BOARD OF CONTROL
GOVT. CLAIMS DIV.
PO BOX 3035
SACRAMENTO CA 95812-3035

OPENED

16

RECEIVED 2-25-05
"14 DAYS LATE"
Legal Mail -
DATED 2-11-05

FIRST CLA

**DEPARTMENT OF JUSTICE**
Office of the Attorney General
110 West "A" Street, Suite 1100
San Diego, California 92101

TO

Jimmie Stephen, #C-56483
R.J Donovan Correctional Facility
at Rock Mountain
480 Alta Road
San Diego, CA 92179

lllll..l.l..l..lllll..lll...l.ll

13-113V

17

Sheriff's Department
600 Third Avenue
Chula Vista, CA 91910

Rec: 1-25-05

Legal Mail: "Opened"

Dated: 1-24-05

(LEGAL MAIL)

13-1130

STEPHEN, JIMMIE C#56483
480 ALTA RD
SAN DIEGO CA 92179-0001

OPENED

18

SUPERIOR COURT OF CALIFORNIA
Civil Division
330 W. Broadway
P.O. Box 120128
San Diego, CA 92112-0128

13-113v

Jimmie Slocum
C 56483
480 Alta Road
San Diego, CA 92179

receiveD: 12-2-0f
"heart mail"
stood thru Sat or
11-22-0f.
"13" Days Late
DateD 11-19-0f

19

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA  94102-4797

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797

Legal
Received 10-21-05
Dated 1-22-05
9/6 Days Late

S135222
JIMMIE STEPHEN C-55483
P.O. Box 799003
Richard J Donovan Correctional Facility
480 Alta Road
San Diego, CA  92179-9003

14-1294

JUL 22 05

U.S. POSTAGE

20

Government Claims Board
P. O. Box 3035
Sacramento, Ca. 95812-3035

STATE OF CALIF BOARD OF CONTROL
GOVT CLAIMS DIV.
PO BOX 3035
SACRAMENTO CA 95812-3035

Jimmie Stephen
3-13-1130
480 Alta Road
San Diego California 92179

"OPENED 2-25-05
Received
Dated: 2-25-05
"legal mail"

FEB 28 05

OPENED

21

Los Angeles Superior Court
P. O. Box
Filing Services .com 102
Los Angeles, CA 90053

Rec. 4-22-05
Legal mail
"42" Days old
Dated 3-1-05

Jimmie Stephen
"C56483", 3-13-113u
480 Alta Rd.
San Diego, Ca. 92179



22

CALIFORNIA SUPERIOR COURT
COUNTY OF SAN DIEGO
330 W. BROADWAY
SAN DIEGO, CA 92112-0128

RETURN SERVICE
REQUESTED

*Received 5/9-05*
*Dated 5-6-05*
*"13" Days Late*
*"Legal Mail"*

JIMMIE STEPHEN C56483
3-13-105Ø
PO BOX 799003
SAN DIEGO, CA 92179-9003



23

RETURN TO SENDER

1. NO TRUST WITHDRAWAL ATTACHED
2. INCOMPLETE TRUST WITHDRAWAL
3. NO INMATE TO INMATE CORRESPONDENCE WITHOUT PRIOR
   APPROVAL
4. INCOMPLETE RETURN ADDRESS
5. CARD, ENVELOPE OR CONTENTS MADE FROM STATE MATERIALS
6. NO HOBBY CRAFT ITEMS
7. OFFENSIVE OR NUDE DRAWING ON ENVELOPE
8. IF YOU REQUEST TO SEND MONEY OUT, YOU MUST SEE YOUR
9. OTHER _____
10. INSUFFICENT POSTAGE.

Lawsuit
Legal mail
Suspect chief
Sent out
(12-2-04
Rec. 12-6-04
Sent by :
Martson

TAMPERING

"Legal mail"
"Returned"
"No trust withdrawal"
Sent out: 12-6-04

24

Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

Received 5-13-05
Dated 4-25-05
"18 "Days Late
Legal mail

RETURN SERVICE
REQUESTED

JIMMIE STEPHEN C56483
3-13-105☑
P.O. BOX 799003
SAN DIEGO, CA 92179-9003



13-105 U

25

Superior Court of California
County of San Diego
220 WEST BROADWAY
PO BOX 122724
SAN DIEGO CA 92112-2724

Received 5-13-05
Dated 5-3-05
"10" Days Late
Legal mail

RETURN SERVICE
REQUESTED

Jimmie Stephen C56483
3-13-105 U
P.O. Box 799003
San Diego, CA 92179-9003

CADPSMA 92179

PRESORTED
FIRST CLASS

MAY 03 05
SAN DIEGO CA

PB METER
7137336

U.S. POSTAGE
$00.301

26

Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

MAR 10 2005

Received 3-15-05
"8" Days Late
Legal mail.
Date 3-7-05

JIMMIE STEPHEN C56483
480 ALTA ROAD
SAN DIEGO, CA 92179

RETURN SERVICE
REQUESTED

Legal MAIL
AADF3M9 92179

PRESORTED
FIRST CLASS

13~10SV

27



# CALIFORNIA WESTERN
## S C H O O L   O F   L A W

225 CEDAR STREET
SAN DIEGO · CALIFORNIA · 92101-3090

J. Brooks #214187

"Opened"
received 3-7-05
legal mail
Dated 3-3-05

CIF

Mr. Jimmie Stephen, C-56483
480 Alta Road
3-13-1130
San Diego, CA 92179

UNITED STATES POSTAGE
$ 00.370
02 1A
0004372214    MAR 03  2005
MAILED FROM ZIPCODE 92101
PITNEY BOWES

James

J. Brooks #214187

OPENED

28

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
750 B STREET, SUITE 300
SAN DIEGO, CA  92101-8196

13-105~

3217540001

Received 4-18-05
"13" Days Late
Legal mail
Dated 4-5-05

SAN DIEGO CA
05
UNITED STATES
ZIP $00.37
MAILED FROM ZIP CODE 92

29

Legal Mail
"OPENED"
3-10-05
DATED 3-9-05

STATE OF CALIF BOARD OF CONTROL
GOV'T CLAIMS DIV.
PO BOX 3035

92175+0001

JIMMIE SHEPPARD C56483
3-13-113
480 ALTA ROAD
SAN DIEGO, CALIFORNIA
92179

METER
14369

U.S. POSTAGE
.60

OPENED

30

**Superior Court of California**
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

HOJ RM 225 4

Legal mail
Recived 4-29-05
"18" Days Late
Doted 4-11-05

RETURN SERVICE
REQUESTED

PRESORTE
FIRST CLA

Jimmie Stephen E56483
3-13-105 J
P.O. Box 799003
San Diego, Chlyfornia
92179-

APR 1 05

PB METER
7137356   U.S. POSTAGE

±0526

31



**Confidential Mail**
To be opened in the presence of Addressee
per Title 15, Section 3141 (2)



STATE OF CALIFORNIA
OFFICE OF THE INSPECTOR GENERAL
P.O. Box 348780, SACRAMENTO, CA 95834-8780

16 Days old
4-14-05

13—105W

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179



U.S. POSTAGE
08 6 1 5 $00.370 MAR 28 2005
1 2 8 5 MAILED FROM ZIP CODE 95834

"Rec 4-14-05
"16" Days old
Legal mail
Dated 3-29-05

32

Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

13-105 4

RETURN SERVICE
REQUESTED

SAN DIEGO
MAR 3 0 05
CA.

PRESORTED
FIRST CLASS

PB METER
7137356

U.S. POSTAGE

00.30 ¢

RBC 4-14-05
= 15 days 3/D
Legal Mail
Dated 3-3-05

33



UNITED STATES POSTAGE
PITNEY BOWES
$ 000.370
02 1P    0002158292   OCT 27 2005
MAILED FROM ZIP CODE 90291

Jimmie Stephens CDC# C-56483
3-14-129u
P.O.Box 799033
San Diego, CA 92179-9003

**LEGAL MAIL**

LAW OFFICES
YAGMAN & YAGMAN & REICHMANN
723 OCEAN FRONT WALK
VENICE BEACH, CALIFORNIA 90291-3270

LEGAL
RECEIVED 11-14-05
DATED 10-27-05
"18" DAYS LATE

34

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA   92186-5266

3-14-1287~

Jimmie Stephen, CDC #C-56483
R. J. Donovan Correctional Facility at Rock Mountain
P.O. Box 799003
San Diego, CA 92179-9003

32173+9003-03  B001

Legal mail
Received 11-9-05
Dated 11-1-05
8 Days old

35

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
750 B STREET, SUITE 300
SAN DIEGO, CA  92101-8196

3-14-129cn

92173+9003

Serving for Justice

SAN DIEGO, CA  921

02 1A
0004353822    OCT 28 2005
MAILED FROM ZIP CODE 92101

Legal
Received 11-9-05
Dated 10-28-05
12 Days old

36.

UNITED STATES POSTAGE

PITNEY BOWES

$ 000.370

02 1P
0002158292 OCT 28 2005
MAILED FROM ZIP CODE 90291

3-14-1294

Jamie Stephen CDC# C-56483
P.O.Box 799003
San Diego, CA 92179-9003

**LEGAL MAIL** [1]

LAW OFFICES

YAGMAN & YAGMAN & REICHMANN

723 OCEAN FRONT WALK

VENICE BEACH, CALIFORNIA 90291-3270

32173+9003-03  B001

Legal
Received 11-9-05
Dated 10-28-05
12 Days old

3-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
880 FRONT STREET, SUITE 4290
SAN DIEGO, CALIFORNIA 92101-8900

OFFICIAL BUSINESS

RETURN SERVICE REQUESTED

FIRST CLASS AUTO

$00.292
11/04/2005
Mailed From 92101
US POSTAGE

3-14-09 ~

Legal
Received 11-9-05
Dated 11-9-05
8 Days old

38.



DEC 0 2 '04

PB METER
7148869

U.S. POSTAGE

STATE OF CALIF BOARD OF CONTROL
GOV'T CLAIMS DIV.
PO BOX 3035
SACRAMENTO CA 95812-3035

Reylorth " Opened " legal Mail " old Late
Rec. 12-8-04 " 12-2-04 " 6 "Days"

OPENED

39

SAN DIEGO CA 921

29 APR 05 PM 11 T

Received 5-13-05
Dated 4-29-05
"14" Days Later
no sgal mail

JIMMIE STEPHEN, CDC #C-56483
R.J. DONOVAN CORRECTIONAL FACILITY AT ROCK
MOUNTAIN
480 ALTA ROAD
SAN DIEGO, CA 92179

92173+0008

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA  92186-5266

SAN DIEGO CA 921

*Serving Has Justice®*
YESTERDAY, TODAY, AND TOMORROW

$ 00.370
02 1A
000435 3822    MAY 03 2005
MAILED FROM ZIP CODE 92101

Received 5-13-05
Dated 5-3-05
10 of 30ys Late
Resend Mike

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
750 B STREET, SUITE 300
SAN DIEGO, CA 92101-8196

92175-3003



THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

U.S. POSTAGE

Legal

Dated 8-5-05

RECEIVED 12-21-05

136 Days Late

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.370
02 1A
0004353822    APR 26 2005
MAILED FROM ZIPCODE 92101

SAN DIEGO CA
PM
Striving for Justice
YESTERDAY, TODAY, AND TOMORROW

CLERK'S OFFICE
COURT OF APPEAL
FOURTH APPELLATE DISTRICT
DIVISION ONE
750 B STREET, SUITE 300
SAN DIEGO, CA  92101-8196



ALWAYS USE ZIP CODE

JIMMIE STEPHEN, CDC #C-56483
R. J. DONOVAN CORRECTIONAL FACILITY AT ROCK
MOUNTAIN
480 ALTA ROAD
P.O. Box 799006
**SAN DIEGO, CA  92179**

92179+5006

13-105

Received 5-19-05
Dated 5-2-05
"17" Drug Lnfo
of sno mark

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA  92186-5266



JIMMIE STEPHEN, CDC #C-56483
R. J. DONOVAN CORRECTIONAL FACILITY AT ROCK
MOUNTAIN
P.O. Box 799006
SAN DIEGO, CA 92179

92173+3006

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA  92186-5266

FEB 24 '05

U.S. POSTAGE

PB METER
7144569

=0372=

STATE OF CALIF. BOARD OF CONTROL
GOV'T CLAIMS DIV.
PO BOX 3035
SACRAMENTO CA 95812-3035

13 - 113 v

Received 3-3-05
"Opened" mail 0/0
heard "bang" says "so-21-z"
Dated 2-24-

OPENED

U.S. POSTAGE
= 0 37
PB METER
7144569

SACRAMENTO CA
FEB 24 '05

13 - 113 ∨

STATE OF CALIF SOARD OF CONTROL
GOV'T CLAIMS DIV.
PO BOX 3035
SACRAMENTO CA 95812-3035

Received 3-3-05
"Opened" mail 0/0
again "opened" 3-2-05
Dated

U.S. POSTAGE

$ 00.37

PB METER
7144509

SACRAMENTO

MAY 11'05

STATE OF CALIF BOARD OF CONTROL
GOV'T CLAIMS DIV.
PO BOX 3035
SACRAMENTO CA 95812-3035

82178+0001