2-1-08

USAC - Northern
450 Golden Gate N
San Francisco, California
94102-3483

1.. CU-07-6379-JW
2.. No Case # sent ??
        "Stephen v Hoxie"

CLERK:

I have 2 pending cases this court (CU-07-6379JW) ①
sent 6 month trust statement a #2 sent 6 month trust
statement already.. No case # sent "Stephen v Hoxie"..
Ⓐ    Please make sure each one has copy of each
trust statement..

Ⓑ    Please send case # of Stephen v Hoxie and filed
free sheet etc..
    "Barnes v Smith" 430.US. 817 (1977)..
    true perjmuet fraud or perjury

Date  2-1-08                    [signature] Sum Stephen

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA MENS COLONY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: AUG. 01, 2007 THRU FEB. 05, 2008

ACCOUNT NUMBER : C56463          BED/CELL NUMBER: EFAQB1F100001149%
ACCOUNT NAME   : STEPHEN, JIMMIE EARL      ACCOUNT TYPE: I
PRIVILEGE GROUP: B

TRUST ACCOUNT ACTIVITY

<< NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | CURRENT | HOLD AMOUNT |
|---|---|---|---|---|
| 04/17/2007 | H106 | UNITED PARCEL SERVICE HOLD | 4490/501 | 3.07 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 3.07 | 0.00 |

CURRENT AVAILABLE BALANCE
3.07-

THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE TRUST ACCOUNT MAINTAINED BY THIS OFFICE.
ATTEST: 02-05-2008
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY Karen Mock  Acct Tech.
TRUST OFFICE

REPORT ID: TS3030    .701                                          REPORT DATE: 02/05/08

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA MENS COLONY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: AUG. 01, 2007 THRU FEB. 05, 2008

TOTAL NUMBER OF STATEMENTS PRINTED:              1

TOTAL CURRENT BALANCE FOR ALL THE STATEMENTS:       0.00

Case 5:07-cv-06379-JW    Document 10-2    Filed 02/08/2008    Page 1 of 1

**CALIFORNIA MEN'S COLONY STATE PRISON**
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101

Name: _Jimmie Stephen_

CDCR #: _C5LVK3_  Cell #: _A-114G_

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.41°
0004247478    FEB 06 2008
MAILED FROM ZIP CODE 93401

LEGAL

## STATE PRISON
## GENERATED MAIL

RECEIVED
JW
FEB - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FSP41-0077-1

United States District Court N
45D Golden Gate Ave
San Francisco, California 94
3



Mr. Jimmie Stephen
C-56483
P.O. Box 8101
San Luis Obispo, CA 93409

Court of United States Dis.
State of California-Northern

CASE # CV-07-6379
JW (P.R.)

Jimmie Stephen
Plaintiff

v.

R. "Hernandez"
et al defendants

1.. Request for "Order" to "Stay"
   "Transfer of Venue" in
   "Northern" District of
   U.S. District Court..
   under 28 USC. 1404-A

2.. "Immediate Danger" "Serious"
    Physical Injury. 28 USC. 1915.

Plaintiff Jimmie Stephen Hereby Request
by "Order" for "Stay" of "Transfer" of "Venue" in another
District from Stated Court whereas "Originally filed"
in U.S.D.C. "Northern" State of California..
        In the "Interest" of "Justice" under "1404-A"
for "Convenience" of "Parties" and "Witnesses"..
        "Dahlberg v Harris" 916.f.2d. 443 (8th 1990) (also
"Biggs v Telhune" 334.f.3d. 910 (9th 2004) (also
"In Re Ap. + Justices" 117. B.R. 789 (s.n.d. f.a.d..
Page #16a29..  "Orders" Available even And "Under"
                                  Exhibits Page # 4-29..

"Cost"                          Pages # 3B-C and..

"factors to be considered"
in determining whether
"Interest of Justice" favor
"Transfer of venue"..

Pages # 4-29..

A.. Plaintiff states based upon entire "yard closure"
at RT Donovan from level 3 to "Sensitive need" yard
of 12-1-06 Plaintiff "witnesses" were mostly "transferred"
to "northern" California and "Eastern" District.

B.. "Cost of attendance" of "Pages # 3B-C and..
of willing, unwilling witnesses
at trial and "Service of Process" providing for
more convenient forum to place plaintiff on some
footage as defendants.. to prevent waste of time
energy, money, and protection against unnecessary
inconvenience and expense. Page # 16 & 29..
As well as "distance between defendants "retaliation"..

C.. "Calendar" access to "Source of Proof" Protection for
litigants, witnesses and the public. Will prejudice to plaintiff
as U.S.A.L southern court are "abusive"..

D.. "Accessibility" of premises involved in litigation
including retaliatory misbehavior in pursuing complaint..
as shown in exhibits # 4-29.. willful miscarriage of Justice.

E.. "Relative Congestion" of "court docket" and

"Bounds v Smith" 430.us. 817 (1977). Access to court.
"Ashley v Ailsworth" 147.f3d.715/(8th 1998)..
"Imminent Danger Exception".." Pages # 4-29..
"Physical Serious Injury..2

Southern District Courts"
"Abuse in this Case"..
Prospects of Trial .. "by willful Abuse".. Pages # 4-29.

"Van Dusen v Barrack" 376. US. 612 (1964)..
Transfer of Case Proper Where Wrong "Venue"..
under Judges "Discretion"..
As "28 USC. 1406" Permits "Transfer of Cases"
Having "Proper Venue" but Lacking Personal Juris-
diction over Defendants..

It is "Abuse of Discretion" under "1406" to Dismiss
Case instead of "Transfer to Proper Venue"..
"Negative Influence" by Defendants on Southern
District Courts mandate Transfer of Venue"..
Where "Venue" was law in "Wrong Court" Transfer
to Proper District in "Interest of Justice" under 28
USC. 1406-A was within "Discretion of District"..
"Mosley v Nationwide" 485. f2d. 418 (1973)..

"Relief Requested" Pages # 4-29.

1.. "Stay" of "Complaint" Transfer" in "Interest of
Justice" under 1404..
2.. "Request Granting" "Right to Proceed" forthwith in
U.S.D.C. Northern)..
3.. Any other Relief by this Court..
        True against fraud or Deceipt
Date 2-13-08                    Signature [signature]

                3

"Failure to Protect"

EXHIBIT # 1

Courts of "United States District Southern"-San Diego (California) Has A "Pattern" of "Misconduct" Abuse and "Unecessary Convenience" to Plaintiff Stephen "Ongoing".

the "9th Circuit" court of Appeal "Vacated and Remanded" Complaint for "Deliberate Indifference for Serious Medical" Need of 1-1-95.

On 4-28-95 Plaintiff was willfully "Retaliation, and Assaulted" by Guards and Set Up to be "Murdered" on 6-12-95 and 6-13-95. for "Acess to Courts and the "Vacate and Remand." "Ongoing Inconvenience"

"See Pages" 9, 10, 11, 12 d 13..

Upon "Stay of Transfer" is Requested based "Interest of Justice", as Well as "Ongoing" "Miscarriage of Justice".

3A

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN. 1 1 1995

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| JIMMIE EARL STEPHEN, | ) | No. 94-56041 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. CV-94-932-JNK |
| | ) | |
| v. | ) | |
| | ) | |
| K. W. PRUNTY, Chief Deputy Warden, | ) | MEMORANDUM* |
| et al., | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Judith N. Keep, Chief Judge, Presiding

Submitted December 19, 1994**

Before:    SNEED, D.W. NELSON, and TROTT, Circuit Judges.

Jimmie Stephen, a California state prisoner, appeals pro se
the district court's order dismissing on res judicata grounds his
42 U.S.C. § 1983 action alleging medical indifference to serious
medical needs.  We have jurisdiction under 28 U.S.C. § 1291, and
we vacate and remand.

In his complaint, Stephen alleged that prison officials and
medical staff deprived him of "any and all medical necessities of
life by their wrongdoings as to their actions from 3-3-94 and
ongoing."  The district court dismissed the complaint on res

---

\*    This disposition is not appropriate for publication and may
not be cited to or by the courts of this circuit except as
provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously finds this case suitable for decision
without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

3.B

judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.

We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).

Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 113 S. Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir. 1983).

Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action. Stephen's prior action alleged that prison officials at Calipatria state prison had been deliberately indifferent to his serious medical needs between 1992 and 1993 because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials. Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to

- 2 -

3C

the injuries involved in his prior action, the district court

erred by dismissing Stephen's action on res judicata grounds.  See

id.[1/]

**VACATED and REMANDED.**



_____
[1/]    We deny Stephen's motion to consolidate this case with Appeal
Nos. 94-55626 and 94-55655.

- 3 -

3D

EXHIBIT #II..

"Courts" INTEREST of JUSTICE"
Complaints ELL..
AND "Willful INADCATE"
on U.S.A.C. SOUTHERN COURTS..

PAGE #4&5-COPY of Contesture APPLIANCES AND DIRECTOR "ORDER" NOT to Contestate..

PAGE #6-MURDER of John Young of 12-28-04..

PAGE #7-ASSAULT on Plaintiff of 4-28-95..

(ACCUSED) PAGE #9 - ATTEMPTED THREAT on Plaintiff Life of 6-12-95..Willful..

(DISMISSED) PAGE #10- Willful "ATTEMPT" on Plaintiff life of 6-13-95 by GUARDS InForment..

(DISMISSED) PAGE #11- ALLEGED STALKING on Miss Belton of 8-4-05..

(DISMISSED) PAGE #12 - Willful ASSAULT on Plaintiff life of 9-28-06..

(DISMISSED) PAGE #13- Willful FALSE CHARGES of THREATENING OFFICER of 11-27-05

PAGE #14 -TB TEST before ARRIVAL at Donovan 9-16-03..

PAGE #15-TB TEST of 5-1-05.. InFection on Plaintiff

PAGE #16 - PRISONERS at Donovan TESTED POSITIVE for TB..7-10-05

PAGE #17,18 - REQUEST for SENATE INVESTIGATION of 6-12-06 as to "VENTILATION" SYSTEM at Donovan, InFection ALLEGED SOURCE AND OTHER DEFECTS..

PAGE #19 - Willfully DENIED of LIBRARY AGAINST RULES of 12-204 to 5-1-05..

PAGE #20 - WITNESSES WHOM ARE WILLING to COME AND TESTIFY at TRIAL as to ConstItutent Violations..

"Acts SHOW A "PATTERN of MISConDUCT" only OCCUR IN SOUTHERN District Courts..WHEN I SPENT   3 E 4 YEARS IN PELICAN BAY from 1996 to 2000..

**DATE:**          October 17, 2003

**NAME:**          Stephen, J

**CDC #:**         C-56483

**APPEAL LOG #**   03-1222

**APPEAL DECISION:**    **DENIED**          <u>**SECOND LEVEL REVIEW**</u>

**APPEAL ISSUE:**          You are appealing the issue of not being permitted to keep your electronic appliances when you transferred to the Richard J. Donovan Correctional Facility, (RJDCF) because the only electronics accepted at the RJDCF have to have a clear secure plastic casing. Additionally, you want your appliances back or the money to replaced them.

**APPEAL RESPONSE:**    Mr. Stephen, I have received and reviewed your Inmate/Parolee Appeal Form, CDC-602, Log #03-1222. In my investigation of this issue I have found that you arrive with electronic appliances that were not in compliance with Operational Plan #2 at the RJDCF. I spoke with Central Receiving and Release Correctional Sergeant E. Vizcarra concerning this appeal. Sergeant Vizcarra states that on October 17, 2003, at approximately 0807 hours, you were interviewed by him and were offered the options of mailing home the <u>TV</u>, radio and <u>CD player</u>, donating the TV, radio and CD player to the State, or having them destroyed. This addendum to Operational Procedure Plan #2, Inmate Property, APPLIANCES, went into effect December 13, 2000, approved by the Warden of this institutions. The California Code of Regulations, Title 15, Article 9, Personal Property, Section 3190, General Policy, (a) states, "Warden and superintendents shall establish a list of personal property items and the maximum amount of such items an inmate may have in his or her possession within the institution."

All California institutions were notified of this change before this addendum went into effect. Regardless of what institution you were at you would have to mail the electronic appliances home if you were not in compliance. Additionally, the RJDCF policy has previously been upheld in a court of law. The Office of W. A. Duncan, Deputy Director Institutions Division, has been notified and the institution is awaiting a response from Mr. Duncan's office for clarification on the issue.

Therefore, based on the aforementioned, this Inmate Appeal is **DENIED** at the Second Level of Review.

D. M. BARNES
Chief Deputy Warden (A)

State of California                                                    Department of Correction

## Memorandum

Date    : September 19, 2002

To     : Wardens

Subject: : CLEAR-CASE TECHNOLOGIES

In July of 1998, the Director of the Department of Corrections authorized wardens to restrict new purchases of inmate televisions, radios, and compact disks/cassette players to clear-case technology only. The Director did not set exact timeframes when the removal of the old solid-color electronic devices would be implemented. It is expected that more definition of the aforementioned timeframes and phased removal of existing solid-color electrical devices will be included in the forthcoming Property Regulations. Therefore, inmates will be allowed to retain the old style solid-color electrical devices pending adoption of those regulations. No effort shall be made at this time to require inmates to send the solid-color electrical devices home or require they dispose of them in some way if they transfer from one institution to another. In the interim, wardens may continue the practice of requiring that all new purchases of electronic devices be of the clear-case technology.

Should you have any questions regarding this issue please contact Ron Cappel, Administrative Assistant, Institutions Division, at (916) 322-6038.

W. A. DUNCAN
Deputy Director
Institutions Division

cc:    Roderick Q. Hickman, Assistant Deputy Director, Operations and Programs
       George M. Galaza, Assistant Deputy Director, Community and Inmate Programs
       Ana Ramirez-Palmer, Regional Administrator-North
       Suzan L. Hubbard, Regional Administrator-South (A)
       E. Roe, Regional Administrator-Central



Matthew L. Cate, Inspector General                                                    Office of the Inspector General

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005. In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff. Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. We have therefore included your concerns in our computer database for further review and analysis. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process. If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

RL:vh:05-0011704-01

6

Arnold Schwarzenegger, Governor

RULES VIOLATION REPORT 1079-JW   Document 11   Filed 02/19/2008   Page 12 of 34

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DA. | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | CSP-CAL | D3-123L | 04-95-D08 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | D-YARD | 04/28/95 | 0650 HOU |

**CIRCUMSTANCES** On Friday, April 28, 1995, at approximately 0650 hours, while performing my duties as "D" Facility Yard Officer #1, I was performing random clothed body searches on inmates exiting dining hall #2. I ordered Inmate STEPHEN, J., C-56483, D3-123L, to submit to a clothed body search. STEPHEN refused stating "You aint touching me mother fucker", and began walking away. I again ordered STEPHEN to allow me to perform the search, STEPHEN stated "Fuck you, you aint touching me. Call the sergeant over." I called Correctional Sergeant (A) G. Ellis over and advised him of the situation. Sergeant Ellis ordered STEPHEN to submit to the search. STEPHEN assumed the position with legs spread, arms out, facing away from me. As I placed my hands on STEPHENS back, he spun around, cocked his right fist and simultaneously stepped towards me. To avoid being hit, I grabbed STEPHEN with both arms around his middle torso and yelled for him to get down. STEPHEN stared vigorously to the right and struck me twice (2) in the right eye area with his right fist. Responding staff immediately subdued STEPHEN and placed him in handcuffs. STEPHEN was escorted to the Program Office holding cell to await processing for Administrative Segregation.        Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► M. CROFOOT, CORRECTIONAL OFFICER | 5-1-95 | D-YARD C/O #1 | TUE/WED |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ► INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ► G. ELLIS, PROGRAM SERGEANT | 5-1-95 | DATE 04/28/95 | LOC A5-144U |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | 5/1/95 | | ☐ HO  ☐ SHO  ☐ FC |
| ☑ SERIOUS | 5-121-150 | | ► LT. C. Butler | ☐ NO  ☑ SHO  ☐ ☐ ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☒ CDC 115 | R Doot | 5-1-95 | 2040 | |
| ☒ INCIDENT REPORT LOG NUMBER: CAL-FDY-95-04-0170 | BY: (STAFF'S SIGNATURE) R Doot | 5-15-95 | 1820 | BY: (STAFF'S SIGNATURE) | DATE | TIME |

**HEARING** On May 29, 1995, at approximately 1000 hours, Inmate STEPHEN appeared before me in regard to a CDC-115, dated 04/28/95. This CDC-115 was issued to Inmate STEPHEN on 05/01/95. Inmate STEPHEN stated he was in good health and acknowledged receipt of all reports and was ready to proceed with the hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. STEPHEN elected to proceed with the hearing and not postpone pending outcome of referral for prosecution as indicated by his signature on the CDC-115A. STEPHEN was assigned Correctional Officer D. LARSON as investigative employee, per CCR 3315(d).   Witness(es) were requested, and granted.

**INMATE PLEA:** The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN stated: "It is all lies. It was not a random search, it's all lies."

**WITNESS STATEMENT:** Reporting Employee Correctional Officer M. Crofoot stated: "We were searching inmates and I called out to STEPHENS and he said, 'Fuck you". I called the Sergeant. I then started to search. I put my hands on his back. He spun around and I and I tried to take him down and he hit me twice in the right side of my face".

**FINDINGS:** Inmate STEPHEN was found GUILTY of violating CCR# 3005(c), specifically for ASSAULT ON STAFF. This finding was based upon the preponderance of evidence submitted at the hearing, which substantiates the charge. This evidence includes: Officer M. CROFOOT's written report.   In

| REFERRED TO | ☐ CLASSIFICATION | ☐ BPT/NAEA (continued on next page) | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| G.J. JANDA, CORRECTIONAL LIEUTENANT | CDC: | | 5/29/95 | 1000 HRS |
| REVIEWED BY (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ► Blanaid PA(A) | 5-30-95 | ► Cuevo A/W A(A) | 5/39/9 |
| | | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | Rau 90 | 5/1/95 | 1345 |

CDC 115 (7/88)

6/1/95 DCC Confirm 150 days
Loc To modify

7

CALIFORNIA DEPARTMENT OF CORRECTIONS · DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN | | CSP/CAL | FA5-144U | 04-95-D-08 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| §3005(c) FORCE & VIOLENCE | ASSAULT ON STAFF | D-YARD | 04/28/95 | 0650 HOURS |

(HEARING CONTINUED):

addition, the testimony of the Reporting Employee at the time of the hearing, the contents of the Investigative Report, the contents of the CDC-837 Incident Report. Also the contents of the CDC-7219 indicating that the injuries sustained by the Reporting Employee are consistent with the assault that STEPHENS committed upon him.

**DISPOSITION: GUILTY.** Inmate STEPHEN was assessed (150) days LOSS OF CREDIT(s) consistent with a Division "B" Offense. STEPHENS was Counseled and Reprimanded on future behavioral expectations. Senior Hearing Officer recommends retention in Administrative Segregation pending review by the Institutional Classification Committee, and further recommends assessment of appropriate S.H.U. term. REFER TO I.C.C. FOR CONFIRMATION OF CREDIT LOSS/DISPOSITION.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS AND PROCEDURES TO APPEAL THIS ACTION, AND ADVISED HE WOULD RECEIVE A COMPLETED COPY UPON FINAL AUDIT BY THE CHIEF DISCIPLINARY OFFICER.

REFERRED TO: ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G.J. JANDA, CORRECTIONAL LIEUTENANT | LT. | 5/29/95 | 1000 HR |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | Cuevo | 5/30/95 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | C/O | 5/31/95 | 1315 |

CDC 115 (7/88)

8

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP/CAL. | A5-121U | 06-A5-9C |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|---|
| #3005(c) FORCE & VIOLENCE | ASSAULT ON INMATE/SHOTS FIRED | | | AD-SEG YARD 2 | 06/12/95 | 1223 HOURS |

CIRCUMSTANCES    On Monday, June 12, 1995, at approximately 1223 hours while performing my duties as Administrative Segregation S & E   #1, I observed in exercise yard #1, Inmate FIERRO, E-7252, A5-116U, run toward Inmate STEPHEN, C-56483, A5-121U, and attempt to strike him to the mid-torso area with his right hand, using an underhand stabbing motion, as STEPHEN moved back. Inmate PADILLA, H-00471, A5-116L, ran toward Inmate SMITH, H-55937, A5-121L, and both inmates began swinging both their fists, striking each other to the upper torso area. I yelled "Weapon get down", and fired one (1) round from my state-issued 37mm gas gun, serial #D04742, with No 264R baton rounds, with negative results. FIERRO ran up behind SMITH and made a stabbing motion to his back, before kneeling down on the ground. SMITH, who was standing over PADILLA as he sat on the ground, repeatedly struck PADILLA with his left fist to the facial area. FIERRO then stood up and began moving towards SMITH, as SMITH walked toward FIERRO, and both squared off in an aggressive stance. Administrative Segregation Lieutenant G. SUMPTER discharged one (1)

(CONTINUED)

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ T. DIAZ, CORRECTIONAL OFFICER | | JUNE 12, 1995 | AD-SEG S & E #1 | Th/F |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☑ INMATE SEGREGATED PENDING HEARING | |
| ▶ W. PRICE, CORRECTIONAL SERGEANT | | JUNE 12, 1995 | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | A-1 181-360 | 7/22/95 | | LT | ☐ HO   ☑ SHO   ☐ SC   ☐ |
| ☑ SERIOUS | | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| DATE CDC 115 | BY: (STAFF'S SIGNATURE) | | TITLE OF SUPPLEMENT | |
| | ▶ Renty | 6/12/95 1800 | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | BY: (STAFF'S SIGNATURE) | DATE   TIME |
| Cal-Por/95-06-0347 | ▶ | 7/5/95 118 | ▶ | |

HEARING    Inmate STEPHEN appeared before me in regard to a CDC-115, dated 06/12/95. Inmate STEPHEN stated he was in good health had received copies of all pertinent reports at least twenty-four hours prior to the hearing, and was ready to proceed. Inmate STEPHEN was assigned Officer M. Fisher as the Investigative Employee. No witnesses were requested.
    Inmate PLEA: The charges were read to Inmate STEPHEN, and he pled NOT GUILTY. Inmate STEPHEN had no comment.
FINDING: Inmate STEPHEN was found NOT GUILTY of violating CCR# 3005(c), specifically, for ASSAULT ON AN INMATE/SHOTS FIRED. This finding was based upon the preponderance of evidence submitted at the hearing, which does not substantiate the charge. This evidence includes: The disciplinary report clearly states that STEPHEN did not participate in assault. Therefore, the finding of NOT GUILTY.
DISPOSITION: This CDC-115 is being dismissed due to INSUFFICIENT EVIDENCE. Inmate STEPHEN was advised of his rights & procedures to appeal this action. He was further informed he would receive a completed copy upon final audit by Chief Disciplinary Officer, who's signature will indicate an affirmation, reversal or modification of this action, thereby constituting the First level of review for appeal purposes.

| REFERRED TO   ☐ CLASSIFICATION   ☐ BPT/NAEA | | DATE   TIM |
|---|---|---|
| ACTION BY (TYPED NAME): | SIGNATURE | |
| K. HOWARD, CORRECTIONAL LIEUTENANT | ▶ K Howard LT | 07/17/95 1 |
| REVIEWED BY (SIGNATURE) | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ A Tutt P.A   7/19/95 | ▶ S. H. GARCIA, ASSOCIATE WARDEN AW/II | 7/20/95 |
| A. TUTT, PROGRAM ADMINISTRATOR | BY: (STAFF'S SIGNATURE) | DATE   TI |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ▶ | 7/26/95 |

CDC 115 (7/88)

9

Case 3:08-cv-00789-BTM-LSP    Document 1-3    Filed 04/28/2008    Page 19 of 97
Case 5:07-cv-06379-JW    Document 11    Filed 02/19/2008    Page 15 of 36
804 TO RECORDS:

STATE OF CALIFORNIA · DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | CSP-CAL | FA5-121U | 05-A5-95-0E2 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| #3005(c)-FORCE & VIOLENCE | CELL FIGHT | CELL A5-121 | 06/13/95 | 1455 hours |

**CIRCUMSTANCES**

On Tuesday, June 13, 1995, at approximately 1455 hours, while performing my duties as Administrative Segregation (Ad/Seg) Floor Officer #1, I heard a loud noise coming from cell A5-121, jointly occupied by Inmate SMITH, H-55937, A5-121L, and Inmate STEPHEN, C-56483, A5-121U. I observed SMITH's right arm around STEPHEN's neck, choking STEPHEN. I responded to cell A5-121 and ordered SMITH to stop fighting. SMITH then rammed STEPHEN's head into the cell door. I again ordered SMITH to stop fighting. SMITH then complied. Both inmates were then removed from their cell without further incident. Both inmates were medically evaluated by Medical Technical Assistant D. SULLINS. SMITH was then returned to cell A5-121. STEPHEN was rehoused to cell A5-225.

Inmate STEPHEN is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. MENDEZ, CORRECTIONAL OFFICER | 06/13/95 | AD/SEG FLOOR C/O #1 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ J. GOEBEL, CORRECTIONAL SGT. | 06/13/95 | DATE A5-121U LOC | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D 61-90 | 6/16/95 | ▶ | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 6/16/95 | 0925 | N/A |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | 6/16 | | ▶ | 6/16 | |

**HEARING**

On June 23, 1995 at approximately 1005 hours, Inmate STEPHEN appeared before me in regards to a CDC-115 he received on 06/23/95. STEPHEN stated that he was in good health, acknowledged receipt of all reports and was ready to proceed with this hearing. All time constraints have been met and all reports were issued more than 24 hours prior to the hearing. Correctional Officer B. BENTLEY was assigned as the Investigative Employee. Witnesses were not requested by the inmate. The charges were read to STEPHEN who pled, NOT GUILTY.

**STATEMENT OF CHARGED INMATE:** Inmate STEPHEN declined to make a statement.

**FINDINGS:** Inmate STEPHEN was found NOT GUILTY of violating CCR #3005(c), for the specific act of, FIGHTING. This finding was based upon the preponderance of the evidence submitted at this hearing, which does not substantiate the charge. This evidence includes: the contents of Correctional Officer D. MENDEZ's written report, which states that he saw SMITH with his arm around STEPHEN's neck. SMITH then rammed STEPHEN's head into the cell door. The Reporting Employee made no reference to STEPHEN fighting.

**DISPOSITION:** NOT GUILTY. DISMISSED IN THE INTEREST OF JUSTICE based upon the Senior Hearing Officer deemed that STEPHEN was the victim of assault.

INMATE STEPHEN WAS ADVISED OF HIS RIGHTS TO AND THE PROCEDURES FOR THE APPEAL OF THIS ACTION. HE WAS ALSO ADVISED THAT HE WILL RECEIVE A COMPLETED COPY OF THIS CDC-115 UPON FINAL AUDIT BY THE SENIOR DISCIPLINARY OFFICER.

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G.D. SUMPTER, CORRECTIONAL LIEUTENANT | ▶ | 6/23/95 | 1005 HR |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | 6/26/95 | ▶ | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 7/6 | 1250 |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

[ 410 ]

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | | RJDCF | F3-05U | F3-05-410 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | DISMIS | Unit #13 | 08/08/05 | 13:30 |

**CIRCUMSTANCES**

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himself, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.

**MHSDS: CCCMS**

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ RJ VASQUEZ, Correctional Officer | 8-15-05 | S & I "A", ISU | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | LOC F2-06-118L |
|---|---|---|---|
| ▶ J. W. CLARKE, Sergeant | 8-16-05 | DATE 08/09/05 | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | E (7) | 8-16-05 | ▶ J.W. DRESBACH, Facility Captain | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |
| ☒ SERIOUS | | | | | | | |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| | ▶ | 7/16/05 | 1210 | N/A | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| N/A | ▶ | | | | | | |

**HEARING**

Inmate issued copies of copies of all documents; including envelopes, signatures, etc;
this date: 9-3-05    Issued by: MM?L    Time: 1105 hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCOMS level of care. STAFF ASSISTANT: Not assigned per CCR 3315(d)(2)(A)1,2,3. INVESTIGATIVE EMPLOYEE: C/O Diaz was assigned and her report was taken into consideration. WITNESSES: None requested for this hearing. INMATE PLED: NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." FINDINGS: GUILTY of CCR 3005(a) CONDUCT, Specifically: STALKING (Behavior which endangers another person), based on:

1. The RVR, authored by C/O Vasquez, dated 8-3-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton. ISU Officer Billingsley and I conducted a search of Inmate STEPHEN's cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she did

HEARING CONTINUED ON PART-C    page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | | | DATE | TIME |
| R. J SHELAR, Lieutenant | | ▶ | | | | 9-15-05 | 1940 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | | | DATE | TIME |
| ▶ J. W. DRESBACH, Facility Captain | 9-20-05 | ▶ B. OLIVERO, Associate Warden | | | | 9-26-05 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | | | | DATE | TIME |
| | ▶ | | | | | 9-26-05 | 17h |

CDC 115 (7/88)

//

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

REFER TO INCIDENT REPORT #RJD-CEN-06-09-0592

(574)

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. (1) | LIFE | RJDCF | F3-15-136U | F3-06-574 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR 3005(c) | FORCE & VIOLENCE | BATTERY ON A NON-PEACE OFFICER REQUIRING USE OF FORCE  Dismissed | CENTRAL LIBRARY | 09/29/06 | 1840 HRS |

CIRCUMSTANCES

On Friday, September 29, 2006, at approximately 1840 hours, while performing my duties as a Librarian in the Central Library, Inmate STEPHEN, J., C-56483, F3-15-136U, requested approval for copies to be made of several documents. I examined the documents and discovered an altered/falsified diploma among other documents. I told STEPHEN that I would not approve copies to be made of the fraudulently altered diploma. While handing it back to him, I said, "I can write you up for this." He shouted back, "Go ahead and write me up then!" I instructed him to hand the document back to me, but he instead began to stuff it into his legal folder. I reached out to pull the paper from his hand, but he hit my hand, and forcefully pushed my right hand away to prevent me from doing so. I pressed my alarm, and Officer I. Bravo arrived and ordered STEPHEN to get up out of the chair and turn around to allow handcuffs to be placed on him, with negative results. Instead of complying with orders, STEPHEN suddenly reached into a box that was at his feet. Officer Bravo wrapped both arms around the inmate's upper torso and used his body weight and strength to forcefully place him on the floor with the assistance of Officer C. Palencia who had responded to the Library and observed Officer Bravo struggling with Inmate STEPHEN. Inmate STEPHEN further resisted by holding his arms tightly under his body, twisting ...

MHSDS: CCCMS                     (CIRCUMSTANCES CONTINUE)                     PAGE 1 OF 2

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► E. SIMON, Librarian | 10-12-06 | Central Library | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| ► | 10-12-6 |

| | DATE INMATE SEGREGATED PENDING HEARING | | LOC. |
|---|---|---|---|
| | 9-29-6 | | |

| CLASSIFIED OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS  B  D | 10/13/06 | ► PEDERSON, Facility 3 Captain (A) | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 10/13/06 | 1030 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| 0592 | ► | | | | | |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer on 1-14-07 at 1800 hours for hearing of RVR log# F3-06-574. MHSDS: CCCMS, and no CDC-115X was processed.  The hearing was held in Administrative Segregation.
SA was not assigned per CCR 3315(d)(2)(A)1,2,3; the inmate is not illiterate, is english speaking, issues are not complex.
GPL of I/M is above 4.0 and he does not require a confidential relationship in preparing his defense.
DA REFERRAL: Hearing not postponed pending da referral, as noted by the inmates signature on the 115A.
The inmate stated he was in good health and did not object to proceeding with this hearing.
He was advised of the charges and the purposes of this hearing, and acknowledged receipt of the 115, 115A, 115C,
24 hours prior to this hearing.  The inmate received his first copy of the RVR within 15 days of discovery,
and the hearing was not held within 30 days of the issuance of the RVR, therefore all time constraints were not met.
IE waived by the inmate as noted by the inmate's signature on the 115A.
WITNESSES: Were requested, but subsequently waived by the inmate, as noted by the inmate's signature on the 115A.
I/M PLED: NOT GUILTY, stating, "I did not do anything."

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA            HEARING CONTINUES ON PART-C page 1 of 2

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| E. Garza, Lieutenant | | 1/14/07 | 1800 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ► E. Marrero, Facility Captain | 1-16-07 | ► E. Contreras, Associate Warden | 1/16/07 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | | | |

CDC 115 (7/88)

12

804  TO RECORDS BY:

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | | | RJDCF | F3-14-129U | F3-05-118 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | THREATENING STAFF | LOCATION | DATE | TIME |
| XR 3005(c) FORCE & VIOLENCE | | | | F3 H/0#14 | 11-27-05 | 1945 hrs. |

CIRCUMSTANCES

On Sunday, November 27, 2005, at approximately 1945 hours, while performing my duties as H/U #14 Floor Officer, during the 1945 hour unlock, I notified I/M STEPHEN, J.,C-56483,F3-14-129U that his status was A2-B. I/M STEPHEN then became agitated and began stating to me, "That was stupid." I then clarified with him what my expectations were for inmates who were A2-B status and he stated, "You have been fucking with me from the beginning." I then said to him that how was I messing with you. If I verified through the Program Office his status. At this point I/M STEPHEN had a ball-point in his right hand and held it in such a way that made me believe he may use it as a weapon. I took a step back, unsecured my MK-p Oc Spray Stamp and told I/M STEPHEN to settle down and/he said, "Fuck you, you'll get yours." I repeated my instructions for him to settle down and he backed up and went in his cell. After 1945 hours unlock was complete I began checking my unit cell by cell to verify all A2-B's, C/-A's and C/C inmates were in their cells. While passing Cell #129 where I/M STEPHEN lives, he again made threats as before with a ball-point pen held in his head in an aggressive manner. I notified Program Sgt F. Dalatorre who arrived and placed I/M STEPHEN in handcuffs, and then was escorted to the Fac.3 Program Office by Yard Staff. Inmate STEPHEN is aware of this report and was Medically evaluated by Fac.3 Medical Staff.

| NEEDS: REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ M. Espinoza, Correctional Officer | | 11-28-05 | H/U #14 Floor Officer | |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| ▶ F. Dalatorre, Sergeant | | 11/28/05 | DATE 11-27-05 | LOC. |
| CLASSIFIED OFFENSE DIVISION: DATE | | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | D | | ▶ A. Bracamonte, Facility Captain | ☐ HO ☐ SHO ☐ SC ☐ FC |
| ☐ SERIOUS | | | | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | |
|---|---|---|---|---|---|---|
| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 11-29-05 | TIME 1015 | TITLE OF SUPPLEMENT 7219 Medical Report | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE 11-29-05 | TIME 1:15 |

HEARING

Inmate STEPHEN, C-56483, appeared before this Senior Hearing Officer (SH) on 12-20-05 at 1035 hours, for hearing of RVR Log #F3-05-668. The hearing was held in Administrative Segregation. NEEDS: CCMS, but the inmate's mental health status was not a factor in the charges or the disciplinary process. SH was not assigned per CCR 3315(d)(2)(A)1,2,3; The inmate is not illiterate, is English speaking, the issues are not complex, GPL Score is above 4.0, and he does not require a confidential relationship in preparing his defense. The inmate acknowledged he was in good health and did not object to proceeding with this hearing. He was advised of the charges and the purpose of the hearing, and acknowledged receipt of the 115, 115A, 7219 Medical Report, 24 hours prior to this hearing. (I/M STEPHEN also acknowledged IE). The inmate received his first copy of the RVR within 15 days of discovery and the hearing was held within 30 days of the issuance of the RVR, therefore, all time constraints were met. The issues are not complex, however the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. C/O R. Ramirez was assigned on 11-30-05 and the report was taken into consideration by the SHO. WITNESSES: Requested, but subsequently waived by the inmate, as verified by the inmate's signature on the 115A. INMATE PLED: NOT GUILTY, stating, "I did not threaten him. I did not _____.

HEARING CONTINUED ON page 1 of 2

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) C.P Franco, Lieutenant | | SIGNATURE ▶ | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ▶ A. Bracamonte, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ P.A Owen, Associate Warden | DATE | TIME |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE 12/29/15 | TIME 1925 |

CDC 115 (7/88)

13

:F and NUMBER

           STEPHEN , JIMMIE

CDC NUMBER:  C564??

**CDC 128-C**<sup>CDC-128-C</sup>

| R. J. Donovan Correctional Facility |
| F31300000000105U |

## ANNUAL TB CHRONO
## TB SKIN TESTING

**DISTRIBUTION**

CENTRAL FILE: ☐
MEDICAL FILE: ☑
INMATE: ☒

INMATE TB ALERT CODE  **21**

*Larry Lyle D.O.*

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF

05-04-2005

MEDICAL—PSYCHIATRIC—DENTAL

*14*

E and NUMBER                                                                CDC-128-C

C56483                                    R . Donovan Correctional Facility
                                          F51300000000105U

STEPHEN , JIMMIE

TB CHRONO

DISTRIBUTION                    TB SKIN TESTING/ EVALUATION

CENTRAL FILE: ☐
MEDICAL RECORD: ☐             INMATE TB ALERT CODE    33
INMATE: ☒

_Carry Lyle DO_

L.N. LYLE, D.O., M.S.,  DIRECTOR, PUBLIC HEALTH @ RJDCF
                              MEDICAL—PSYCHIATRIC—DENTAL

05-17-2005

15

## "AFFADAVIT"

I AM A PRISONER AT R.J. DONOVAN CORRECTIONAL FACILITY LOCATED AT 480 ALTA ROAD..SAN DIEGO CALIFORNIA..92179..I UNKNOWINGLY CONTACTED THE "TUBERCULOSIS GERM" WHILE DOING TIME HERE AT R.J.D..THESE TESTS ARE "MANDATORY" REQUIRED AND DONE "YEARLY"..AS A "MUST"..I HAVE NOT "REFUSED" NOR HAVE I "MISSED" A TEST..TO DETERMINE "POSITIVE OR NEGATIVE"..

ON LAST TEST DONE SEVERAL MONTHS AGO "2005"..I TESTED "POSITIVE"..AS AM CONTRIBUTING THE "OVERCROWDING""DENIAL OF ADEQUATE DOCTORS""PROPER SCREENING PROCESS" TO CURTAIL "NEWLY" INFECTED PRISONERS WHOM CARRY THE "CONTAGIOUS T.B."THAT IS SPEAD "AIR BORN"..AS THIS IS "INJURY" WITH "SIDE-EFFECTS"..

TRUE AGAINST FRAUD OR PERJURY
DATE 7-10-05

| (NAME) | (SIGNATURE) | (NUMBER) | (HOUSING) |
|--------|-------------|----------|-----------|
| Bynem, Petry | Bynem Petry | J76352 | 13-149 |
| Jimmie Stephen | Jimmie Stephen | C56483 | 13-105 |
| Alfred Yancy | Alfred Yancy | V-61195 | 12-230 u.p |
| Washington, Ahmad | | V85965 | 14-142 Low |
| Dale E Parka | | D-52585 | F-3-13-105-L |

16

All information must be typed or printed. Answer
questions in the proper spaces.

# REQUEST FOR SENATE INVESTIGATION

(SHORT TITLE)
Nicholas Noussias -vs- Robert Hernandez, Warden, Richard J. Donovan Corr. Fac.

(Complainant by full name, address, and telephone )
Nicholas Noussias CDCR#D-46818
P.O.Box 799003
San Deigo, Ca 92179-9003

(Complaint directed to a Member of the California State Senate)

Senator (full name and address): Gloria Romero
Joint Committee on Prison Construction and Operations
Attn: Chairperson
State Capitol, Room 400, Sacramento, California 95814-

Place where the complained of issues originate:

City: San Diego          County: San Diego          State: California

Describe the nature of your complaint briefly. You must state facts, not conclusions. Failure to allege sufficient facts will
result in the denial of review. A rule of thumb to follow is: who did exactly what, when, and where. (If available, attach
declarations, relevant records, court transcripts, or other documents which may support your claims.) Type in single line-
space in the area provided below. Use additional pages if necessary.

I am currently incarcerated at the State prison known as the Richard J.
Donovan Correctional Facility located in San Diego.  I am housed on Facility
Three, Building Fifteen.  My housing unit consists of one-hundred one-man
cells currently housing two men per cell.  I am alleging the ventilation
system currently in place in my housing unit as well as all other cell
housing units in RJDCF are in inadequate for the human needs for which the
system was designed.  Since my incarceration at R.J.D.C.F., I have been
experiencing respiratory difficulty, nose bleeds, etc., which I have not
experienced prior to my incarceration at RJDCF.  I sent requests to the
prison's chief engineer for repair or replacement of the system with no
positive results.  I can submit physical proof that the ventilation system
allows foreign matter into the cells breathed by myself and other prisoners.
Utilizing a food server hair net, I have been able to catch the foreign
material which partially consists of dead insects, what looks to be black
ash, and other unidentifiable foreign material.

17

Explain in what regard this matter should be brought before the State Senate?

I believe that in order to correct the inadequate ventilation system, the whole system will have to be rebuilt, possibly with a hepa-filtration type system to insure that the health of the prisoners of RJDCF are protected. Such action will require the appropriation of funds which I believe would be the province of a senate sub-committee on corrections. Moreover, before such funds can be appropriated, an investigation will have to be conducted to determine the veracity of my allegations.

---

Have you brought this complaint to the attention of anyone, or to any officials, office or agency? If yes, please state when, to whom, and to where you brought these concerns, and what, if anything, was done about the issues complained of.

I am attempted to informally resolve this matter by contacting Robert Edwards the Chief Engineer of plant operations at RJDCF with no response. I then instituted an administrative grievance to address this matter. The afore-mentioned documentation is attached hereto. The administrative grievance is currently pending final level of review in Sacramento.

---

The above information must be accompanied with a true (original) signature of the complainant, dated and attested to pursuant to the penalty of perjury, as follows. Complaints submitted which are not signed or dated will not be considered whatsoever.

I, the undersigned say: I am the complainant in this matter. I declare under the penalty of perjury under the laws of the State of California that the foregoing allegations and statements are both true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Dated this ___12th___ day of ___June___, ___2006___, at _____San Diego_____, California

Date:                                        _____
                                                        Signature of Complainant

18

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.          Category

1. _____          1. _____
2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C56483 | Laundry | 13-113 |

A. Describe Problem: On 11-23-04 Mrs E. Simon was told by unknown Lieutenant that Close Custody prisoners were not to be allowed in Law Library.. as this is a Direct Violation of title 15 Art 3377.1-4-B. which directly reverses the actions of this unknown Lieutenant on 11-23-04..

If you need more space, attach one additional sheet. Bonds USmith 430, US, 817 (1977)

B. Action Requested: "Name" of this Lieutenant.. as Mrs. Simon is An Innocent Party to this Violation of State and Possibly Federal Law..

Inmate/Parolee Signature: _Jimmie Stephen_          Date Submitted: 11-29-04

C. INFORMAL LEVEL (Date Received: 12-2-04)
Staff Response: LT. CHELAR, THIRD WATCH WATCH COMMANDER INFORMED ME ABOUT THE RULE WHICH IS BEING ENFORCED CURRENTLY. ACCORDING TO THE LEUTENANT, CLOSE CUSTODY INMATES NO LONGER CAN COME TO THE LIBRARY BETWEEN 1700 AND 2000

Staff Signature: _____          Date Returned to Inmate: 12-2-04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_Satisfied_

Signature: _Jimmie Stephen_          Date Submitted: 12-6-04
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

19

"SUPERIOR COURT OF CALIFORNIA"

"DECLARATION""AFFADAVIT"                    8-8-05

    I DO SWORE UNDER PENALTY OF PERJURY AND FRAUD THAT THE
STATEMENTS IN THIS DOCUMENT IS TRUE TO BEST OF KNOWLEDGE..I
AM HOUSED AT THE "DONOVAN STATE PRISON" AT:480 ALTA ROAD SAN
DIEGO CALIFORNIA..92179..AND THE "OVERCROWDING" HAS AFFECTED
MY TIME, BY "DENIAL"OF"PRIVILEGES"'RIGHTS" GUARANTEED BY THE
CONSTITUTION.."WEEKEND YARD""SHOWERS" ECT.."RECREATION"..AS
WELL AS "EXERCISE"..MAINLY "WEEKENDS" WHEN GUARDS DO NOT WANT
TO WORK,,SINCE 22-1-05 "ONGOING"..THE "RIGHT TO BE FED" IN
PROPER EATING FACILITY IS DENIED, DEPRIVED..OR ALLOWED THE
"15" MINUTES TO EAT AS REQUIRED BY LAW..THE "OVERCROWDING"
HAS CONTRIBUTED TO "MAIL DELAY""FEEDING DELAY"LAW LIBRARY?
DELAY"DELAY IN CLASSIFICATION"BE SEEN BY COUNSELOR" BUT WHEN
TIME TO GO TO"WORK IN "P.I.A." EVERYTHING IS ON TIME..AS WELL
AS "ADEQUATE MEDICAL""DENTAL".."ONGOING".. SINCE 11-7-04..AS
WELL AS OTHER "ONGOING INJURIES"..
        TRUE AGAINST FRAUD OR PERJURY

| NAME | SIGNATURE | NUMBER | HOUSING |
|---|---|---|---|
| Jimmie Stephen | Jimmie Stephen | C56483 | 13-105 |
| Eugene S. Williams | E.S. Wil | C-28060 | 3-13-210 |
| DONALD HILL | Donald Hill | D-34185 | 3-13-104 |
| Michael Hampton | Michael Hampton | P-20333 | 3-13-137 |
| James R. Flowers | James R. Flowers | L-97017 | F-3-13-130 |
| Tony Roberts | Tony Roberts | C-95215 | 13-101 |
| Cortez Green | Cortez Green | J-65424 | 3-13-132 |
| Wilson, Michael | Wilson, Michael | J-04156 | F-3-13-108 |
| Dale C. Shiloe | Dale C. Shiloe | D-52585 | F-3-13-105-c |
| Everett Conway | Everett Conway | V-27375 | F3-B11-C46 |
| JERRY REIBER | JERRY REIBER | P-91779 | 3-13-220 |
| JONES, A. | JONES, A. | E-83779 | 3-13-120 |
| CLARK, G.D. | CLARK, G.D. | E55102 | Fac.II-12-24 lower |
| Ahmed Qupe | Ahmed Qupe | BJ8521 | FRS u |
| Tommie Richardson | Tommie Richardson | P01288 | 12-247 |
| Pleasfield S. | Pleasfield S. | P60841 | the 3 |

20

# EXHibit # III

Copy of "Southern Courts of California" "State" Proceedings. as "Federal Southern courts" are "willfully Abusive" As Well shown As IN Exhibit # 1..

whereas Policy, Custom, Practice is to willfully Deny, Deprive "Oppositions" of "Complaints" there-fore ruling in favor of "Defendants"..

As shown in GIC-879806, GIC-83-2907 & GIC-84-0064 As "Opposition" in GIC-879806 "Re-dated" 2 "times to 9-18-07 and 10-15-07.. willfully..

As Judges Rule "Unopposed" when all motions "Opposed" by Plaintiff.

(GIC-879806 Dismissed) on 7-13-07..

29

Case 3:08-cv-00789-BTM-LSP    Document 1-3    Filed 04/28/2008    Page 32 of 97
Case 5:07-cv-06379-JW    Document 11    Filed 02/19/2008    Page 27 of 34

07/28/2007   15:43    DEPT. OF JUSTICE/ATTY.GEN. → 918055477790    NO.363    P005

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

MINUTE ORDER

Date: 07/13/2007                                          Time: 10:30:00 AM    Dept: C-60

Judicial Officer Presiding: Judge Yuri Hofmann

Clerk: Sandra Seemaster

Bailiff/Court Attendant: Tony Quidilla

ERM:

Reporter: Michael S. Gallivan
Case Init. Date: 02/02/2007                    Case Title: STEPHEN vs PITTMAN, SGT
Case No: GIC879806

Case Category: Civil - Unlimited        Case Type: PI/PD/WD - Other

Event Type: Motion Hearing (Civil)

Moving Party: JIMMIE STEPHEN

Causal Document & Date Filed: Demurrer, 05/18/2007

Appearances:


Deputy Attorney General Phillip J. Lindsay appears on behalf of Defendants.
Plaintiff, Jimmie Stephen, appears telephonically in pro per.

The Court hears oral argument and takes this matter under submission.

Later, the Court adopts its tentative ruling as follows:

Defendants' unopposed motion to have Plaintiff declared a vexatious litigant is GRANTED. Defendants' request for judicial notice is
GRANTED. The Court finds that Plaintiff's litigation history clearly fits within the criteria of a vexatious litigant pursuant to Code of Civil
Procedure §391.

Defendants' motion to have the Court order Plaintiff to furnish security is GRANTED. Defendants have established that there is no
reasonable probability that Plaintiff will prevail in his claims. See CodeCiv.Proc. §391.1 & §391.3. Plaintiff shall furnish security of
$10,000.00 (ten thousand) within 30 (thirty) days of the date this order is served on Plaintiff. Defendants shall file the proof of service of
the order with the court.

If the security is not furnished as ordered, the lawsuit shall be dismissed as to the moving Defendants in accordance with Code of Civil
Procedure §391.4. This litigation is stayed as to the moving Defendants until 10 (ten) days after the required security is furnished and
Defendants are given written notice thereof in accordance with Code of Civil Procedure §391.6.

Lastly, this Court finds that there is a need for and is therefore entering a prefiling order which prohibits Plaintiff from filing any new
litigation in this Court in propria persona without first obtaining leave of the presiding judge. CodeCiv.Proc. §391.7(a).


Plaintiff's unopposed motion for appointment of counsel is DENIED. Plaintiff cites no authority for the appointment of counsel in a civil
action in California state court.

_Yuri Hofmann_
Judicial Officer Presiding: Judge Yuri Hofmann



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO

HALL OF JUSTICE
330 W. BROADWAY
P.O. BOX 120128
SAN DIEGO, CALIFORNIA 92112-0128

CENTRAL
CIVIL
DIVISION

DEPT. 60

May 24, 2007

JIMMIE STEPHEN C56483
PO BOX 8101
SAN LUIS OBISPO, CA 93409-8101

IN RE:    GIC 879806
          STEPHEN v. SGT. PITTMAN

Pursuant to you letter filed 5/16/07, requesting copies of filed motions, please find enclosed copies of your Demurrer filed 5/16/07. This motion was not reserved in advance and due to the complexity will need to be re-calendared. **The new date is 9/18/07 at 10: 30 a.m.**

Along with your letter, you submitted a motion papers entitled, "Motion for Appointment of Attorney". This motion again was not reserved in advanced. The Court will keep it scheduled for 7/13/07 due to nature of the motion. A filed copy is enclosed.

Please file an amended notice, the original with the Court and a copy provided to defense counsel of the new hearing date for the Demurrer on 9/28/07 at 10:30 a.m.

Enclosed also is a filed copy of the amended complaint, filed 4/20/07 and the Certificate of Progress filed 5/23/07.

Sincerely,

Diane Howard
Calendar Clerk
Department 60

Encl.



JUDGE YURI HOFMANN
SAN DIEGO SUPERIOR COURT
330 W. BROADWAY
SAN DIEGO, CA 92101

## MEMORANDUM

Date: 8/10/07

To: Jimmie Stephen
    C56483 3-15-1370
    PO Box 799001
    San Diego, CA 92179

From: Grachelle Macedo, Calendar Clerk for Judge Hofmann

Re: GIC879806 Stephen vs Pittman, Sgt

Please be advised that your motion scheduled for 9/18/07 **will be continued to Monday, 10/15/07 at 9:00 am.**

If you have filed your moving papers please file and serve an amended notice with the information reflected above.

Thank you.

9

Case 3:08-cv-00789-BTM-LSP     Document 1-3     Filed 04/28/2008     Page 35 of 97
Case 5:07-cv-06379-JW     Document 11     Filed 02/19/2008     Page 30 of 34
1 Diego Superior Court, Ruling for Case GIC840064
Page 1 of 2

∂١

Return to Request Ruling

The following is a TENTATIVE ruling for 8/19/2005,
Department 64, the Honorable William R. Nevitt presiding.

Case Number GIC840064

STEPHEN v. HERNANDEZ ET AL.

Pursuant to Local Rule 2.19, the Court's tentative ruling is as follows:

The [unopposed] demurrers by defendants Contreras, Hernandez, Cota, Munoz and Clarke to the second amended complaint ("SAC") filed by plaintiff on May 17, 2005, are sustained, without leave to amend, on the grounds the SAC fails to state facts sufficient to constitute a cause of action and is uncertain.

On April 29, 2005, the Court sustained the demurrer to plaintiff's "Amended Complaint # 1" and granted plaintiff leave to file a second amended complaint alleging facts showing that the unexhausted remedies were not "available" for purposes of 42 U.S.C. § 1997e(a) and to "allege specific and nonconclusory facts showing the defendant's acts deprived him of a right, privilege or immunity secured by the federal Constitution or federal laws." The SAC does not cure the defects identified in the Court's April 29, 2005, ruling. In addition, the allegations of the SAC are unintelligible. Plaintiff has neither opposed the demurrers nor shown there is a reasonable possibility he can cure these defects by further amendment.

Plaintiff's (unopposed) "Request For Court 'Order' For Defendant 'Clark' To Turn Over 'Copy' 'Original' Of 'Cassette' 'Recording' Of 10-25-04 .. Between Plaintiff 'Stephen' And 'Clark' (With In '30' Days From Request)" (filed 7/8/05) and "Motion To Transfer Prisoner To Court" (filed 7/8/05) are ordered off calendar.

The "Proofs Of Service" attached to the "Request" and to the "Motion" do not comply with Code of Civil Procedure sections 1013a(1) and 2015.5.

The minutes constitute the order of the Court and no formal order is required except that the demurring defendants are directed to submit a proposed judgment of dismissal to the Court within 14 days of the date of this ruling, after giving plaintiff an opportunity to review it.

2B

http://www.sandiego.courts.ca.gov/portal/online/0/i... R...

ı Diego Superior Court, Ruling for Case GIC840064                                    Page 2 of 2

he demurring defendants' counsel are directed to serve notice of ruling in accordance with
the provisions of Code of Civil Procedure section 1019.5(a).

---

*This ruling file posted to web server:  8/18/2005 1:53:12 PM*
*This ruling file retrieved by browser:  8/18/2005 1:57:29 PM*

2C

GIC840064 _____ 10/7/2005

0302

~~RECOMMENDATION~~: Pursuant to Local Rule 2.19, the Court's tentative ruling is as follows:

**Plaintiff's unopposed "'Motion To Disqualify' 'Entire' Attorneys Generals 'Office'" is denied.**

Plaintiff has not cited adequate authority in support of his alleged grounds for disqualification.

**The unopposed demurrers by defendant Woodford to the second amended complaint ("SAC") filed by plaintiff on May 17, 2005, are sustained, without leave to amend, on the grounds the SAC fails to state facts sufficient to constitute a cause of action and is uncertain.**

On April 29, 2005, the Court sustained the demurrer to plaintiff's "Amended Complaint # 1" and granted plaintiff leave to file a second amended complaint alleging facts showing that the unexhausted remedies were not "available" for purposes of 42 U.S.C. § 1997e(a) and to "allege specific and nonconclusory facts showing the defendant's acts deprived him of a right, privilege or immunity secured by the federal Constitution or federal laws." The SAC does not cure the defects identified in the Court's April 29, 2005, ruling. In addition, the allegations of the SAC are unintelligible. Plaintiff has neither opposed the demurrers nor shown there is a reasonable possibility he can cure these defects by further amendment.

**Plaintiff's motion for summary judgment (filed 6/10/05, with "Supplemental" filed 7/8/05), "Motion To 'Respond To Grievances' '4' 'Within' '30 Days'," and "Motion to Proceed Remedies timebarred" are moot in light of the ruling on defendant Woodford's demurrers and the judgment of dismissal entered in favor of the remaining five defendants.**

The minutes constitute the order of the Court and no formal order is required except that defendant Woodford is directed to submit a proposed judgment of dismissal to the Court within 14 days of the date of this ruling, after giving plaintiff an opportunity to review it.

The above rulings, together with the judgment of dismissal entered on September 21, 2005, dispose of this entire case.

Defendant Woodford's counsel are directed to serve notice of ruling in accordance with the provisions of Code of Civil Procedure section 1019.5(a).


**IT IS SO ORDERED**

**Dated: 10/7/2005**

_____
Hon. WILLIAM R. NEVITT
Judge of the Superior Court

21

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | CALENDAR NO. |
|---|---|---|---|---|---|
| C832907 | 07-14-04 | 06/03/05 | 08:30AM | 65 | COURT USE ONLY |

**JUDGE/COMMISSIONER**
HON. JOAN M. LEWIS

**CLERK**
Regina Lindsey Cooper    CSR # 7688

**REPORTER**
JACQUELINE PLUMMER
P.O.BOX 120128, SAN DIEGO, CA 92112-0128

FILED
Clerk of the Superior Court
JUN 0 3 2005 (Tc)
By: SCOTT SEYLER, Deputy

**PLAINTIFF/PETITIONER**
JIMMIE STEPHEN

**DEFENDANT/RESPONDENT**
WARDEN R HERNANDEZ

**ATTORNEY FOR PLAINTIFF/PETITIONER**
JIMMIE STEPHEN    ☐ P ☐ NP

**ATTORNEY FOR DEFENDANT/RESPONDENT**
MICHAEL P CAYABAN (1)    ☐ P ☐ NP

1. DEFENDANT MTN FOR SUMMARY JUDGMENT (and/or Frank Ardilla (Coordinator)
THIS MATTER HAVING COME BEFORE THE COURT THIS DATE, THE COURT ORDERS:

- ☐ PRIOR TO CALENDAR CALL  ☐ OFF-CALENDAR  ☐ GRANTED  ☐ BONDS _____
- ☐ DENIED  ☐ WITH/WITHOUT PREJUDICE
- ☐ PRIOR TO CALENDAR CALL  ☐ CONT. TO _____ IN DEPT _____ AT _____
- ☐ TRO  ☐ CONTINUED  ☐ VACATED
- ☐ ALL PREVIOUS ORDERS REMAIN IN FULL FORCE AND EFFECT.
- ☐ ORAL ARGUMENT    TENTATIVE DATED __6-3-05__  ☒ CONFIRMED  ☐ MODIFIED
- ☒ DISPOSES OF ENTIRE ACTION  ☐ DOES NOT DISPOSE OF ENTIRE ACTION
- ☐ PREVAILING PARTY TO PREPARE AND FILE FORMAL ORDER PURSUANT TO CRC 391.
- ☐ OTHER

Defendants' request for judicial notice of Title 15, California Code of Regulations, section 3190 (2003) is granted.

Defendants Robert J. Hernandez, Elias Contreras, Michael Liptscher, Doris M. Barnes and Efren Vizcarra's motion for summary judgment is granted for the following reasons.

First, exercising its discretion, the Court grants the motion because Plaintiff failed to file any opposition, including an opposing separate statement. See CCP Sec. 437c(a)(3).

Second, Defendants have met their burden of establishing that Plaintiff's complaint in this case concerns discretionary acts by the Defendants and that, as public employees, they are immune from liability pursuant to Gov. Code Sec. 820.2. [See evidence cited in support of Defendants' Separate Statement Issue No. 1, Nos. 1-6].

Third, Defendants have met their burden of establishing that the fraud cause of action lacks merit. [See evidence cited in support of Defendants' Separate Statement Issue No. 2, Nos. 1-8]. The Court notes Plaintiff has failed to submit any evidence to demonstrate that an intentional misrepresentation was made or that he justifiably relied on any misrepresentations.

As to Defendants Barnes and Contreras, the evidence cited in support of Defendants' Separate Statement Issue No. 3, Nos. 1 through 3 is sufficient to meet their burden that they were neither involved in the acts complained of in Plaintiff's complaint nor otherwise liable in this matter.

Finally, the Court finds Plaintiff has failed to articulate a statutory basis for his claims

Date `6/03/05`

JUDGE/COMMISSIONER OF THE SUPERIOR COURT

2E

gic832907                                                              6/3/2005

against these Defendants.

On May 17, 2005, this Court received Plaintiff's "Undisputed Facts Motion for Summary Judgment" and "Amended Motion for Summary Judgment." Because neither matter was appropriately calendared with this Court or timely noticed, the Court declines to consider these papers as affirmative motions. To the extent, these filings were intended to serve as opposition to Defendants' motion for summary judgment, the Court concludes Plaintiff has failed to meet his burden and has failed to create any triable issue of fact. Similarly, the Court declines to consider Plaintiff's motion to "amend damages" because it was neither calendared with the court nor timely served.

For all of the above reasons, the Defendants' motion for summary judgment is granted. This ruling disposes of the entire action.

*Mr. Cayabon to fax copy of this ruling to Mr. Stephen*

                                              Hon. JOAN M. LEWIS
                                              Judge of the Superior Court

2 F

Page 2 of 2

04/29/2008  14:26    6617653013              MTC TBI                    PAGE  01/02



# FAX COVER SHEET

| Date: April 29, 2008 | No. of pages (including cover): 1 |
|---|---|
| To: Saundra | From: Jill Brummett |
| Phone No.: 619-557-7362 | Phone No.:661-763-2510 ext. 1129 |
| Fax No.: 619-702-9941 | Fax No.: 661-765-3013 |

**COMMENTS:** COULD YOU PLEASE FAX ME A COPY THE  INDICTMENT FOR THE FOLLOWING NAMED INMATE?  SORRY FOR THE INCONVENIENCE.   THANK YOU!!!

RAMIREZ-RIOS, ISRAEL  #04155-298

CASE: 07CR1895-BEN        DOB: 10-16-1985        DATE OF SENTENCE: 01-11-2008

Taft Correctional Institution
P.O. Box 7000
Taft, Ca 93268
Attn: Brummett/Records
(661) 763-2510 Ext. 1129
(661) 765-3013 Fax
jill.brummett@usdoj.gov

1500 Cadet Road, PO Box 7000, Taft, California 93268  Phone 661.763.2510
The Taft Correctional Institution is operated by MTC for the Federal Bureau of Prisons

Received at: 2:24PM, 4/29/2008

04/29/2008  14:26    6617653013              MTC TBI                    PAGE  02/02

 **MTC** Taft Correctional
Institution

# FAX COVER SHEET

| Date: April 29, 2008 | No. of pages (including cover): 1 |
|---|---|
| To: Saundra | From: Jill Brummett |
| Phone No.: 619-557-7362 | Phone No.:661-763-2510 ext. 1129 |
| Fax No.: 619-702-9941 | Fax No.: 661-765-3013 |

**COMMENTS:** COULD YOU PLEASE FAX ME A COPY THE INDICTMENT FOR THE
FOLLOWING NAMED INMATE?  SORRY FOR THE INCONVENIENCE.   THANK
YOU!!!

<u>VALDOVINOS-CARDOZA, PEDRO #06594-298</u>

<u>CASE: 07CR3384-JAH</u>    <u>DOB: 12-04-1962</u>        <u>DATE OF SENTENCE: 02-11-2008</u>

Taft Correctional Institution
P.O. Box 7000
Taft, Ca 93268
Attn: Brummett/Records
(661) 763-2510 Ext. 1129
(661) 765-3013 Fax
jill.brummett@usdoj.gov

1500 Cadet Road, PO Box 7000, Taft, California 93268   Phone 661.763.2510
The Taft Correctional Institution is operated by MTC for the Federal Bureau of Prisons

2-9-08

USDC N
450 Golden Gate AV
San Francisco, California

Jimmie Stephen C56483
A-1149
P. O. Box 8101
San Luis Obispo, California
93409-8101

Clerk:

Please Send "Status" on the following
filed Cases..

1.. CU-07-6379-JW
2.. CU-08-0766-JW
3.. CU-08-0957-JW

RECEIVED
MAR 1 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Note: If "Trust Statements Received And
Form A-Damages eCD..
or any other "Defects"..
"Banks J Smith" 430. US. 817 (A77)
True Defalust Fraud ...

Date 2-9-08                          Jimmie Stephen

**CALIFORNIA MEN'S COLONY STATE PRISON**
**P.O. BOX 8101**
**SAN LUIS OBISPO, CA 93409-8101**

Name: _Jimmie Stephen_

CDCR #: _CS6483_    Cell #: _A-1/49_

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

$ 00.41⁰
02 1M
0004247478    MAR 10  2008
MAILED FROM ZIP CODE 93401

## *STATE PRISON*
## *GENERATED MAIL*

United States District Co
450 Golden Gate A
San Francisco, Californ
94102-3

FSP41-0077-1                94102+3661

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

FILED

08 MAR 13 PM 3: 49

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#1

Court of United States Dist.
State of California-Northern

Civil # C-07-6379-JW

JIMMIE STEPHEN
    plaintiff

    v

C. "Hernandez"

Motion for "Appointment"
of "Counsel"..
28. USC, 1915-E-1..

Pursuant to 28. USC 1915-E-1 plaintiff
Jimmie Stephen moves for an "Order" Appointing
"Counsel" to "Represent" him in this case.. In
support of this motion plaintiff states..
    1.. Plaintiff is "unable to Afford counsel."
He has Requested "Leave to Proceed" in "forma
Pauperis" under "Imminent Serious Damage Exceptions"
in this "matter" before this Court..
    Burns v Co of King 883. f2d. 819. 824 (9th 1988).
                I.

## "Issues Complex"

Plaintiff states "Issues" upon Plaintiff's Complaint's are "Complex" falling within Guidelines for "Appointment of Attorney". under "Burns V co. of King" 883. f.2d. 819. 824 (9th 1988) As Demostration of Both Likliehood of "Success" And "Complexity" of "Legal Issues" shows "Exceptional circumstances Required by "Burns".

As "Plaintiff" unable to "Afford" an Attorney" or "Indigent". And "Unable" to "Present evidence" and cross-examine "Witnesses" et..

### "Exceptional" circumstances"
#### by "Obstruction et..."

As "Exceptional" Issues of 9-29-06 Demand an Attorney when Defendants willfully "Intentionally "Destroyed" Plaintiff "Legal Documents". And "Prescription Eyeglasses"..

As Defendants "Admitted Loosing" Legal Documents but Not "Willfully" "Intentional" of 9-29-06..

As took "6 months" to Replace "Eyeglasses"..
During Pendency of an "Investigation". and "Obstruction of Acess"..
thereby "Shocking the conscious" and "Justifing monetary" "Liability".. "Attorney must be Appointed" forthwith..
"Johnson V Avery" 393. US. 483 (1963)..

further "Exceptional circumstances" Includes Request to "Protect" under 28. USC. A156 under Risks and Likliehood of "Imminent serious Physical Injury" by "Pattern" of misconduct by CNCR Employees etc.. ongoing. willful..

2

2.. Plaintiffs IMPRISONMENT will Greatly "limit" His ability to "litigate".. the ISSUES INVOLVED ARE "COMPLEX" the acts by Defendants and others ARE PREJUDICIAL and willfully "ABUSIVE".. that REQUIRE "SIGNIFICANT" OUTSIDE ACCESS to Court, RESOURCES, Ect, without having to RELY UPON the Defendants, employees of CDCR.. IN which HAVE "WITHELD" OVER "80 LEGAL LETTERS", "ATTACKED Plaintiff STEPHEN IN "Law Library" while "sitting" behind TYPEWRITER willfully ect..

3.. A Trial in these matter shall INVOLVE conflicting Testimony as well as "WITHELD DISCOVERY" UNDER "BRADY" as Plaintiff has Limited ACCESS to Law Library under "CASEY" as WELL as limited KNOWLEDGE of Law..

4.. Plaintiff has made REPEATED efforts to obtain a LAWYER, "without SUCCESS" ect..

WHEREFORE Plaintiff REQUEST that the Court APPOINT COMPETENT Counsel EXPERIENCED in CIVIL RIGHTS LAWS ect..
TRUE against FRAUD or PERJURE
DATE 2-10-08                    SIGNATURE [signature]

3



Jimmie Stanley C-69573-JW    Document 13-2    Filed 03/13/2008    Page 1 of 1

A-1149

P. O. Box 8101

Sin Luis Obispo, California
93409-8101

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
PITNEY BOWES
02 1M    $ 00.58⁰
0004247478    MAR 11 2008
MAILED FROM ZIP CODE 93401

United States District Co

450 Golden Gate Av

Sin francisco, California
94102-348

9410283661 C004

pages #
1-23

Jimmie Stephen, C56483
P.O. Box 8101
San Luis Obisbo, CA 93409-8101

**FILED**

MAR 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Court of U.S. District
State of California-Northern

CASE # CU-07-637A
JW (PR)

Jimmie Stephen
              Plaintiff

                              Plaintiff request to "Supp-
                              lement" complaint under
                              Fred # 15
      v.
                              "ongoing "Retaliatory" Reac-
R. Hernandez                  -ties, Battery, Custom, Policy.
et al Defendants
1. Sub "McDaniel"          4. J. "McNeil"
2. "Counselor" Osthen"     5. Warden "Marshal"
3. L. "Rhode"

        Plaintiff Stephen Hereby Request to "Supplement"
in CU-07-6379-JW Under 28 USC, 1915 "Imminent Dan-
ger" Exception "Ongoing".. Re Counsels "Retaliation" at
"time of filing" and Transfer to "CMC" of 3-27-07..

        Defendants "McDaniel" mailroom supervisor at "CMC"
Under "Warden marshal John and Jane Doe" Employees are
    "Toussaint J Shafely" 482. US. 78. (1987). Dupuis mail
    "Wolff v McDonnell" 418. US. 539 (1969) same ..

Responsible for "mailroom" Duties. Incoming under "Turner" "McDonnell" whereas pattern of CMC at Rt Donovan under "Hernandez" and "mailroom Supervisor" J. "McNeil" willfully "Withald "Legal mail" up to "139" Days over "80 times" since 5-1-05 ongoing at CMC as to plaintiff "Prison Legal News" Newspaper. Bundled under "McDaniel" since 6-1-07. As "Pattern".

All Employees sued in Individual and official Capacity. "200" Pages Legal Documents Destroyed on 9-29-06..

Count #2- Considor "Oshiro" at "CMC" alleged on 6-14-07 and 7-20-07 as to "60" Days found in audit as to write-up of 8-9-05.. whereas Appeal 2nd Level withald #RJD-3-05-01607 willfully.. whereas write-up of 8-9-05 Dismissed of 11-28-05..

"60" Days of 6-14-07 withald for "2" years under warden) "Hernandez" "Cota" and "Munoz" as Appeal Coordinators. Plaintiff Copie Stolen of Segregation by Guards 11-27-05 "Imminent Danger Exception 28. USC. A15.. under "McNeil" and "Hernandez"..

Count #3 - "L. Rande" of Medical Appeals at Rt Donovan, willfully with Hernandez Denied Serious Medical of Prescribed "Eyeglasser as "Deliberate" Indifferance".. since 10-5-04 as "Pattern"..

on 9-29-06 plaintiff "Eyeglasses" willfully Destroyed

2

bp GUARDS As Shons A Pattern) to "Retaliate"
for "Access to Court" or "filing complaints including
Grievances willfully..

As Glasses Received on 4-17-07 at CMC
from Donovan Intake of 9-29-06. Under Warden
"Hernandez" willfully.. Show me "Pattern". for Imm-
inent Danger Exception" under 28. USC. 1915..

As Acts of Receiving "Glasses" at CMC at 4-17-
07 bring "Warden Marshal" into Jurisdiction into
this Complaint..

"Deliberate Indifference "Reckless Disregard"..

"Retaliatory Objectives as Pattern"..

as on "Enemy List"..

"Ashley v Dilworth" 147. f3d. 715-17 (8th 1998) Imminent
Danger Exception satisfied when combined with others on
Enemy List..

As CMC-under "Marshal" Houses "others Deemed a
"Legal threat"Serious medical "including "A.I.D.S."& TB ect.

As Pattern) of Retaliation Existed on Plaintiff since
1995 ongoing for "Legal Complaint et ongoing.. 3-18-08..

"Carson v West" 320. f3d. 1235-46 (11th 2003) Imminent Danger

    True threat fraud or Perjury

Date 3-18-08                        [signature]

EXHIBIT

3

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| | 1. _____ | 1. _____ | | _____ |
| | 2. _____ | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee ___ ions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, wh ___ will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents a.. d not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C56483 | UA | A-1149 |

A. Describe Problem: ON or About 10-1-07 I sent via Institution mail one "Letter to CMC-mailroom" requesting my MD mail Information whether received my "Prison Legal News" A subscription Newsletter. As Havent Seen since June 2007. As Prison Legal News of Seattle Washington State they Are Sending my Newsletter via U.S. mail. As Access to Court Hendered by this Act of Censorship.

If you need more space, attach one additional sheet. "Banns J Smith" 430, US, 817 (1977)

B. Action Requested: (1) Investigation into this matter As to my Legal mail newsletter subscription.

Inmate/Parolee Signature _____ Jimmie Stephen _____    Date Submitted: 10-10-07

C. INFORMAL LEVEL (Date Received: 10-17-07)

Staff Response: Granted Several inmates are not receiving their prison legal news, we are working with the publisher to find the problem.

Staff Signature: _____ Mc Daniel _____    Date Returned to Inmate: 10-17-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

[ ]

4

October 2007

CMC APPEALS OFFICE



SEATTLE WA 981

**Prison Legal News**
2400 NW 80 St   F148
Seattle, WA 98117

34719 ** BLUE 6 ** EXPIRES: 12/15/2007
JIMMIE STEPHEN   C56483
CALIFORNIA MENS COLONY STATE PRISON
PO BOX 8101   A-1149
SAN LUIS OBISPO, CALIFORNIA 93409-8101

Dear *PLN* Subscriber:

We received your inquiry about a missing issue(s) of PLN. We
have determined the most likely problem to be the following:

☐ We did not receive your address change in time.
☑ We did not receive your renewal in time.
☑ We did not have your current/correct address.
☐ The issue had not been mailed yet at the time of your inquiry.
☐ It takes 4-6 weeks to receive the first issue of a new subscrip-
   tion or for a change to reflect on your label.
☒ You should be getting your subscription. If you are a prisoner
   check with the prison mailroom.
☐ Your subscription was pro-rated. See pg 2 of PLN for rates.

Your subscription to PLN expires on the date indicated on the
mailing label on this card. Please check this label and verify that
this is your correct address, and inform us if it is not.

Make up issues are $2.50 each and are mailed first class.

5





7

PRESORTED
FIRST CLASS

RETURN SERVICE
REQUESTED

$0.526    U.S. POSTAGE
PB METER
7157356

SAN DIEGO
CA
AUG 08 '05

Superior Court of California
County of San Diego
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128
DEPARTMENT 64

JIMMIE STEPHEN
C56483
P.O. BOX 799003
SAN DIEGO, CA 92179-9003

FADFSMA 92179

Recieved 12-21-05
Dated 8-8-05
"133" Days Late

SAN DIEGO CA 921

01 SEP 05 PM 8 1

SEP 01 05

CA

160-01274

Jimmie Stephen, CDC #C-56483
R.J. Donovan Correctional Facility at Rock Mountain
P.O. Box 799003
San Diego, CA 92179-9003

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA.  92186-5266

LEGAL 9-1-05
DATED
Recewed 12-21-05
"110" Days Late

9217945003-03  B001

9



DEPARTMENT OF JUSTICE
Office of the Attorney General
110 West "A" Street, Suite 1100
San Diego, California 92101

TO

Jimmie Stephen, CDC #C-56483
R.J Donovan Correctional Facility at Rock
Mountain
P.O. Box 799003
San Diego, CA 92179-9003

CHIEF, INMATE APPEALS
DEPARTMENT OF CORRECTIONS
P.O. BOX 942883
SACRAMENTO, CA   94283-0001

J.

CONFIDENTIAL

92179+0002-99

FIRST CLASS



UNITED STATES POSTAGE
$ 00.600
02 1A
0004359319
SEP 06 2005
MAILED FROM ZIP CODE 95814

#2-6 2/7L
Letter
Dated 9-6-05
Received 12-21-05
"105" Days Late

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

LEGAL.

DATED 8-5-05

RECEIVED 12-21-05

"13th" Days Late

14-1294

S115222
JIMMIE STEPHEN C-56683
P. O. Box 799003
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179-9003

THE SUPREME COURT
OF THE STATE OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4797

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797

*Legal*
*RECEIVED 10-27-05*
*Dated 7-22-05*
*"96" Days Late*

LEGAL
RECEIVED 10-27-05
Dated 7-22-05
"96" Days Late

F

OPTOMETRIST    Seen on
11-27-06

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. _____ | | 1. _____ | | |
| 2. _____ | | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| JIMMIE STEPHEN | C56483 | AD-SEG | 6-2271 |

**A. Describe Problem:** ON 10-5-06 I WAS REFERRED to SEE "OPTOMETRIST" FOR PRESCRIPTION EYE GLASSES BASED on WILLFULLY DESTROYING of MANDATORY READING DEVICE CALLED EYEGLASSES of 9-29-06. LIBRARY WAS told It WOULD TAKE 2 WEEKS Its BEEN A MONTH HAVENT SEEN "OPTOMETRISE". AS C/O TANSEY RETRIEVED 10 YEAR OLD EYEGLASSES from PROPERTY ON 10-20-06. OUTDATED.

If you need more space, attach one additional sheet. "ESTELLE vGAMBLE" 429, US, 97 (1976)

**B. Action Requested:** ① ACCESS to Right to READ AND DO LEGAL WORK without STRAINING & HEADACHES.
② ANY OTHER Relief.

Inmate/Parolee Signature: _Jimmie Stephe_    Date Submitted: **10-31-06**

**C. INFORMAL LEVEL (Date Received: 11-3-06 )**

**Staff Response:** You were seen by the optometrist on 9/12/06 and are currently pending to be scheduled to see the optometry again. The ___ therefore your request is granted in that you will be seen by the optometrist for glasses.

Staff Signature: _____    Medical Appeals Analyst    Date Returned to Inmate: **11-21-06**

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

" Came to segregation on 9-29-06 "

SAW OPTOMETRIST 11-27-06

Signature: APPEAL DENIED 12-4-06,    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

16

26

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region       Log No.              Category
1. ___RJD___                          1. 04-1553          _Medical_
2. _____                        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| JIMMIE STEPHEN | C#56483 | LAUNDRY | 13-113 UP |

A. Describe Problem: APPEALING THE FACT THAT IVE REQUESTED TO SEE "OPTOMETRIST" FOR APPROXIMATELY "9" MONTHS HERE AT R.J. DONOVAN CORR. FACILITY WITH OUT RESULTS..THEREFORE DEPRIVING ME ACCESS TO LIFES NECESSITIES AS FAR AS VIEWING IS CONCERNED,AND LIFES LUXURIES OF VIEWING OR READING THINGS IN LAW LIBRARY TO HELP ME FIGHT MY CONVICTION ECT..THEREBY FURTHER "INJURING" PETITIONER..WITH MALICE AFORETHOUGHT..MY "EYES" HAVE GOTTEN WORSE SINCE IVE REQUESTED TO BE SEEN TO A POINT OF NEEDING"SURGERY"AS I PRESENTELY WEAR "BIFOCALS" AND HAVE BEEN TOLD "SURGERY WOULD BE DOWN THE ROAD" IN MY FUTURE.
If you need more space, attach one additional sheet.     TITLE 15 ART "3350""3350-2"

B. Action Requested: "OUTSIDE" TREATMENT AS R.J. DONOVAN HAS NEGLECTED THIS PROBLEM TOO LONG..AND TO VERIFY WHETHER "SURGERY" IS AN OPTION. AS CONSTANT EYE HEADACHES,RUNNY EYES, ARE SOME OF THE SYMPTONS..AS WELL AS "BLURRED" VISION..NEEDING IMMEDIATE ATTENTION.

Inmate/Parolee Signature: _Jimmie Stehn_                    Date Submitted: 8-27-04

C. INFORMAL LEVEL (Date Received: 10-3-04 )

Staff Response: You must be refused by your facile physica if he or she feels that youre condition requires an "outside" evaluation the refusal will be prepared and scheduled.

Staff Signature: _D Paige HCA P_                    Date Returned to Inmate: 10-5-04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

My problem is Everyday SEEING correctly without Limitations here at R.J. Donovan, for Past 11 months now ongoing, since Around November 2003.. An outside Optometrist is on the seeing Optometrist, Doctors here, It's not my call, but I'm Requesting..

Signature: _Jimmie Stephen_                    Date Submitted: 10-22-04
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

25                    Ⓓ                    17

LEGAL STATUS SUMMARY TYPE- P        CMC        ** DISCREPANT **07/20/2007 21:34

| CDC. NUMBER | NAME | | ETHNIC | BIRTHDATE |
|---|---|---|---|---|
| C56483 | STEPHEN,JIMMIE,EARL  AO  1/14/01 | | BLA | 07/18/1952 |

ACA STEPHENS,JIMMIE
ACA STEPHENS,JIMMIE,EARL

| TERM STARTS | LIFE TERM STARTS | MIN ELIGIBLE PAROLE DTE | |
|---|---|---|---|
| 04/22/1991 | 09/09/2001 | 09/09/2011 | |

| | PAROLE PERIOD |
|---|---|
| BASE TERM 15/00 + ENHCMNTS 20/00 = TOT TERM 35/00 TO LIFE | LIFE |

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 | P1203-3 | P2900-1 | CRC-CRED | MH-CRED | P4019 | P2931 | POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|---|
| A714077 | 674 | | | 336 | | | | 11 | 1021 |

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

DOC. HEARING:       /        DEFENSE ATTORNEY: KESSEL, A.
INIT. HEARING: 09/2010   INVESTIGATING AGENCY:  PD/LA

| RECV DT/ | COUNTY/ | CASE | SENTENCE DATE | CREDIT | OFFENSE |
|---|---|---|---|---|---|
| CNT | OFF-CODE | DESCRIPTION | | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE    (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
| 4/22/1991 | LA | A714077 | 4/10/1991 | | |
|---|---|---|---|---|---|
| | 03 | P667.5(B) | PPT-NV | 1 | |
| | 03 | P667(A) | 01 PFC SERIOUS | 1 | |
| 01 | P187 2ND | MURDER 2ND | | 32 | 06/06/1989 |
| | | (O) WPN | | | |
| | | 12022.5 USE | | 1 | |

| IWTIP WAIVER DATE | BEGINNING BALANCE | CREDIT APPLIED | TOTAL LOST | TOTAL RESTORED | NET TOTAL |
|---|---|---|---|---|---|
| 04/22/1991 | 2447 | 2537 | 360 | 330 | 2507 |

CREDITS AUTO RE-VESTED PER PC-2934 :      5

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | VIOL CAT | DAYS |
|---|---|---|---|---|---|---|
| WCR | 07/03/2007 | | F305410 | | | 60 |

****** CONTINUED ******

*wcr per 1286 of 7-3-07. eprd Recalc'd.*        *18*

LEGAL STATUS SUMMARY --CONTINUATION--    PAGE    2

| CDC NUMBER | NAME |
|---|---|
| C56483 | STEPHEN,JIMMIE,EARL |

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | DAYS | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | ASSESS | LOST | REST | DEAD |
| CON | 02/01/1983 | | ******BEG BAL****** | | | | | |
| ADD | 11/19/1982 | | A623116 | | | | | |
| ADD | 12/21/1984 | | A755003 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |

CURRENT PC BALANCE:    457         CURRENT BC BALANCE:    1370

19

## INMATE APPEAL ROUTE SLIP

To: F3                                         Date: October 17, 2005

                                                    14-12qu

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-3-05-01607 By Inmate  STEPHEN, C56483

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue:  DISCIPLINARY
Due Date:  11/28/2005
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin
your response with: GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete
will be returned to the responding staff for appropriate completion. Refer to D.O.M.
54100 for instructions.


J. T. Stovall
Inmate Appeals Coordinator
R.J. Donovan Correctional Facility



20

PRIORITY DUCAT                    DATE
VALID DURING HOURS OF ASSIGNMENT
FAILURE TO SHOW CAN RESULT IN A CDC 115
CDC#: C-58483  Name: Stephen                    Room: 131B
PASS TO                    GLASSES EXAM
REASON                    Nurse, Medical Appt
TIME:                    8:00 AM
Job Info / Note A-Q0-DN-RM-0900-0900/1100-1800/1700-1800-Mon 2004
>> "S" Time Given During Absence From Assignment <<

19



22

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

March 28, 2005

Jimmie Stephen, C-56483
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

Dear Mr. Stephen:

The Office of the Inspector General has received your correspondence postmarked February 8, 2005. In your letter, you allege inmate John Young, T-71261, was murdered by correctional staff. Additionally, you allege your property was confiscated, and you site problems with your trust account.

A limited inquiry was conducted into the homicide of inmate Young, and it was determined that an investigation is currently being conducted by another agency; therefore, it would be inappropriate for our office to intervene at this time.

As for your property and trust account issues, we determined that these issues could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. We have therefore included your concerns in our computer database for further review and analysis. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process. If you have questions about the process or the status of your appeal, please contact your correctional counselor for advice and assistance.

Thank you for bringing your concerns to our attention.

Sincerely,

REGIS LANE
Deputy Inspector General

RL:vh:05-0011704-01

32
*Arnold Schwarzenegger, Governor*

23

Jimmie Stephen C56483
A-1169
P. O. Box 8101
Son Luis Obispo. (Californ)
93409-8101

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409



UNITED STATES POSTAGE
PITNEY BOWES
02 1M          $ 01.31⁰
0004247478    MAR 19 2008
MAILED FROM ZIP CODE 93409

United States District Court
450 Golden Gate Av
San Francisco, (Californ)
94102-3

9410233661 C004

Pages #
1-15

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

FILED

08 MAR 28 PM 12:56

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6   Court of United States District
7   state of California - Northern

10   CASE # CV-07-6379-
                      JW (PR)

13   Jimmie Stephen - M. "Belton"          "Suppressed Documents"
14          Plaintiff                        "Willfully"
15              √                  Plaintiff for "Good Cause" Request
16                                  "Supplement #2".. FRCP # 15.

17   R. "Hernandez"              1. SEE Count # 3 of "Complaint" As
18   et al Defendants               to "Plaintiff Belton".
19                               2. "Documents" ol 12-16-05 willfully
                                    Denied until 3-21-08.

20         Plaintiff Stephen Hereby Request to "Supplement
21   #2 for "Good Cause" No Prejudice to Defendants in CV-07-
22   6379-JW in U.S.D.C. n.Northern based upon "Willful" and
23   malicious "Withholding" Documents for "Access to court" and
24   "Due Process of Law".. Denied, withheld "31" months "willfully."
25         "Ngo v Woodford" 126 S.ct 2378 (2006).. Exhaustion
26   of remedies as mandatory.
27         Plaintiff states under "Warden Hernandez" Rights
28   to "Access" "Due Process" Denied, Infringed, "Willfully" "maliciously".
                                    "Exhibit # 1 & 2 & 3.

1

Exhibit #3

Until "Lira v Herrera" 427, f3n, 1164 (9th 2005)..
All Unexthausted Claims Dismissed but Exthausted
Claims Can Proceed..

Write-up of 8-8-05 Refers to Plaintiff "Belton" (Count #3)

"Witholding Grievances"
of 12-16-05..
"Received 3-21-08.."

Exhibit #1.,

In Appeal # BTM-3-05-01607 Due 11-28-05 the
Appeals Coordinator "Cota" Munoz willfully Denied Access
to "2nd Level Completed Appeal" but NEP Warned "Armoskus"
Dated 12-16-05 willfully. from Incidence of 8-8-05..

As Aforementioned "Grievance" of 12-16-05 "Stolen"
from Plaintiff "Legal, Confidential mail" When sending to
3rd Level After "Decision to "Reissue and Rehear"
All Due Process Denied. Received 3-21-08 by "Lloyd" CCI..

Exhibit #2..

On 5-16-07 Counselor "Osburo" of CMC Did will-
fully Excess Plaintiff "60 Days" for Write-up of 8-8-05
As under "Dom # 54100.18.3" this is Prohibited..

Exhibit #3..

Over "31 months" Have Passed since Order of
12-16-05 "No Rehearing" Held.. Appeal must be "Granted"
in full as 115 is "Void". by Pattern, custom, Police..

Dates #3-18..

"Copy at "Entire Order" and Grievance Enclosed"..

"Relief Requested"

1..."Granting" of "Supplement #2" Forthwith..
2.. and "Other Relief by this Court"..

Date 3-24-08
True Against Fraud or Perjury
Signature  Que Ash

# EXHibit #1

COPY of ENtIRE APPEAL of 8-8-05
WIth "ORDER" to "RE-ISSUE" REHEAR" DATED
12-16-05 AS to PlaintIff "Belton"..

ALL RIghts DENIED..

DUE PROCESS DENIED StatED IN ORDER
of 12-16-05..

AS Acts of 12-16-05 SHOW "ONGOING" PAttERN
by HERNANDEZ, CATA, AND MUNOZ to DEPRIVE of RIghts
of ACCESS bY GRIEVANCE. Etc.

PAttERN CustoM. Policy..

EXHibits #1-3..

3

ARNOLD SCHWARZENEGGER, Governor

TE OF CALIFORNIA—YOUTH AND      T CORRE    RAL AGENCY

0163

PARTMENT OF CORRECTIONS
CHARD J. DONOVAN CORRECTIONAL FACILITY
D. Box 799006
n Diego, CA  92179-9006


April 25, 2005


Mr. Jimmie Stephen
C-56483
F3-13-105U

Dear Mr. Stephen:

I am in receipt of four Inmate/Parolee Appeals (CDC forms 602) as listed below:

- May 26, 2004, requesting half-time credits be applied retroactively to 1989;
- June 4, 2004, requesting family visits, adult magazines, etc.;
- June 10 , 2004, regarding Inmate Trust Account Statements;
- August 27, 2004, requesting to see an Optometrist.

Your documentation has been forwarded to the Appeals Coordinator for review.  As you are aware, an inmate under the jurisdiction of the California Department of Corrections (CDC) who feels that any departmental decision, action, condition, or policy which they can demonstrate has an adverse effect upon their welfare may submit an Inmate/Parolee Appeal (CDC form 602) seeking relief from the adverse condition.   The CDC has a procedure established by law to process the request for grievance up to the Director's level of review.

If you have any questions or need additional information, please contact the Appeals Office via institutional mail.

Sincerely,


ROBERT J. HERNANDEZ
Warden

cc:    A. Cota, Appeals Coordinator

3A

## INMATE APPEAL ROUTE SLIP

To: F3                                                    Date: October 17, 2005

From: INMATE APPEALS OFFICE                                    14-129~

Re: Appeal Log Number RJD-3-05-01607 By Inmate STEPHEN, C56483

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 11/28/2005
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin
your response with: GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete
will be returned to the responding staff for appropriate completion. Refer to D.O.M.
54100 for instructions.


J. T. Stovall
Inmate Appeals Coordinator
R.J. Donovan Correctional Facility                          MCMAHAN

                                                            4

DATE:                    November 16, 2005

NAME:          –  · STEPHEN, J.

CDC:                    C-56483

APPEAL #:              05-1607            SECOND LEVEL REVIEW

APPEAL DECISION:      PARTIALLY GRANTED

APPEAL ISSUE:          You are appealing a Serious CDC-115 Rules Violation Report (RVR), Log No. F3-05-410, dated August 8, 2005, in which you were found guilty of violating California Code of Regulations (CCR) Title 15, Section 3005(a) Conduct: Stalking. You contend that the charge of Stalking was not substantiated, the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail", a conflict of interest existed with the Senior Hearing Officer (SHO) and that you were not provided a copy of the letter intercepted by the Mailroom Supervisor and turned over to the Security and Investigations Unit.

Specifically, you request a "conflict of interest be declared" against the SHO, Correctional Lieutenant R. Shelar and that the RVR be dismissed.

APPEAL RESPONSE:      In reaching a decision on this matter, a thorough review of your appeal and the attached documentation was conducted. Applicable sections of the CCR were also reviewed. Additionally, on November 16, 2005, you were interviewed by Lt. D. McMahan regarding your appeal. During the interview you reiterated the statements in your appeal and presented no further evidence or information.

Mr. Stephen, a review of the processing of your CDC-115 indicates all time constraints were met, but there appears to be a due process issue in that you were not provided a copy of the handwritten letter you allegedly wrote to Correctional Officer Belton, which was intercepted by Mailroom Supervisor J. McNeil. During the hearing the SHO acknowledged the letter was unavailable, but stated it was not considered as evidence in the hearing. However, item #1 of the SHO's Findings makes direct reference to the letter and its contents as part of the culpatory evidence. Additionally, the letter is referenced by multiple witnesses in the Investigative Employee's Report and appears to be the key link between you, the log which was subsequently discovered in your cell and the Stalking charge. Therefore, you were entitled to a copy of that letter prior to your hearing.

Your claim that the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail" is without merit. The term "Legal Mail" applies to correspondence between inmates and attorneys. The envelope in question was an interdepartmental "U-Save-Em" envelope addressed to a staff member. You also failed to show that a conflict of interest resided in the SHO. Finally, the issue of whether or not the charge of Stalking can be substantiated is moot in that a new hearing will be ordered for the RVR.

STEPHEN, J. #C-56483
Appeal Log #05-1607 –
Page 2


Your request that a "conflict of interest be declared" against the SHO and that the
RVR be dismissed is denied.  However, the RVR is ordered Re-issued/Reheard to
comply with due process concerns.    Therefore, your appeal is PARTIALLY
GRANTED at this Second Level of Review.



S. ARMOSKUS
Chief Deputy Warden

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**                                             [ 410 ]

| CDC NUMBER | INMATE NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. | (1) | | RJDCF | 13-105U | F3-05-410 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | Unit #13 | 08/08/05 | 13:30 |

CIRCUMSTANCES

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himself, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.

MHSDS: CCCMS

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R. VASQUEZ, Correctional Officer | 8-15-05 | S & I "A", ISU | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J. N. CLARKE, Sergeant | 8-16-05 | DATE 08/09/05 | LOC. F2-06-118L |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | E(7) | 8-16-05 | J.W. DRESBACH, Facility Captain | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 8/16/06 | TIME 1210 | TITLE OF SUPPLEMENT | N/A | | |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

HEARING

Inmate issued copies of copies of all documents; including envelopes, signatures, etc. this date: 9-3    Issued by: _____    Time: 110 hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCCMS level of care. STAFF ASSISTANT: Not assigned per CCR 3315(d)(2)(A)1,2,3. INVESTIGATIVE EMPLOYEE: C/O Diaz was assigned and her report was taken into consideration.
WITNESSES: None requested for this hearing. INMATE PLED: NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up."
FINDINGS: GUILTY of CCR 3005(a) CONDUCT, Specifically: STALKING (Behavior which endangers another person), based on:th
- The RVR, authored by C/O Vasquez, dated 8-8-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton. ISU Officer Billingsley and I conducted a search of Inmate STEPHENs cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she di

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | HEARING CONTINUED ON PART-C   page 1 of 2 | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) R. J SHELAR, nLieutenant | SIGNATURE | DATE 9-15-05 | TIME 1940 |
| REVIEWED BY: (SIGNATURE) J. W. DRESBACH, Facility Captain | DATE 9-20-05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE B. OLIVERO, Associate Warden | DATE 9-26-05 |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |

DC 115 (7/88)

7

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                             PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN, J. | F3-05-410 | RJDCF | 9-13-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

IE (continues)...........

STAFF WITNESS STATEMENT: Mailroom Supervisor, J. McNeil: "On 8-5-05, while performing my duties as the Institutions Mailroom Supervisor, I intercepted a handwritten letter in a U SAVE 'EM envelope addressed to C/O Belton. I called Correctional Sgt. J. Clarke of the Investigative Service Unit (ISU) briefly explaining to him of the letter I intercepted in the Mailroom addressed to C/O Belton. I explained to Sgt Clarke I did not want to talk to him over the phone and preferred talking to him in person. During my meeting with Sgt. Clarke, I turned over the U SAVE 'EM envelope and the letter addressed to C/O Belton to him."

INMATE STEPHEN, J. C-56483 has the following questions for Mailroom Supervisor J. McNEIL:

Q: "What did you do when you received the letter?"
A: "I called the Squad."

Q: "Who was present at the time the letter was found or opened?"
A: "No one."

Q: "Was the alleged victim present when the letter was opened?"
A: "No."

Q: "What did the envelope contain?"
A: "A letter in a U SAVE 'EM and another U SAVE 'EM with her name on the return envelope."

Q: "Was there any markings, or other names on the envelope than the victim C/O Belton?"
A: "Her first initial and her last name."

INMATE STEPHEN has the following questions for ISU Officer A. Vasquez:
Q: "What did you do when the letter was received?"
A: N/A.

Q: "Who was present at the time the alleged letter was found?"
A: N/A

Q: "Was the alleged victim present when the letter was opened?"
A: "No."

Q: "What did the envelope contain?"
A: "A letter in a envelope."

Q: "Was there any markings or names other than victim?"
A: "Yes."

COPY of IE Issued to I/M by:_____   Date:_____   Time:_____

| | SIGNATURE OF WRITER<br>M. Diaz, Correctional Officer | DATE SIGNED<br>9-13-05 |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

8

DC 115-C (5/95)                                                             OSP 99 25062

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. (1) | 3005(a) | 8/08/05 | RJDCF | F3-05-410 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. — INMATE'S SIGNATURE ► N/A — DATE

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. — INMATE'S SIGNATURE ► N/A — DATE

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION N/A

☐ I REVOKE my request for postponement. — INMATE'S SIGNATURE ► — DATE

## STAFF ASSISTANT

STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE — INMATE'S SIGNATURE ► — DATE

☐ ASSIGNED | DATE | NAME OF STAFF

☐ NOT ASSIGNED | REASON

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE ☒ REQUESTED ☐ WAIVED BY INMATE — INMATE'S SIGNATURE ► *Jimmy Stephen* — DATE 9-16-05

☒ ASSIGNED | DATE 9-7-05 | NAME OF STAFF M. DIAZ, CORRECTIONAL OFFICER

☐ NOT ASSIGNED | REASON

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 9-7-05, at approximately 1045 hours, I informed Inmate STEPHEN, CDC# C-56483 that I was a fact finder for the Senior Hearing Officer and my function was to gather pertinent information, question staff and/or inmates, and submit a written report. Inmate STEPHEN stated he understood my position as the Investigative Employee and had no objection to my assignment.

DEFENDANT'S STATEMENT: Inmate STEPHEN, J., C-56483: "I'm not guilty, it was not mine."

REPORTING EMPLOYEE'S STATEMENT: "On 8-8-05, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN, J., C-56483, F3-13-105U, stalking C/O Belton. On 8-5-05, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to C/O Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himself, and the letter contained instructions for C/O Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer R. Billingsley and I conducted a search of I/M STEPHEN's Cell F3-13-105. During our search, we discovered a chronological log when C/O Belton worked in H/U #13 and her demeanor towards him when she did. As a result, we placed I/M STEPHEN in Ad-Seg. This concludes my statement."

COPY OF IE Issued to I/M by: _____ Date: _____ Time: _____

IS CONTINUED on PART-C    page 1 of 2

M. Diaz, Correctional Officer
INVESTIGATOR'S SIGNATURE ► _____ DATE 9-10-05

COPY OF CDC 115-A GIVEN INMATE | BY (STAFF'S SIGNATURE) | TIME 200 | DATE 8-16-05

CDC 115-A (7/88)

— If additional space is required use supplemental pages —

OSP 03 74846

7

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN, J. | F3-05-410 | RJDCF | 9-20-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

Hearing (continues)......

Findings (continue)......

2. The I.E Report which reiterates the statements in the RVR.

33. Inmate STEPHEN's statement during the hearing that the log was his.

4. The Chronological log I/M STEPHEN maintained dating back to at least 12-25-03, in which he details specific dates when Officer Belton was assigned to Fac.3, his conversation and other interactions with her on those dates, and her response to him or toward him.

NOTE: The letter referred to in the RVR which alerted ISU Staff to I/M STEPHEN's activities regarding Officer Belton was not available at the time of the hearing, and I/M STEPHEN was not supplied a copy of it. The SHO also was not provided a copy of this letter, and therefore, it was not considered as evidence in this hearing. I/M STEPHEN's was established as the author of the chronological log by his statements during the hearing, specifically; "The log might have been mine. I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." Inmate STEPHEN's claim to have been keeping track of the staff assigned to his building is not credible in that he did not note any other staff names, nor did he make daily entries. His entries were specific to C/O Belton and the dates she was assigned to Fac.3. In the hearing I/M STEPHEN stated the entries only referred to the subject as "B" and claimed that the entries were not about C/O Belton, but were about another person by the name of "Bonner". The name Bonner appears on an undated page in the log, however on that same page I/M STEPHEN's has made an entry listing his housing as D4-228, clearly not a bed number for the RJDCF, and written a statement that he is "scheduled to go to Donovan soon." Also, there are no C/O's of that last name who were employed at RJDCF during the time frame of the log. When asked by this SHO who Bonner was, I/M STEPHEN was evasive and merely stated "some person". This SHO therefore deems this statement not credible.

Taken together, the aforementioned evidence constitutes a preponderance of evidence, which supports a finding of Guilty of CCR 3005(a) Conduct, Specifically; Stalking (Behavior which endangers another person).

DISPOSITION: Assessed 60 days Time Credit forfeiture for a Division E-7 offense.
Assessed 60 days Loss of Privileges from 9-15-05 thru 11-114-05 to include no family visits, evening dayroom/yard, special purchases, quarterly packages, nor non-emergency calls.
Reprimanded and counseled that this type of behavior will not be tolerated.
Refer to Classification for program/housing review.
The inmate was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer, and of his appeal rights per CCR 3084.1; and further advised of the credit restoration and disciplinary-free period requirements per CCR 3327/3328.

| SIGNATURE OF WRITER  R.J SHELAR, Correctional Lieutenant | DATE SIGNED  9-15-05 |
|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

*10*

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

*"3.084.7"    05-1(05)*    **1**
    **67**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME *Jimmie Stephen*    NUMBER *C56483*    ASSIGNMENT *AD-Sg*    UNIT/ROOM NUMBER *7-146*

A. Describe Problem: On 9-15-05 found "Guilty" by "Lt Shelar" without Allege(s) "Letter" "Envelope" front no Back to show Legal mail sealed by Staff no front of Letter States Confidential, Legal mail, to be Alleged Employee and opened, by J. McNeil without the Victim Presence etc., this Evidence Covered-up deprived plaintiff of Documentary Evidence to prove Innocense, Rights deprived "Wolff v McDonell" 418, US, 539 (1977)

If you need more space, attach one additional sheet.    Title 15 Art 5658, 2932, 3335, 3320-L

PLC505etc. ① Conflict of Interest Deprived Against Lt Shelar
no pecdis Interintcon "exist and He (Cnow of) by plaintiff.
Conflict of Interest. ② 115 is Invalid as Evidence Doesn't
show Statement of "Im in Love" etc. ③ Dismissal of 115. ◄

Inmate/Parolee Signature: *Jimmie Stephen*    Date Submitted: 9-20-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

*115 # F3-05-410..*

*11*

First Level     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                                 Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level     ☐ Granted     ☒ P. Granted     ☐ Denied     ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: OCT 1 7 2005 _____ Due Date: NOV 2 8 2005

☐ See Attached Letter

Signature: _____ Date Completed: 11/22/05  NOV 2 9 200

Warden/Superintendent Signature: _____ Date Returned to Inmate: NOV 2 9 200

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____
☐ See Attached Letter
                                                                Date: _____

CDC 602 (12/87)

12

ON 9-15-05 I Plantiff JIMMIE STEPHEN was found "Guilty" by "Lt SHELAR" of "Stalking" officer "M. Belton" a "Potential witness" IN CASE # 84-0064-CIC.. as Elements of "Stalking" was not MET or "CANNot be MET".. as "No Deceitful" nor "CRIMINAL Purpose" Shown by Alleged Log.. Neither is there a "Victim". Nor Charge of "Stalking" IN Title 15..

## "Cause of action"

this action Alleged began on 8-5-05 by a "J. McNeil" of mailroom Supervisor, whom Has Violated "federal Laws" by "maliciously opening" Property marked "Legal mail" as shown by "Lt SHELAR" as Evidence used for Guilt on 9-15-05.. AND "Suppressing" Letter, "Envelope" for "Defense".

## "Victim"

There is "No Victim" IN this matter or an "Intent" to "Harass" "to Stalk" or "Complaint" by Victim". If NAME "Bonner" or "Belton" Documents are Referring too..

## Conflict of Interest

① "McNeil" gave Alleged "Letter", "Envelope", ect to "Sgt Clarke a "Defendant IN CIC-84-0064.. Conflict Exist.
② "Lt SHELAR" Hearing officer of 9-15-05 Pending Lawsuit and 13 others being "Held by Court," because Present Lawsuit Against their "attorney" the "Attorney General" office for filing false Documents"". Conflict exist

## "ENTIRE CASE Contaminated"
TRUE Against Fraud or Perjury

Date 9-19-05                    Signature
                                                        13

EXHibit #2

Copy of memo from Counselor "Clopo"
Dated 3-21-08 of Retewing these
Documents

14

STATE OF CALIFORNIA
**OFFICE MEMO**
STD. 100 (REV. 4-95)

DATE 3/21/08

TO

Stephens

ROOM/STA. NO.

FROM

D. Lloyd CCI

PHONE NUMBER    CALNET

ROOM/STA. NO.

SUBJECT

FYI —

I you need something like
this — JUST SUBMIT AN
INMATE REQUEST — It's much
faster (#1) and Appeals would have
rejected it — telling you to submit
a request to your counselor. —

I checked your disciplinary section
& could not find the "re-issued/
re-heard 115 for this case. If this
did not happen you must submit
your appeal to RJD not CMC —
RJD did not comply w/ the
mod order.

85 26511

15

EXHIBIT #3

Conp of "Legal Status Dated 6-14-07
ADDing "60" Days to APPeal of 8-8-05
for "Recall and Rehearing" of 12-16-05..
    this Act by counselor "Oshiro" is
Illegal under DOM # 54100.18.3..
    Page #2 states 60 Days found in Audit
of 6-14-07..

16

LEGAL STATUS SUMMARY TYPE- D    CMC    ** DIST 'PANT **06/14/2007 21:35

| CDC NUMBER | NAME | | ETHNIC | BIRTHDATE |
|---|---|---|---|---|
| C56483 | STEPHEN,JIMMIE,EARL | 1149X | BLA | 07/18/1952 |

ACA STEPHENS,JIMMIE
ACA STEPHENS,JIMMIE,EARL

| TERM STARTS | LIFE TERM STARTS | MIN ELIGIBLE PAROLE DTE | |
|---|---|---|---|
| 04/22/1991 | 10/09/2001 | 10/09/2011 | |

|  | PAROLE PERIOD |
|---|---|
| BASE TERM 15/00 + ENHCMNTS  20/00 = TOT TERM  35/00 TO LIFE | LIFE |

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT   TOT

| A714077 | 674 | | | | 336 | | 11 | 1021 |
|---|---|---|---|---|---|---|---|---|

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

**INMATE COPY**

DOC. HEARING:      /         DEFENSE ATTORNEY: KESSEL, A.
INIT. HEARING: 09/2010     INVESTIGATING AGENCY:  PD/LA

| RECV DT/ COUNTY/ | CASE | SENTENCE DATE | CREDIT | OFFENSE |
|---|---|---|---|---|
| CNT | OFF-CODE | DESCRIPTION | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE    (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
4/22/1991  LA    A714077     4/10/1991
            03 P667.5(B) PPT-NV                    1
            03 P667(A)    01 PFC SERIOUS           1
  01 P187 2ND   MURDER 2ND                        32   06/06/1989
            (O)WPN
            12022.5 USE                            1

| IWTIP WAIVER | | BEGINNING | CREDIT | TOTAL | TOTAL | NET |
|---|---|---|---|---|---|---|
| DATE | | BALANCE | APPLIED | LOST | RESTORED | TOTAL |
| 04/22/1991 | | 0 | 2537 | 360 | 270 | 2447 |

CREDITS AUTO RE-VESTED PER PC-2934 :    5

| TRAN | | | | RULE | VIOL | |
|---|---|---|---|---|---|---|
| TYPE | DATE | END DATE | LOG NUMBER | NUMBER | CAT | DAYS |
| WCL | 01/26/1993 | | 0193B49 | 3005(B) | F | 30 |
| WCL | 08/25/1993 | | 0893D066 | 3005(B) | F | 30 |
| WCL | 02/14/1995 | | 0295D041 | 3005(B) | F | 30 |
| WCL | 04/28/1995 | | 0495D080 | 3005(C) | B | 150 |
| WCG | 04/22/1991 | 12/31/1996 | | | | 916 |

****** CONTINUED ******

17

LEGAL STATUS SUMMARY - COMBINATION PAGE    Case 3:08-cv-00789-... Document 1-3 Filed 03/28/2008 Page 19 of 20

| CDC NUMBER | NAME |
|---|---|
| C56483 | STEPHEN,JIMMIE,EARL |

| | | | | | | |
|---|---|---|---|---|---|---|
| WCL | 02/21/1997 | | A97020035 | 3012 | F | 30 |
| WCR | 06/19/1997 | | 0193B49 | | | 30 |
| WCR | 06/19/1997 | | 0893D066 | | | 30 |
| WCR | 06/19/1997 | | A97020035 | | | 30 |
| WCR | 03/24/1999 | | 0495D080 | | | 150 |
| WCG | 01/01/1997 | 12/31/1999 | | | | 981 |
| WCG | 01/01/2000 | 09/30/2001 | | | | 639 |
| WCG | 09/30/2001 | 09/30/2001 | ADJ | | | 1 |
| WCL | 08/08/2005 | | F305410 | 3005(A) | E | 60 |
| WCL | 10/04/2006 | | F206567 | 3005(B) | F | 30 |
| WCR | 04/24/2007 | | F206567 | | | 30 |

## INMATE COPY

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | DAYS | | |
|---|---|---|---|---|---|---|---|
| | | | | | ASSESS | LOST REST | DEAD |
| CON | 02/01/1983 | | ******BEG BAL******* | | | | |
| ADD | 11/19/1982 | | A623116 | | | | |
| ADD | 12/21/1984 | | A755003 | | | | |
| ADD | 04/22/1991 | | A714077 | | | | |
| ADD | 04/22/1991 | | A714077 | | | | |
| | CURRENT PC BALANCE: | 457 | | CURRENT BC BALANCE: | 1370 | | |

60 day WCL Not previously entered found during Audit

18

JIMMIE STEPHEN C56483
A-1149
P. O. BoX 8101
SAn LuIs ObisPo. CAliforNiA
            93409-8101

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
PITNEY BOWES
$00.920
02 1M          MAR 26 2008
0004247478
MAILED FROM ZIP CODE 93401

UNITED STATES DistRict Cou
450 GoldeN GATE Ad
SAN FRANCISO, CAliforNiA

3-24-08

U.S.D.C. -N
450 Golden Gate Av
San Francisco Cal.

Please Send "Status" of 3 following Cases

1.. "Steltler v Hernandez" CV-07-6379-JW
2.. "Steltler v Hoxie" CV-08-6744-JW
3.. "Steltler v Brand" CV-08-0957-JW

RECEIVED
MAR 0 8 2008
RICHARD W. WIEKING
CLERK, U.S. DIST. COURT
NORTHERN DISTRICT OF CALIFORNIA

A.. I Need "Docket Sheets" if available
or Total number Motions "filed".?
for "Access to Court".

B.. "Status" of Each Case" ??

C.. "Ruling Date of each Case" ??

"Bounds v Smith" 430. US. 817 (1977)..
"Biggs v Terhune" 334. F.3d. 910 (9th 2003)..
True against Brand on Pleading

Date 3-25-08



JIMMIE SHEPHERD (36013)
A-1149
P. O. Box 8101
San Luis Obispo, California
93409-8101

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
$ 00.41⁰
PITNEY BOWES
02 1M
0004247478    MAR 28 2008
MAILED FROM ZIP CODE 93401

LEGAL

United States District Court
450 Golden Gate Av
San Francisco, California 9
3

94102$3661 C004

NO

3-26-08
RECEIVED

2008 MAR 31  PM 3:26

RICHARD W. WIEKING
CLERK
U.S. DSTRICT COURT
NO. DIST. OF CA. S.J.

Jimmie Earl Stephen    C56483
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409-8101

CV07-06379 JW

3 - PENDING CASES

CLERK:

I RECEIVED on 3-25-08 COPY of DOCUMENT
ENTITLED "SELECT A CASE" WHAT IS this for ??
WHO REQUESTED this DOCUMENT ? ELL..

on A "STEPHEN) J HOXIE" CV-08-0744-JW)
WAS "NOT LISTED" PLEASE GIVE REASON..??

IS this CASE on "COMPUTER" ??

AS I HAVE "3 CASES" on A "STEPHEN) J ROLMS"
IS "NOT" PENDING..??

IS this on EMAIL..
thank you PLEASE RESPOND

JIMMIE STEPHEN) C56983
4-1149
P. O. BOX 8101
San LUIS Obispo, CALIFORNIA
93409-8101

**CALIFORNIA MEN'S COLONY STATE PRISON**
**P.O. BOX 8101**
**SAN LUIS OBISPO, CA 93409-8101**

Name: _JIMMIE STEPHEN_

CDCR #: _C56483_ Cell #: _A-1149_



CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

UNITED STATES POSTAGE
PITNEY BOWES

02 1M
0004247478        $ 00.41°
                  MAR 27  2008
MAILED FROM ZIP CODE 93401

# STATE PRISON
# GENERATED MAIL

United States District court
280 South 1st st Rm
San Jose. California 95113

FSP41-0077-1                    95113+3008 C060

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JIMMIE EARL STEPHEN,                    )        No. C 07-06379 JW (PR)
                                              )
12               Plaintiff,                   )        ORDER OF TRANSFER
                                              )
13         vs.                                )
                                              )
14    R. HERNANDEZ, et al.,                   )
                                              )
15               Defendant(s).                )
                                              )        (Docket Nos. 2, 5, 9, 11 & 13)
16    _____       )

17

18          Plaintiff, an inmate currently incarcerated at the California Men's Colony

19    ("CMC") State Prison in San Luis Obispo, filed a pro se civil rights complaint

20    pursuant to 42 U.S.C. § 1983, alleging that prison officials at R. J. Donovan

21    Correctional Facility at Rock Mountain ("RJD") in San Diego, California, violated

22    his constitutional rights under the First, Fifth and Fourteenth Amendments in the

23    processing of various inmate appeals which plaintiff filed while housed at RJD.

24          Venue may be raised by the court *sua sponte* where the defendant has not

25    filed a responsive pleading and the time for doing so has not run. See Costlow v.

26    Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded

27    solely on diversity, venue is proper in (1) the district in which any defendant resides,

28    if all of the defendants reside in the same state; (2) the district in which a substantial

Order of Transfer
G:\PRO-SE\SJ.JW\CR.07\Stephen06379_transfer.wpd

**United States District Court**
For the Northern District of California

1   part of the events or omissions giving rise to the claim occurred, or a substantial part

2   of the property that is the subject of the action is situated; or (3) a judicial district in

3   which any defendant may be found, if there is no district in which the action may

4   otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the

5   district court has the discretion to either dismiss the case or transfer it "in the interest

6   of justice." See 28 U.S.C. § 1406(a).

7        It is clear from the instant complaint and the attachments thereto that a

8   substantial part of the events or omissions giving rise to plaintiff's claims arise out

9   of actions alleged to have been committed at RJD by RJD officials. RJD is located

10  in San Diego, California. San Diego is located within the venue of the Southern

11  District of California. See 28 U.S.C. § 84(d). As a result, venue is proper in the

12  Southern District of California, not in the Northern District.

13       Accordingly, in the interest of justice, the above-titled action is hereby

14  TRANSFERRED to the United States District Court for the Southern District of

15  California. In light of the transfer, this Court will defer to the Southern District with

16  respect to plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2),

17  motion "to proceed by order as to imminent danger exception," (Docket No. 9), and

18  motion to appoint counsel (Docket No. 13). Accordingly, the clerk shall terminate

19  as moot Docket Nos. 2, 9 and 13 from this Court's docket.

20       For the reasons stated above, plaintiff's motions regarding venue (Docket

21  Nos. 5 & 11) are DENIED to the extent he is requesting this Court to retain

22  jurisdiction in this matter despite it being the improper venue.

23       The clerk shall transfer this matter and close the file.

24

25  DATED: _____April 7, 2008_____

26                                          JAMES WARE
                                            United States District Judge
27

28

Order of Transfer
G:\PRO-SE\SJ.JW\CR.07\Stephen06379_transfer.wpd        2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JIMMIE STEPHEN,

              Plaintiff,

   v.

R. HERNANDEZ, et al.,

              Defendants.

_____/

Case Number: CV07-06379 JW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____4/10/2008_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jimmie Earl Stephen C56483
California Men's Colony State Prison
P. O. Box 8101
San Luis Obispo, Ca 93409-8101


Dated: _____4/10/2008_____

                         Richard W. Wieking, Clerk
              /s/ By: Elizabeth Garcia, Deputy Clerk

**UNITED STATES DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

www.cand.uscourts.gov

Richard W. Wieking                                              General Court Number
Clerk                                                              408.535.5364

April 22, 2008

Address:
U.S. District Court
Southern District of California
Office of the Clerk
880 Front Street, Suite 4290
San Diego, CA 92101-8900

RE: CV 07-06379 JW Stephen -v- R. Hernandez

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith
are:

☒   Certified copy of docket entries.

☒   Certified copy of Transferral Order.

☒   Original case file documents.

☒   Please access the electronic case file for additional pleadings you may need.  See
     the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by: Cindy Vargas
Case Systems Administrator

Enclosures
Copies to counsel of record

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Jimmie Stephen**

FILING FEE PAID
Yes ☐  No ☑

IFP MOTION FILED
Yes ☑  No ☐

COPIES SENT TO FILIN

Concur. Pro

DEFENDANTS

**Hernandez, et al**

**FILED**
APR 28 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Luis Obispo
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jimmie Stephen
PO Box 8101
San Luis Obispo, CA 93409
C-56483

**ATTORNEYS (IF KNOWN)**

**'08 CV 0789 BTM LSP**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☑ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☑ 5 Transferred from another district (specify) NOR CAL  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE                                   Docket Number

| DATE  4/28/2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| | R. Mully |